UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, ET AL.,<br><br>                              Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS. | Case No.: 3:23-cv-00541-LL-BGS<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of this District's Civil Local Rules, on January 24, 2024, a Case Management Conference (CMC) was held with the United States and City of San Diego. (ECF 60.) Previously, on November 20, 2023, Magistrate Judge Bernard G. Skomal held an Early Neutral Evaluation with all parties. (ECF 54.) Following that, on January 22, 2024, Judge Skomal held a Settlement Conference with the United States, San Diego Port Authority, and San Diego Unified Port District. (ECF 58.) Judge Skomal then held a Settlement Conference and a CMC with the United States and City of San Diego on January 24, 2024. (ECF 59.) On February 7, 2024, Judge Skomal held a Status Conference Regarding Settlement with the United States, San Diego Port Authority, and San Diego

United Port District. (ECF 60.) Those parties reached a settlement in principle. (*See id.*) As a result, this Court exempts San Diego Unified Port District and San Diego Regional Airport Authority from this Scheduling Order. (*See id.*) The United States is also exempt from this Scheduling Order as regards those parties. (*See id.*) After consulting with the attorneys of record for the Parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

    1.    Counsel[1] shall refer to Judge Lopez's Chambers Rules for Civil Cases, as well as the undersigned magistrate judge's chambers rules, which are accessible via the Court's website at www.casd.uscourts.gov.

    2.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed before Judge Lopez on or before **March 22, 2024**. All fact discovery shall be completed by all parties on or before **August 7, 2024**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without Court intervention through the meet-and-confer process. Counsel shall follow the procedures outlined in the assigned magistrate judge's Chambers Rules to **timely** raise the dispute. Discovery limits in the Federal Rules of Civil Procedure and Civil Local Rules, including Federal Rule of Civil Procedure 33(a)(1), Civil Local Rules 33.1.a, and 36.1.a shall apply. Absent prior leave of Court to exceed these limits, the Court will not consider any discovery dispute arising from discovery requests in excess of these limits.

---

[1] References to "counsel" throughout this order include any party representing himself or herself.

3. The parties shall designate their respective experts in writing on or before **September 7, 2024**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The deadline for exchange of rebuttal experts shall be on or before **September 20, 2024**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **October 21, 2024**. Any contradictory or rebuttal information shall be disclosed on or before **November 21, 2024**. In addition, Federal Rule of Civil Procedure 26(e) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All expert discovery shall be completed by all parties on or before **December 20, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. All pretrial motions, which includes *Daubert* motions but excludes motions in limine, shall be filed on or before **January 21, 2025**. Counsel for the moving party shall set the motion hearing date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Lopez's chambers for a motion hearing date. The parties should review Judge Lopez's Chambers Rules for Civil Cases for the additional requirements for noticed motions before Judge Lopez.

Pursuant to Civil Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Civil Local Rule 7.1.e.2 or face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1.f.3.c.

7. A Mandatory Settlement Conference shall be conducted on **February 26, 2025** at **2:00 p.m.** in the chambers of **Magistrate Judge Bernard G. Skomal**. All parties are ordered to read and to fully comply with the chambers rules of the assigned magistrate judge. All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[2] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others who are not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

permission to be excused from attending the MSC must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

8.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to the magistrate judge's chambers on or before **February 19, 2025**. Counsel should include in their brief the names and titles of all participants, including attorneys and client representatives, expected to participate in the conference on behalf of their client(s). The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

9.  For bench trials before Judge Lopez, counsel shall file their Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f) and take any other action required by Civil Local Rule 16.1(f) on or before **April 24, 2025**. In jury trials before Judge Lopez, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f).

10. Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **April 17, 2025**. **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.**

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) on or before **April 24, 2025**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

b. A list of the causes of action to be tried, referenced to the complaint (and counterclaim if applicable). For each cause of action, the order shall succinctly list the elements of the claim, damages/remedies, and any defenses. A cause of action in the complaint (and/or counterclaim) which is not listed shall be dismissed with prejudice.

c(1). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(2). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(3). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. Plaintiff's exhibits must be identified numerically, starting with "1," and Defendant's alphabetically, starting with A to Z, then AA to AZ, then BA to BZ, etc.

d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.[3]

---

[3] When the proposed pretrial order is submitted to chambers, the Court prefers the trial exhibits to be jointly listed in a table format, including columns designated for exhibit numbers/letters, description of exhibits, whether there are objections to the exhibits, and grounds for objections. The joint table shall also include a column indicating whether the

     e.    A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury at the beginning of trial.

     f.    A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

     g.    Whether the case will be tried by jury or by the Court without a jury.

     h.    Estimated number of hours per side for trial.

     i.    Counsel will note any objections they have to any other parties' Federal Rules of Civil Procedure 26(a)(3) pretrial disclosures.

Counsel shall cooperate in the preparation of the proposed pretrial order. The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12.    Counsel for Plaintiff will be responsible for preparing the proposed pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **May 1, 2025**. Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel concerning any objections to form or content of the proposed pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the proposed pretrial order.

13.    The proposed pretrial order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures, shall be lodged with the district judge's chambers on or before **May 8, 2025**, and shall be in the form prescribed in Civil Local Rule 16.1(f)(6) and this Order.

---

exhibits are likely to be used or may be used at trial, or alternatively, two separate joint tables shall be created with one for exhibits likely to be used and one for exhibits that may be used.

14. The filing deadline and hearing date for motions in limine will be set at or after the final Pretrial Conference.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Linda Lopez** on **May 22, 2025** at **10:00 a.m.** in Courtroom 5D.

16. A post-trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five pages in length without leave of a district judge. No reply memorandum shall exceed ten pages without leave of a district judge. Briefs and memoranda exceeding ten pages in length shall have a table of contents and a table of authorities cited.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: February 12, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge