# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> CITY OF SAN DIEGO, SAN DIEGO UNIFIED PORT DISTRICT, and SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY, <br><br> *Defendants.* <br><br> AND RELATED CROSS-ACTIONS | Case No. 23-cv-00541-LL-BGS <br><br><br> **FRE 502(d) ORDER** <br><br> **[ECF 63]** |

1. The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in discovery conducted in this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

2. If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document and the date it was produced. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any Party that complies with this paragraph will be deemed to have

1

taken reasonable steps to rectify disclosures of privileged or protected information or materials.

3. If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with Paragraph 2 above within five business days of receiving notice from the identifying Party.

4. Upon receiving notice of a claim of privilege on a produced document, the receiving Party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

5. Notwithstanding the duties under Rule 26(b)(5)(B), absent an order expressly stating otherwise, a Party may make derivative use of, and may pursue leads suggested by, any inadvertently produced privileged information known to the Party before duty arose to return, sequester, or destroy the privileged information. The receipt of inadvertently disclosed privileged information shall not

be the basis for disqualifying counsel from this action absent a showing of bad faith in receiving the information.

      6.    If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall, within 14 days, meet and confer with the other Parties. If the Parties are unable to resolve the issue during the meet-and-confer, the Party disputing the claim of privilege shall, within 7 days of the meet-and-confer, move the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

      7.    Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing Party that such materials have been produced.

      8.    The Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to Paragraph 6, of establishing the applicability of the claimed privilege by a preponderance of the evidence.

      9.    This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

Dated: April 4, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge