1

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

3

4 UNITED STATES OF AMERICA,       )
                                  )
5           Plaintiff             )
                                  )
6                                 )
                                  )
7           v.                    )
                                  )        Case No. 3:23-CV-00541-LL-BGS
8 CITY OF SAN DIEGO; SAN          )
  DIEGO UNIFIED PORT              )
9 DISTRICT; and SAN DIEGO         )
  COUNTY REGIONAL AIRPORT         )
10 AUTHORITY,                     )
                                  )
11                                )
                                  )
12          Defendants.           )

13

14 **CONSENT DECREE BETWEEN UNITED STATES OF AMERICA AND**
15 **THE SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY AND**
   **SAN DIEGO UNIFIED PORT DISTRICT FOR RECOVERY OF THE**
16 **DEPARTMENT OF THE NAVY'S PAST CERCLA RESPONSE COSTS**

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      BACKGROUND ........................................................................................... 1
II.     JURISDICTION .......................................................................................... 2
III.    PARTIES BOUND ...................................................................................... 2
IV.     DEFINITIONS ............................................................................................ 3
V.      PAYMENT OF RESPONSE COSTS ......................................................... 4
VI.     FAILURE TO COMPLY WITH CONSENT DECREE ............................. 5
VII.    COVENANTS BY PLAINTIFF .................................................................. 6
VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES ............................. 6
IX.     COVENANTS BY SETTLING DEFENDANTS ........................................ 7
X.      EFFECT OF SETTLEMENT/CONTRIBUTION ....................................... 8
XI.     ACCESS TO INFORMATION ................................................................. 10
XII.    RETENTION OF RECORDS ................................................................... 12
XIII.   NOTICES AND SUBMISSIONS ............................................................. 12
XIV.    RETENTION OF JURISDICTION .......................................................... 14
XV.     INTEGRATION/APPENDICES ............................................................... 14
XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............... 14
XVII.   SIGNATORIES/SERVICE ....................................................................... 15
XVIII.  FINAL JUDGMENT ................................................................................ 16

# I.   BACKGROUND

A.   The United States of America ("United States" or "Plaintiff"), on behalf of the Department of the Navy ("DON"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Installation Restoration Site 12, the Boat Channel Sediments Site, at the former Naval Training Center in San Diego, California (the "Site").

B.   The United States filed the complaint in this matter against the City of San Diego and Settling Defendants (as defined below).  The City of San Diego has filed counterclaims against the United States, and crossclaims against the Settling Defendants, pursuant to Sections 107 and 113(f) of CERCLA, as amended, seeking reimbursement of response costs incurred or to be incurred for response actions at the Site, contribution, equitable allocation of response costs incurred at the Site, equitable indemnity, and declaratory relief.  The Settling Defendants have filed crossclaims against the City of San Diego pursuant to Section 113(f) of CERCLA, as amended, seeking contribution, equitable allocation of response costs incurred at the Site, equitable contribution, equitable indemnity, and declaratory relief.

C.   The Settling Defendants have filed counterclaims against the United States pursuant to Section 113(f) of CERCLA, as amended, seeking contribution, equitable allocation of response costs incurred at the Site, and declaratory relief.

D.   The United States and the Settling Defendants have negotiated this Consent Decree as part of a settlement to resolve the disputes between them in this action.

E.   The Settling Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint, and the United States does not admit any liability to Settling Defendants arising out of the

1  transactions or occurrences alleged in the Settling Defendants' counterclaims
2  against the United States.

3    D.  The United States and Settling Defendants agree, and this Court by
4  entering this Consent Decree finds, 1) that this Consent Decree has been negotiated
5  by the Parties (as defined below) in good faith, 2) that settlement of this matter
6  without further litigation and without the admission or adjudication of any issue of
7  fact or law is appropriate in light of the United States and Settling Defendants'
8  history of activity at or near the Site, the risk of the United States and Settling
9  Defendants being found liable, and possible allocation of cleanup costs, 3) that
10  settlement of this matter now will avoid prolonged, expensive, and complicated
11  litigation between the Parties, and 4) that this Consent Decree is fair, reasonable,
12  and in the public interest.

13    THEREFORE, with the consent of the Parties to this Decree, it is
14  ORDERED, ADJUDGED, AND DECREED:

15  

**II. JURISDICTION**

16    1.  This Court has jurisdiction over the subject matter of this action
17  pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and
18  also has personal jurisdiction over Settling Defendants. Solely for the purposes of
19  this Consent Decree and the underlying complaint, Settling Defendants waive all
20  objections and defenses that they may have to jurisdiction of the Court or to venue
21  in this District. Settling Defendants shall not challenge entry or the terms of this
22  Consent Decree or this Court's jurisdiction to enter and enforce this Consent
23  Decree.

24  

**III. PARTIES BOUND**

25    2.  This Consent Decree is binding upon the United States and upon
26  Settling Defendants and their successors, and assigns. Any change in ownership or
27  corporate or other legal status, including but not limited to, any transfer of assets or
28

2

real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.   DEFINITIONS

3.       Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and any appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"DON" shall mean the U.S. Department of the Navy.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"Interest" shall mean interest at the rate specified in 28 U.S.C. § 1961.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Parties" shall mean the United States and Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that DON or DOJ on behalf of DON has paid at or in

connection with the Site through February 7, 2024, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean the San Diego Unified Port District and the San Diego County Regional Airport Authority.

"Site" shall mean the Installation Restoration Site 12, the Boat Channel Sediments Site, at the former Naval Training Center in San Diego as generally shown on the map included in Appendix A.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including DON.

## V.   PAYMENT OF RESPONSE COSTS

4.   **Payment by Settling Defendants for Past Response Costs**. Within 30 days after the Effective Date, Settling Defendants shall pay to DON $2,412,029.89 plus an additional sum for Interest on that amount calculated from February 7, 2024 through the date of payment, pursuant to instructions to be provided by Plaintiff after the Effective Date.

5.   **Deposit of Payment**. The total amount to be paid pursuant to Paragraph 4 shall be deposited into the DON BRAC Account.

**Notice of Payment**. At the time of payment, Settling Defendants shall send to DON and DOJ, in accordance with Section XIII (Notices and Submissions), a notice of this payment including references to the CDCS Number, and DJ Number 90-11-3-11826.

4

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

6.    **Interest on Late Payments**. If any Settling Defendant fails to make any payment under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

7.    **Stipulated Penalty**

a.    If any amounts due under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required, $50,000 per violation per day that such payment is late.

b.    Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by DON. Settling Defendants shall make all payments at https://www.pay.gov using the "EPA Miscellaneous Payments Cincinnati Finance Center" link, and including references to the Site/Spill ID and DJ numbers listed in Paragraph 5 and send notice of this payment in accordance with Paragraph 6 (Notice of Payment). Settling Defendants shall indicate in the comment field on the https://www.pay.gov payment form that the payment is for stipulated penalties.

c.    Penalties shall accrue as provided in this Paragraph regardless of whether DON has notified Settling Defendants of the violation or made a demand for payment but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

8.    If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

9.      Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

10.     The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the insolvency of any Settling Defendant or the failure by any Settling Defendant to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

11.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII.   COVENANTS BY PLAINTIFF

12.     **Covenants for Settling Defendants by United States**. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. These covenants extend only to Settling Defendants and do not extend to any other person.

## VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES

13.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 13 (Covenants for Settling Defendants by

6

United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.   COVENANTS BY SETTLING DEFENDANTS

14. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of California, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c. any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

7

d.      any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for any costs, whether direct or indirect, incurred by the Settling Defendants at the Site as of the date of entry of this Consent Decree.

15.      Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

16.      **Waiver of Claims by Settling Defendants.** Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have against the City of San Diego related to the Site. The waiver under this Paragraph shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against the City of San Diego if the City asserts a claim or cause of action relating to the Site against such Settling Defendant.

## X.      EFFECT OF SETTLEMENT/CONTRIBUTION

17.      Except as provided in Paragraph 17 (Waiver of Claims by Settling Defendants), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendants) and Paragraph 17, each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or

1    response action and to enter into settlements that give rise to contribution
2    protection pursuant to Section 113(f)(2).

3        18.    The Parties agree, and by entering this Consent Decree this Court
4    finds, that this Consent Decree constitutes a judicially-approved settlement
5    pursuant to which each Settling Defendant has, as of the Effective Date, resolved
6    liability to the United States within the meaning of Section 113(f)(2) of CERCLA,
7    42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from
8    contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as
9    may be otherwise provided by law, for the "matters addressed" in this Consent
10   Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

11       19.    The Parties further agree, and by entering this Consent Decree this
12   Court finds, that the complaint filed by the United States in this action is a civil
13   action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. §
14   9613(f)(1), and that this Consent Decree constitutes a judicially-approved
15   settlement pursuant to which each Settling Defendant has, as of the Effective Date,
16   resolved liability to the United States within the meaning of Section 113(f)(3)(B)
17   of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

18       20.    Each Settling Defendant shall, with respect to any suit or claim
19   brought by it for matters related to this Consent Decree, notify DON and DOJ in
20   writing no later than 60 days prior to the initiation of such suit or claim. Each
21   Settling Defendant also shall, with respect to any suit or claim brought against it
22   for matters related to this Consent Decree, notify DON and DOJ in writing within
23   10 days after service of the complaint or claim upon it. In addition, each Settling
24   Defendant shall notify DON and DOJ within 10 days after service or receipt of any
25   Motion for Summary Judgment, and within 10 days after receipt of any order from
26   a court setting a case for trial, for matters related to this Consent Decree.

27       21.    In any subsequent administrative or judicial proceeding initiated by
28   the United States for injunctive relief, recovery of response costs, or other relief

relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI.   ACCESS TO INFORMATION

22.   Settling Defendants shall provide to Plaintiff, upon request, copies of all records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Site, or activities associated with stormwater discharged to the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Site.

23.   **Privileged and Protected Claims**

a.   Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided they comply with Paragraph 24.b, and except as provided in Paragraph 24.c.

b.   If Settling Defendants assert a claim of privilege or protection, they shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendants shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendants shall retain all Records that they claim to be

privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendants' favor.

        c.      Settling Defendants may make no claim of privilege or protection regarding:

        (1)     any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

        (2)     the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

24.    **Business Confidential Claims**. Settling Defendants may assert that all or part of a Record submitted to Plaintiff under this Section or Section XII (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim. Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to DON, or if DON has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

25.    Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XII.  RETENTION OF RECORDS

26.     Until 10 years after the Effective Date, each Settling Defendant shall preserve and retain all non-identical copies of records now in its possession or control or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site, including all records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

27.     At the conclusion of the record retention period, Settling Defendants shall notify Plaintiff at least 90 days prior to the destruction of any such Records, and, upon request by Plaintiff, and except as provided in Paragraph 24 (Privileged and Protected Claims), Settling Defendants shall deliver any such Records to Plaintiff.

28.     Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all DON requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XIII.  NOTICES AND SUBMISSIONS

29.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email in accordance

with this Section satisfies any notice requirement of the Consent Decree regarding
such Party.

**As to DOJ**:                eescdcopy.enrd@usdoj.gov
                             Re: DJ# 90-11-3-11826

**As to DON**:

                             Anthony Megliola
                             Director - BRAC Program Management Office West
                             Naval Facilities Engineering Systems Command

                             Department of Navy, Office of General Counsel
                             Naval Litigation Office
                             (Attention: Michael D. Tencate)
                             Assistant Director for Affirmative Claims
                             720 Kennon Street SE
                             Bldg 36, Rm. 233
                             Washington Navy Yard, 20374-5013

**As to Settling Defendants**:

                             Randa Coniglio
                             Acting President and Chief Executive Officer
                             San Diego Unified Port District
                             3165 Pacific Highway
                             San Diego, CA 92101
                             rconiglio@portofsandiego.org

                             Thomas A. Russell
                             General Counsel
                             San Diego Unified Port District
                             3165 Pacific Highway
                             San Diego, CA 92101
                             trussell@portofsandiego.org

                             Kimberly J. Becker
                             President and Chief Executive Officer
                             San Diego County Regional Airport Authority
                             3225 Harbor Drive

San Diego, CA 92101
kbecker@san.org

Amy S. Gonzalez
General Counsel
San Diego County Regional Airport Authority
3225 Harbor Drive
San Diego, CA 92101
agonzalez@san.org

## XIV.  RETENTION OF JURISDICTION

30.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.   INTEGRATION/APPENDICES

31.     This Consent Decree and any appendices are the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32.     This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

33.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of

any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

34. Each undersigned representative of a Settling Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35. Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

36. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

//

//

//

//

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XVIII.     FINAL JUDGMENT

37.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS ___ DAY OF _____, 2024.

_____

LINDA LOPEZ

United States District Judge

Signature Page for Consent Decree between United States and San Diego Unified Port District and the San Diego County Regional Airport Authority Regarding Boat Channel Site

**FOR THE UNITED STATES OF AMERICA**

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

Dated __4/19/2024__

STEFAN J. BACHMAN
DEVON LEA FLANAGAN
U.S. Department of Justice
Environmental Enforcement Section
Environment and Natural Resources  Division
P.O. Box 7611
Washington, D.C. 20044-7611

17

1   Signature Page for Consent Decree between United States and San Diego Unified
2   Port District and the San Diego County Regional Airport Authority Regarding
3   Boat Channel Site

4

5                                      **FOR THE DEPARTMENT OF THE**
6                                      **NAVY**

7

8

9

10

11   Dated _22 March 2024_

     KARNIG H. OHANNESSIAN
12   Deputy Assistant Secretary of the Navy
13   (Environment and Mission Readiness)
     U.S. Department of the Navy
14   1000 Navy Pentagon Way
     Washington, D.C. 20350-1000
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      18

1   Signature Page for Consent Decree between United States and San Diego Unified
2   Port District and the San Diego County Regional Airport Authority Regarding
3   Boat Channel Site

4

**FOR THE SAN DIEGO UNIFIED PORT DISTRICT**

5

6

7   Dated    3/12/24

8   Randa Coniglio
9   Acting President and Chief
10  Executive Officer

11

12  Approved as to form:

13

14

15

16  By: _____
17       Thomas A. Russell, General Counsel

18

19

20  Agent for Service:

21  Office of the Port District Clerk
22  San Diego Unified Port District
23  3165 Pacific Highway
24  San Diego, CA 92101

25

26

27

28

19

Signature Page for Consent Decree between United States and San Diego Unified Port District and the San Diego County Regional Airport Authority Regarding Boat Channel Site

**FOR THE SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY**

Dated 3/12/2024

Kimberly J. Becker
President and Chief Executive Officer

Approved as to form:

By: _____
    Amy Gonzalez, General Counsel

Agent for Service:

Amy S. Gonzalez
General Counsel
San Diego County Regional Airport Authority
3225 Harbor Drive
San Diego, CA 92101

20

1

# APPENDIX A: MAP OF THE SITE

2

3



21