Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Alice Charkhchyan (State Bar No. 332670)
acharkhchyan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
505 North Brand Boulevard, Suite 1100
Glendale, California 91203
Phone: 818 551-6000 ♦ Fax: 818 551-6050

Attorneys for Defendant/Counter-Claimant/Cross-Claimant/Cross-Defendant, CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; SAN DIEGO UNIFIED PORT DISTRICT; and SAN DIEGO AIRPORT AUTHORITY<br><br>    Defendants.| Case No. 3:23-CV-00541-LL-BJC<br><br>**CITY OF SAN DIEGO'S ANSWER TO UNITED STATES OF AMERICA'S COUNTERCLAIM; AND DEMAND FOR JURY TRIAL**<br><br>The Hon. Linda Lopez<br><br>Trial Date:    None Set |
| UNITED STATES OF AMERICA,<br><br>    Defendants, Cross-Claimants and Counter-Claimants<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant, Cross-Claimant, Counter Claimant, Cross-Defendant | |

/ / /

/ / /

/ / /

## I.

## ANSWER TO COUNTERCLAIM

CITY OF SAN DIEGO (hereinafter, "Cross-Defendant"), by and through its counsel of record, hereby responds to the crossclaim (hereinafter, "Counterclaim") filed by UNITED STATES OF AMERICA (hereinafter, "Counter-Claimant"), and each enumerated Paragraph therein, as follows:

### STATEMENT OF THE CASE

1. Paragraph 1 constitutes Counter-Claimant's statement of the case, and therefore, no response is required thereto.

### JURISDICTION

2. Counter-Defendant denies the allegations set forth in Paragraph 2 of the Counterclaim.

### VENUE

3. Counter-Defendant denies the allegations set forth in Paragraph 3 of the Counterclaim.

### PARTIES

4. The allegations in Paragraph 4 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 4 of the Counterclaim.

5. The allegations in Paragraph 5 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 5 of the Counterclaim.

### GENERAL ALLEGATIONS

6. The allegations in Paragraph 6 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To

///

1  the extent a response is required, Counter-Defendant admits the allegations set forth
2  in Paragraph 6 of the Counterclaim.

3      7.    The allegations in Paragraph 7 of the Counterclaim do not pertain to
4  Counter-Defendant, and therefore, no response is required to said allegations.  To the
5  extent a response is required, Counter-Defendant admits the allegations set forth in
6  Paragraph 7 of the Counterclaim.

7      8.    The allegations in Paragraph 8 of the Counterclaim do not pertain to
8  Counter-Defendant, and therefore, no response is required to said allegations.  To the
9  extent a response is required, Counter-Defendant admits the allegations set forth in
10 Paragraph 8 of the Counterclaim.

**The MOA**

12     9.    The allegations in Paragraph 9 of the Counterclaim do not pertain to
13 Counter-Defendant, and therefore, no response is required to said allegations.  To the
14 extent a response is required, Counter-Defendant admits the allegations set forth in
15 Paragraph 9 of the Counterclaim.

16     10.    The allegations in Paragraph 10 of the Counterclaim do not pertain to
17 Counter-Defendant, and therefore, no response is required to said allegations.  To the
18 extent a response is required, Counter-Defendant admits the allegations set forth in
19 Paragraph 10 of the Counterclaim.

20     11.    The allegations in Paragraph 11 of the Counterclaim do not pertain to
21 Counter-Defendant, and therefore, no response is required to said allegations.  To the
22 extent a response is required, Counter-Defendant admits the allegations set forth in
23 Paragraph 11 of the Counterclaim.

24     12.    The allegations in Paragraph 12 of the Counterclaim do not pertain to
25 Counter-Defendant, and therefore, no response is required to said allegations.  To the
26 extent a response is required, Counter-Defendant admits the allegations set forth in
27 Paragraph 12 of the Counterclaim.
28 / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

13. The allegations in Paragraph 13 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 13 of the Counterclaim.

14. The allegations in Paragraph 14 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 14 of the Counterclaim.

15. The allegations in Paragraph 15 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 15 of the Counterclaim.

16. The allegations in Paragraph 16 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 16 of the Counterclaim.

17. The allegations in Paragraph 17 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 17 of the Counterclaim.

18. The allegations in Paragraph 18 of the Counterclaim do not pertain to Counter-Defendant, and therefore, no response is required to said allegations. To the extent a response is required, Counter-Defendant admits the allegations set forth in Paragraph 18 of the Counterclaim.

### **The Navy Performed Its Obligations Under the MOA**

19. Counter-Defendant denies the allegations in Paragraph 19 of the Counterclaim.

///

1  20. Counter-Defendant denies the allegations in Paragraph 20 of the Counterclaim.

2  

3  21. Counter-Defendant denies the allegations in Paragraph 21 of the Counterclaim.

5  22. Counter-Defendant denies the allegations in Paragraph 22 of the Counterclaim.

7  23. Counter-Defendant denies the allegations in Paragraph 23 of the Counterclaim.

9  24. Counter-Defendant denies the allegations in Paragraph 24 of the Counterclaim.

11  25. Counter-Defendant denies the allegations in Paragraph 25 of the Counterclaim.

13  26. Counter-Defendant denies the allegations in Paragraph 26 of the Counterclaim.

15  27. Counter-Defendant denies the allegations in Paragraph 27 of the Counterclaim.

17  28. Counter-Defendant denies the allegations in Paragraph 28 of the Counterclaim.

19  29. Counter-Defendant denies the allegations in Paragraph 29 of the Counterclaim.

21  30. Counter-Defendant denies the allegations in Paragraph 30 of the Counterclaim.

23  31. Counter-Defendant denies the allegations in Paragraph 31 of the Counterclaim.

25  32. Counter-Defendant denies the allegations in Paragraph 32 of the Counterclaim.

27  33. Counter-Defendant denies the allegations in Paragraph 33 of the Counterclaim.

### The City Breached the MOA

34. Counter-Defendant admits the allegations in Paragraph 34 of the Counterclaim.

35. Counter-Defendant admits the allegations in Paragraph 35 of the Counterclaim.

36. Counter-Defendant admits the allegations in Paragraph 36 of the Counterclaim.

37. Counter-Defendant admits the allegations in Paragraph 37 of the Counterclaim.

38. Counter-Defendant admits the allegations in Paragraph 38 of the Counterclaim.

39. Counter-Defendant denies the allegations in Paragraph 39 of the Counterclaim.

### FIRST COUNTERCLAIM-IN-REPLY

(Breach of Contract)

40. Counter-Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

41. Counter-Defendant denies the allegations in Paragraph 41 of the Counterclaim.

42. Counter-Defendant denies the allegations in Paragraph 42 of the Counterclaim.

43. Counter-Defendant denies the allegations in Paragraph 43 of the Counterclaim.

44. Counter-Defendant denies the allegations in Paragraph 44 of the Counterclaim.

45. Counter-Defendant denies the allegations in Paragraph 45 of the Counterclaim.

/ / /

46. Counter-Defendant denies the allegations in Paragraph 46 of the Counterclaim.

47. Counter-Defendant denies the allegations in Paragraph 47 of the Counterclaim.

48. Counter-Defendant denies the allegations in Paragraph 48 of the Counterclaim.

49. Counter-Defendant denies the allegations in Paragraph 49 of the Counterclaim.

50. Counter-Defendant denies the allegations in Paragraph 50 of the Counterclaim.

51. Counter-Defendant denies the allegations in Paragraph 51 of the Counterclaim.

52. Counter-Defendant denies the allegations in Paragraph 52 of the Counterclaim.

53. Counter-Defendant denies the allegations in Paragraph 53 of the Counterclaim.

## PRAYER FOR RELIEF

Counter-Defendant denies that Counter-Claimants are entitled to any relief as set forth in the Counterclaim as against Counter-Defendant.

## II.

## AFFIRMATIVE DEFENSES

Further answering Counter-Claimants' Counterclaim and by way of affirmative defense, Counter-Defendant alleges as follows. By asserting the affirmative defenses below, Counter-Defendant intends no alteration of the burden of proof or any other evidentiary burden which otherwise exists as to any particular issue at law or in equity. Such issues of burden are not waived and, to the contrary, are expressly reserved.

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE

## (Statute(s) of Limitation)

1. Counter-Claimants' Counterclaim and each and every claim for relief alleged therein, is barred by any and all applicable statutes of limitations, including but not limited to 42 U.S.C. § 9613(g)(2) and California *Code of Civil Procedure* §§ 338 and 339, and California *Probate Code* § 550, *et seq*.

## SECOND AFFIRMATIVE DEFENSE

## (Act of God or War)

2. The damages and/or losses alleged in the Crossclaim, if any, were or may have been proximately caused or contributed to by some natural cause, act of God, or act of war.

## THIRD AFFIRMATIVE DEFENSE

## (Act or Omission of Third Party)

3. Based on information and belief, Cross-Defendant alleges that Cross-Claimants' Crossclaim, and each and every claim for relief alleged therein, is barred in whole or in part because any alleged release of hazardous substances and any damages resulting therefrom were caused solely by the acts or omissions of a third party.

## FOURTH AFFIRMATIVE DEFENSE

## (Superseding or Intervening Independent Cause)

4. Based on information and belief, Cross-Defendant alleges that the acts, injuries, and/or damages alleged by Cross-Claimants were the result of superseding or intervening causes arising from acts or omissions of Cross-Claimants, and/or individuals and/or other entities which Cross-Defendant neither controlled nor had the legal right to control. Accordingly, each act, injury, and/or damages alleged were not proximately caused by Cross-Defendant.

/ / /

## FIFTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

5. Based on information and belief, Cross-Claimants cannot prove any facts showing that Cross-Defendant's conduct or omissions were the cause in fact of the damages or losses alleged in the Crossclaim.

## SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause of Harm)

6. Based on information and belief, Cross-Claimants cannot prove any facts showing that Cross-Defendant's alleged conduct or omissions were the proximate cause of the damages or losses alleged in the Crossclaim.

## SEVENTH AFFIRMATIVE DEFENSE

### (Any Releases Authorized or Permitted Pursuant to Federal or State Law)

7. To the extent that Cross-Defendant is determined to be responsible for any releases or threatened releases (which responsibility it denies), any such releases or threatened releases were authorized by applicable federal or state law and/or valid permits.

## EIGHTH AFFIRMATIVE DEFENSE

### (Divisibility)

8. If the damages alleged by Cross-Claimant are found to have been caused by Cross-Defendant, which Cross-Defendant denies, such damages are distinct, divisible, and separate, and the costs and harm in relation to which they were incurred are capable of reasonable apportionment and are divisible; therefore, Cross-Defendant cannot be held jointly and severally liable.

## NINTH AFFIRMATIVE DEFENSE

### (Joint and Several Liability Improper)

9. On information and belief, Cross-Claimants are responsible parties under CERCLA § 107(a), 42 U.S.C. § 9607(a), as an "owner" or "operator" of properties referenced in the Crossclaim at which releases of the Contamination have occurred.

Cross-Claimants, therefore, are barred from bringing a claim for joint and several cost recovery against Cross-Claimants under CERCLA § 107(a), 42 U.S.C. 9607(a), and Cross-Defendant's liability to Cross-Claimants, if any, is limited to its equitable share, if any, of the necessary costs of response incurred by Cross-Claimants consistent with the NCP.

## TENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

10. Cross-Defendant reserves the right to offer additional defenses which cannot now be set forth due to Cross-Claimants' failure to particularize their claims and/or to Cross-Defendant's lack of knowledge of the circumstances surrounding Cross-Claimants' claims. Upon further particularization of the claims by Cross-Claimants or upon discovery of further information concerning Cross-Claimants' claims, Cross-Defendant reserves the right to assert additional defenses.

## COUNTER-DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Counter-Defendant prays as follows:

1. That Counter-Claimants take nothing by their Counterclaim, and that the Counterclaim be dismissed, with prejudice;
2. That Counter-Defendant be awarded costs of suit incurred in defense of this action; and
3. For such other relief as the Court deems just and proper.

DATED: August 1, 2024                    WOOD, SMITH, HENNING & BERMAN LLP

By: _____
THOMAS F. VANDENBURG
ALICE CHARKHCHYAN
Attorneys for Defendant/Counter-Claimant/Cross-Claimant/Cross-Defendant,
CITY OF SAN DIEGO

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and United States District Court for the Southern District of California Local Civil Rule 38.1, CITY OF SAN DIEGO hereby demands a jury trial on all issues so triable.

DATED: August 1, 2024            WOOD, SMITH, HENNING & BERMAN LLP

By: _/s/ Thomas F. Vandenburg_

THOMAS F. VANDENBURG
ALICE CHARKHCHYAN
Attorneys for Defendant/Counter-Claimant/Cross-Claimant/Cross-Defendant, CITY OF SAN DIEGO