TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

STEFAN J. BACHMAN (SC Bar No. 102182)
DEVON LEA FLANAGAN (DC Bar No. 1022195)
BRIAN SCHAAP (DC Bar No. 1780655)
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-6536

MARK ALBERT RIGAU (CA Bar No. 223610)
Environmental Defense Section
450 Golden Gate Avenue, Suite 07-6714
San Francisco, CA 94102
Phone: (415) 744-6487

ALASTAIR M. GESMUNDO (CABN 316573)
SAMUEL F. HOBBS (AL Bar No. 9776O19E)
Civil Division
Commercial Litigation Branch
Phone: (202) 305-4664

*Attorneys for Plaintiff and Counterclaim Defendant United States of America*

*(Attorneys for Defendant and Counterclaim Plaintiff City of San Diego on next page)*

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et. al.<br><br>    Defendants.<br><br>*AND RELATED CROSS CLAIMS* | Case No. 3:23-cv-00541-LL-BJC<br><br>**JOINT DISCOVERY STATUS REPORT DESCRIBING UNRESOLVED DISCOVERY DISPUTES**<br><br>**Sent by email to:**<br>**efile_cheeks@casd.uscourts.gov** |

THOMAS F. VANDENBURG (State Bar No. 163446)
tvandenburg@wshblaw.com
ALICE CHARKHCHYAN (State Bar No. 332670)
acharkhchyan@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
505 North Brand Boulevard, Suite 1100
Glendale, California 91203
Phone: (818) 551-6000
Fax: (818) 551-6050

*Attorneys for Defendant/Cross Defendant/Counter Claimant/Cross Claimant, City of San Diego*

JOINT DISCOVERY STATEMENT DESCRIBING UNRESOLVED DISCOVERY DISPUTES

Pursuant to the Court's minute entry following the parties' status conference with the Court on August 5, 2024, and Chambers Rule VI.B, the parties—the United States of America, on behalf of the Department of the Navy, and the City of San Diego—submit this Joint Discovery Status Report describing unresolved discovery disputes and each party's position on the disputes.

**A. The discovery requests in dispute along with a brief description (not argument) of each party's position on each request (not exceeding 100 words per party for each dispute).**

The following discovery issues are unresolved between the parties.

**1. Access to responsive information from the City's Stormwater Infrastructure Viewer Geographic Information Systems (SIV-GIS) database.**

**United States' Position**:

The United States has confirmed through deposition testimony of multiple City witnesses that the City maintains a database that lists and describes all municipal separate stormwater sewer system (MS4) infrastructure owned and operated by the City. Deposition testimony has further confirmed that the City is capable of producing all information on the City's MS4 components within the Boat Channel Basin from its SIV-GIS database, in the form of GIS map files and/or spreadsheet files listing and describing all MS4 components. This information is responsive to the United States' requests for production, and the City should produce it.

**City of San Diego's Position**:

The City of San Diego's Stormwater Infrastructure Viewer Geographic Information Systems contains sensitive information concerning City infrastructure and the City must protect City infrastructure from external threats. For security

reasons, access is limited to City Employees who's job duties require access. Counsel for the City of San Diego is currently conferring with City Representatives to determine whether and how access to this system can be granted to USA Counsel. Counsel for City of San Diego will update USA Counsel (and the Court if appropriate) by Tuesday August 20th on this issue.

**2. Access to responsive information from the City's MS4 Asset Management Program database(s).**

<u>**United States' Position**</u>:

The United States has confirmed through deposition testimony of multiple City witnesses that the City maintains a database(s) that lists and describes all operation and maintenance activities (including sampling) the City has performed on its MS4 infrastructure, going back years or decades. Deponents have testified that the City is capable of producing this information for assets located within the Boat Channel Basin. Together with the SIV-GIS data, this would establish what MS4 pipes the City owns and where those pipes begin and end. This information is responsive to the United States' requests for production, and the City should produce it.

<u>**City of San Diego's Position**</u>:

The City of San Diego's MS4 Asset Management Program datebase contains sensitive information concerning City infrastructure and the City must protect City infrastructure from external threats. For security reasons, access is limited to City Employees who's job duties require access. Counsel for the City of San Diego is currently conferring with City Representatives to determine whether and how access to this system can be granted to USA Counsel. Counsel for City of San Diego will update USA Counsel (and the Court if appropriate) by Tuesday August 20th on this issue.

**3. The City's privilege log.**

**United States' Position**:

The City's privilege log, produced to the United States on August 14, 2024—nearly six months after the United States served its first discovery request—is deficient for at least the following reasons:

1. It fails to specify the privilege(s) asserted for the documents withheld, and provides no justifications that would allow the United States to assess each claim of privilege, in violation of Fed. R. Civ. P. 26(b)(5)(A).
2. It includes only electronic documents withheld by the City, despite deposition testimony by a City 30(b)(6) witnesses indicating that City employees avoided reviewing hard copy documents that had been segregated as "privileged."

**City of San Diego's Position**:

1.   The City agrees to provide an Amended Privilege Log to address USA Counsel's concerns by August 29, 2024.

2.   The City agrees to meet and confer with USA Counsel on August 30th regarding any remaining issues.

**4. The City has not designated a witness to testify about the City's use of DDT or chlordane in the Boat Channel Basin.**

**United States' Position**:

The City has failed to identify a 30(b)(6) witness to testify to topic 12 from the United States' Notice of Deposition Under Fed. R. Civ. P. 30(b)(6). Topic 12 seeks information about the City's use of DDT or chlordane within the Boat Channel Basin from 1938 to 2017. If the City does not know if it used or applied DDT or chlordane in the Boat Channel Basin, the United States would accept a

stipulation from the City stating this. Otherwise, the United States is entitled to the City's deposition testimony on this topic.

**City of San Diego's Position**:

City of San Diego has conducted diligent investigation to locate documents and information regarding this topic, but the City has not located relevant documents nor information. City of San Diego is willing to consider a proposed stipulation from USA on this topic.

**5. The City has not produced all documents that the City's 30(b)(6) designees relied on in preparing to testify as a Rule 30(b)(6) representative.**

**United States' Position**:

As part of its Deposition Notice to the City under Fed. R. Civ. P. 30(b)(6), the United States included a Third Set of Requests for Production of Documents (under Rule 34), which sought a copy of each Document that the City's 30(b)(6) designees relied on in preparing to testify as a Rule 30(b)(6) representative. The City has never provided a written response to the document requests and has not produced to the United States all documents relied on by the following City 30(b)(6) designees:

1. Peter Vroom: Documents, including data and spreadsheets, reviewed by the witness that were provided to the City's counsel but not produced to the United States.

2. Doug Campbell: Unidentified documents contained in a "SharePoint Folder," emails from staff, and GIS and Wastewater Collection Division data on the Sanitary Sewer System in the Boat Channel Basin.

3. Amanda Parra: SIV-GIS data on MS4 components in Boat Channel Basin.

**City of San Diego's Position**:

-6-   Case No. 3:23-cv-00541-LL-BJC
JOINT DISCOVERY STATEMENT DESCRIBING UNRESOLVED DISCOVERY DISPUTES

City of San Diego will review the relevant deposition transcript sections and meet and confer with USA Counsel on this issue on or before Friday, August 23rd.

**6. Possible bifurcation of claims and the pending Motion re: Discovery Cut-Off Deadline.**

<u>United States' Position</u>:

The United States previously proposed to the City the filing of a joint motion to bifurcate this action between each party's CERCLA claims and each party's contract claims. Absent agreement on such a motion, the United States maintains that it would consent to an additional two-month extension on contract claims only, as set forth in the joint statement filed on August 2, 2024, and taking into account the initial 30-day extension that the Court has already ordered. The United States otherwise opposes the City's motion to extend discovery deadlines.

<u>City of San Diego's Position</u>:

Potential bifurcation is not discovery-related. Regardless, the City firmly opposes bifurcation of CERCLA claims from Contract claims because they rely on the same underlying facts and involve nearly the same legal issues. Bifurcation would result in a grossly inefficient use of judicial resources and severely prejudice the City. That said, the City maintains that the discovery cut-off should be extended by 12 months, given the complexity of issues presented in this case, its 100-year time span, the Navy's refusal to provide initial disclosures and other essential discovery on the City's Contract claim, and the Navy's recent document dump of unsearchable pdfs on the City. The City needs to conduct further discovery relating to past and existing site conditions; fate and transport of contaminants; remedies selected; and the likelihood of future site-related administrative orders and CERCLA lawsuits. The City anticipates taking additional depositions of Regional Water Quality Control Board staff regarding

investigation and remediation of the Boat Channel, Navy PMK representatives, and NTC Developer McMillin's employees regarding CERCLA and Contract claims; compelling the Navy to provide Initial Disclosures for the City's Contract claim; compelling Investigation of the Boat Channel by the City's Consultant; and conducting expert discovery.

### 7. Further Site Investigation

**City of San Diego's Position**:

Due to the dispute between the parties regarding the condition of the boat channel, and the City's central contention that the Navy failed to conduct a CERCLA quality cleanup, the City has requested a further site investigation at the Boat Channel. Among other deficiencies, the Navy (i) failed to investigate the entire NTC site, (ii) relied on data from the 1990's for a remediation conducted in 2018, (iii) failed to remediate the site to current regulatory standards, and (iv) only remediated five (5) CERCLA contaminants when the Navy knew there were additional CERCLA contaminants at the site – including certain contaminants that could be traced back to the Navy. In light of those deficiencies, further investigation is essential to determining the condition of the NTC Boat Channel site for both the CERCLA contribution claims and the breach of contract claims. The Navy is not entitled to contribution if it failed to conduct a CERCLA-quality cleanup. It also has no right to transfer those still-contaminated parcels to the City under the terms of the MOA.

The Navy has refused to grant the City access to perform the work, claiming that it is "irrelevant" as the City must rely solely on the administrative record. That is not the case, however, when as here, the Court must hear from experts for the Parties in order to fully and accurately evaluate USA's failure to meet the relevant legal standard for NCP Compliance. The City simply cannot sufficiently prosecute or defend its claims against the Navy without an adequate investigation of the NTC

Boat Channel site. The City provided the Navy with the intended scope of work on May 16, 2024. The Navy has had more than ample time to review and comment on the scope of work, but has failed to do so, other than to reject any further investigation of the Boat Channel site.

**United States' Position:**

The City's position misstates the controlling law and facts. Any challenge to the Navy's CERCLA remedy is limited to the administrative record, 42 U.S.C. § 9613(j), and the sampling would constitute irrelevant (and inadmissible) extra-record material. The United States nonetheless timely responded to the City's email transmitting the SOW, noting that the email is not a proper discovery request under FRCP 26(g), that the request cannot be completed within the period for fact discovery, and asking for more information to assess burden on the Navy. The City never responded, and the United States is not required to glean information from a SOW. However, the standard of review under CERCLA ultimately precludes the proposed sampling events.

## 8. United States' Initial Disclosures

**City of San Diego's Position:**

USA filed a Counterclaim against City of San Diego in July 2024 alleging that the USA is entitled to specific performance as to the Memorandum of Agreement ("MOA") between the Parties executed in 2000. To date, USA has not produced Initial Disclosures under Rule 26 regarding this claim. The City of San Diego understands that USA's position is that it is not required that USA provide Initial Disclosures until the Court rules on the pending Motion to Dismiss Counterclaims filed by USA versus the City's Counterclaims based upon the MOA.

USA separately takes the position that the Court's ruling on the motion to dismiss is not dispositive as to USA's counterclaim against the City; therefore, it is

unclear to the City what justification, if any, there is for USA to delay serving its Initial Disclosures. City of San Diego believes that they is no reasonable basis for USA to withhold its Initial Disclosures on this claim.

**United States' Position:**

The United States identified the persons with knowledge of the contract claims in response to the City's interrogatories numbered 1 and 17. The United States has also produced the documents in its possession that may be used to support its breach of contract claim or its defenses against the City's breach of contract claim in response to the City's requests for production numbered 1, 10, 11, 13, 14, 22, 23, 24, 25, 31, 42, 45, and 46. The City has already taken depositions of several of the persons identified, has used the produced documents at depositions, and has questioned the United States' witnesses about the parties' contract claims. The United States will supplement its initial disclosures to reflect this already-provided information.

**9.    City of San Diego's Rule 30(b)(6) Deposition of the United States**

**City of San Diego's Position:**

City of San Diego has served a Rule 30(b)(6) deposition notice of USA on topics relevant to the claims of the Parties in this case. The USA has served extensive objections to this deposition notice, and has provided a meet and confer letter regarding its objections to City of San Diego's Counsel. Counsel for the Parties met and conferred regarding this deposition notice on August 15th, and Counsel for the Parties will meet and confer again on this topic on August 21st. Counsel for the Parties are working to narrow the issues in dispute; given this effort, there are not specific issues for the Court to address at this time. If Counsel for the Parties do not successfully resolve the issues between the Parties, it is likely that the City of San Diego will seek relief from the Court.

**United States' Position:**

The United States agrees that no specific action is needed from the Court at this time because the parties are working to resolve their disputes. The United States may seek relief from the Court if the meet-and-confer process is unsuccessful.

**B. At least three mutually agreeable dates for a video Status Conference with the Court.**

The parties are both available on:

1. Wednesday, August 28, 2024
2. Thursday, August 29, 2024
3. Friday, August 30, 2024

Dated: August 19, 2024

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

/s/ Stefan J. Bachman
STEFAN J. BACHMAN (SC Bar No. 102182)
BRIAN SCHAAP (DC Bar No. 1780655)
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-1167 (Schaap)
Brian.Schaap@usdoj.gov
Stefan.Bachman@usdoj.gov
MARK ALBERT RIGAU (CA Bar No. 223610)
Environmental Defense Section

-11-   Case No. 3:23-cv-00541-LL-BJC
JOINT DISCOVERY STATEMENT DESCRIBING UNRESOLVED DISCOVERY DISPUTES

| | |
|---|---|
| 1 | Environment and Natural Resources Division |
| 2 | 450 Golden Gate Avenue, Suite 07-6714 |
| | San Francisco, CA 94102 |
| 3 | Phone: (415) 744-6487 |
| 4 | ALASTAIR M. GESMUNDO (CABN 316573) |
| | SAMUEL F. HOBBS (AL Bar No. 9776O19E) |
| 5 | Civil Division |
| 6 | Commercial Litigation Branch |
| | Alastair.M.Gesmundo@usdoj.gov |
| 7 | Samuel.Hobbs@usdoj.gov |

*Attorneys for Plaintiff and Counterclaim-Defendant United States of America*

Dated: August 19, 2024         /s/ Thomas F. Vandenburg
                               THOMAS F. VANDENBURG (SBN 163446)
                               ALICE CHARKHCHYAN (State Bar No. 332670)

*Attorneys for Defendant/Cross Defendant/ Counter Claimant/Cross Claimant City of San Diego*

-12-   Case No. 3:23-cv-00541-LL-BJC
JOINT DISCOVERY STATEMENT DESCRIBING UNRESOLVED DISCOVERY DISPUTES