Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Alice Charkhchyan (State Bar No. 332670)
acharkhchyan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
505 North Brand Boulevard, Suite 1100
Glendale, California 91203
Phone: 818 551-6000 ♦ Fax: 818 551-6050

Attorneys for Defendant/Cross Defendant/ Counter Claimant/Cross Claimant, CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO; SAN DIEGO UNIFIED PORT DISTRICT; and SAN DIEGO AIRPORT AUTHORITY, <br><br> Defendants. <br><br> ――――――――――――― <br> AND RELATED CROSS-CLAIMS AND COUNTER CLAIMS | Case No. 3:23-CV-00541-LL-BJC <br><br> **MOTION FOR LEAVE TO REOPEN RULE 30(B)(6) DEPOSITIONS OF THREE USA DEPONENTS; TAKE FIVE ADDITIONAL INDIVIDUAL DEPOSITIONS; AND TAKE ONE ADDITIONAL RULE 30(B)(6) DEPOSITION** <br><br> Honorable Linda Lopez <br> Magistrate Judge Benjamin J. Cheeks <br> Trial Date:        None Set |

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

THE CITY OF SAN DIEGO (hereinafter, "City") hereby moves this Court, respectfully seeking leave to reopen the Rule 30(b)(6) depositions of (1) USA Witness, Amy Jo Hill; (2) USA Witness, Lonie Cyr; and (3) USA Witness, Louis Cardinale.  In addition, the City is seeking leave to take five (5) additional individual depositions as follows: (1) Keith Forman; (2) Linda Geldner; (3) Jack Wells; (4) John Robertus; and (5) Marie Avery; and one (1) additional Rule 30(b)(6) deposition related to the Navy's use and discharge of perfluorinated compounds, chromium,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1  DDT, and chlordane to the former Naval Training Center Boat Channel.

2      This Motion is based upon this Notice, the accompanying Memorandum of

3  Points and Authorities, the Declaration of Thomas F. Vandenburg ("Vandenburg

4  Decl."), and on such other and further matters as may be presented to the Court at

5  the time of the briefing/hearing on this matter.

7  DATED:  October 9, 2024          WOOD, SMITH, HENNING & BERMAN LLP

9                                  By:  _____

10                                       THOMAS F. VANDENBURG
                                         ALICE CHARKHCHYAN
11                                  Attorneys for Defendant/Cross Defendant/
                                    Counter Claimant/Cross Claimant, CITY OF
12                                  SAN DIEGO

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1
2

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................... 1

II.   LEGAL STANDARD ............................................................................... 2

III.  ARGUMENT ............................................................................................ 3

   A. THE CITY WAS UNABLE TO CONDUCT THOROUGH AND
      COMPLETE RULE 30(B)(6) DEPOSITIONS DUE TO THE WITNESSES'
      LACK OF KNOWLEDGE ON THE DESIGNATED SUBJECT MATTER,
      THE USA'S FAILURE TO ENSURE WITNESSES WERE ADEQUATELY
      PREPARED TO TESTIFY TO THE SUBJECT MATTER, AND THE USA
      COUNSEL'S FAILURE TO TIMELY PROVIDE A LIST OF DOCUMENTS
      DEPONENT REVIEWED TO PREPARE FOR THE DEPOSITION. ............. 3

      1. Rule 30(b)(6) Deponent Amy Jo Hill's Deposition Should Be Reopened
         Because She was not able to Answer Basic Questions Related to her
         Designated Subject Matter and Repeatedly Stated She Could Not Answer
         Questions Without Seeing Various Documents, None of Which Were
         Provided to the City's Counsel until after the Deposition. ............................. 4

      2. 30(b)(6) Deponent Lonie Cyr's Deposition Should be Reopened Because Ms.
         Cyr was Not Adequately Prepared to Answer Relevant Questions at her
         August 30, 2024 Deposition and the USA's Counsel Produced a Deficient
         List of Documents Only Twenty-Four (24) Minutes Prior to the Deposition. 6

      3. 30(b)(6) Deponent Louis Cardinale's Deposition Should be Reopened
         Because Mr. Cardinale was Not Adequately Prepared to Answer Relevant
         Questions at his September 4, 2024 Deposition and the USA's Counsel
         Produced a Deficient List of Documents Reviewed by Deponent. ................. 9

   B. CITY INTENDS TO NOTICE ADDITIONAL TOPIC FOR RULE 30(B)(6)
      DEPOSITION OF THE USA ............................................................................ 10

      4. Unlike the United States, the City of San Diego Provided (1) Detailed
         Descriptions of Documents reviewed by Deponents and (2) the actual
         documents themselves, at least 2 days before the Rule 30(b)(6) depositions
         of Doug Campbell and Karin Peternel. ........................................................ 12

   C. GOOD CAUSE EXISTS TO CONDUCT ADDITIONAL INDIVIDUAL
      WITNESS DEPOSITIONS ............................................................................. 13

IV.   CONCLUSION ....................................................................................... 15

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

# TABLE OF AUTHORITIES

**Cases**

*Landry v. St. James Parish School Bd.,* WL 1741886, at *2 (E.D.La. Nov. 22, 2000) ............................................................................................................................. 2

*Universal City Studios, Inc. v. Reimerdes,* 104 F.Supp.2d 334 (S.D.N.Y.2000) ........ 2

**Statutes**

42 USC 9601(33). ................................................................................................ 11

42 U.S.C. 9601(14). ............................................................................................. 11

**Rules**

Fed. R. Civ. P 30(b) ............................................................. 2, 3, 6, 9, 10, 12, 17

Fed. R. Civ. P. 26(b) ................................................................................... 2, 15

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. __INTRODUCTION__

The City of San Diego (hereinafter, "City"), respectfully moves this Court for an order to reopen the Rule 30(b)(6) depositions of the following United States of America's (hereinafter, "USA") witnesses: (1) USA Witness, Amy Jo Hill; (2) USA Witness, Lonie Cyr; and (3) USA Witness, Louis Cardinale.  Good cause for this relief sought exists because the USA has failed to provide the City with a full and complete opportunity to conduct said depositions due to the USA's failure to adequately prepare their witnesses to testify on the noticed topics and failure to timely provide the City with documents the USA's witnesses reviewed.

Moreover, the City is seeking leave to take five (5) additional individual depositions as follows: (1) Keith Forman; (2) Linda Geldner; (3) Jack Wells; (4) John Robertus; and (5) Marie Avery.  Each of these witnesses has personal knowledge relevant to the claims, counterclaims, and defenses in this case.  Four (4) of these witnesses were Navy employees closely involved in Naval Training Center (hereinafter, "NTC") Boat Channel issues that are relevant to this case.  The fifth, Mr. Robertus, was Executive Officer of the San Diego Regional Water Quality Board (hereinafter, "Water Board") from about 2002 – 2016, a crucial period of regulatory interaction between the Navy and the Water Board regarding the investigation and remediation of the NTC Boat Channel.  Depositions of these individuals are necessary to adequately discover relevant facts to prepare the City's claims and defenses for trial.  Lastly, the City seeks to notice the Rule 30(b)(6) Deposition of the USA on the following category: The USA's purchase, use, application, transport, storage, treatment, disposal or dumping of the following at NTC (including the Boat Channel) and/or MCRD from 1922 to the present: Perfluorinated compounds; Chromium (also known as Chrome; Chromium Element; Chromium Metal; Metallic Chromium; Cr; DLA05001; RTECS GB4200000; and all products that are or include Cr3 and Cr6); DDT; and Chlordane.  As discussed below, good cause exists to allow these additional depositions to proceed.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

## II.  <u>LEGAL STANDARD</u>

Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure prescribes a presumptive limit on the number of depositions that may reasonably be taken in a civil suit.  *See Landry v. St. James Parish School Bd.,* 2000 WL 1741886, at *2 (E.D.La. Nov. 22, 2000) ("the Federal Rules of Civil Procedure recognize a presumptive limit of ten depositions, absent request and leave for more."); *Universal City Studios, Inc. v. Reimerdes,* 104 F.Supp.2d 334, 342 (S.D.N.Y.2000) ("Rule 30(a)(2)(A) presumptively caps the number of depositions in a case at ten[.]").

Rule 30(a)(2)(A)(i) provides:

> "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): . . . if the parties have not stipulated to the deposition and:  . . . if the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants[.]"

Rule 26(b)(1) provides:

> "**Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Rule 26(b)(2)(A) provides: "When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30.  By order or local rule, the court may also limit the number of requests under Rule 36."

When a party seeks leave to take more than ten depositions, the court's decision whether to grant such leave is governed by the principles set out in Rule 26(b)(2), which provides, in pertinent part:  The frequency or extent of use of the discovery

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The City has met and conferred with the USA on the City's request for these additional depositions and the USA has refused to stipulate to them.  (Declaration of Thomas F. Vandenburg ["Vandenburg Decl." ¶2).  Thus, the City seeks the Court's permission to take these additional depositions for the reasons set forth below.

## III.   ARGUMENT

**A.   THE CITY WAS UNABLE TO CONDUCT THOROUGH AND COMPLETE RULE 30(B)(6) DEPOSITIONS DUE TO THE WITNESSES' LACK OF KNOWLEDGE ON THE DESIGNATED SUBJECT MATTER, THE USA'S FAILURE TO ENSURE WITNESSES WERE ADEQUATELY PREPARED TO TESTIFY TO THE SUBJECT MATTER, AND THE USA COUNSEL'S FAILURE TO TIMELY PROVIDE A LIST OF DOCUMENTS DEPONENT REVIEWED TO PREPARE FOR THE DEPOSITION.**

On July 26, 2024, the City served its Notice of Deposition on the USA under Fed. R. Civ. P. 30(b)(6), setting the deposition for August 7, 2024.  (Vandenburg Decl. ¶3).  The Court subsequently extended the discovery deadline.  The USA identified three (3) individuals to testify to the topics in the City's notice, and the parties agreed on new dates for the depositions.  (Vandenburg Decl. ¶4).  Accordingly, on August 21, 2024, the City served its Notice of Continued Deposition of the United States of America Under Fed. R. Civ. P 30(b)(6) (hereinafter, "Notice").  (Exh. 1)(Vandenburg Decl. ¶5).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

The Notice set forth seven (7) major subject matter areas for deposition: (1) the Memorandum of Agreement between the USA and the City for the transfer of NTC parcels to the City (MOA); (2) the Navy's investigation and remediation of the NTC Boat Channel; (3) the Navy's stormwater system affiliated with NTC from 1916 - 2001; (4) the Navy's stormwater system affiliated with MCRD from 1916 - 2001; (5) the Navy's sanitary systems affiliated with NTC and MCRD for the time period from 1916 - 2001; (6) Federal ownership and use of real property in the Boat Channel Watershed; and (7) Discharges to the Boat Channel from other federal properties from 1916 to 2001. Under the subject matter areas set forth in the Notice, a total of twenty-three (23) categories of testimony were identified to be provided by the USA. (Vandenburg Decl. ¶6).   By agreement of counsel, these depositions were to proceed on August 28, 2024; August 30, 2024; and September 4, 2024 as to specified deposition topics on each date. (Vandenburg Decl. ¶7).

    **1. Rule 30(b)(6) Deponent Amy Jo Hill's Deposition Should Be Reopened Because She was not able to Answer Basic Questions Related to her Designated Subject Matter and Repeatedly Stated She Could Not Answer Questions Without Seeing Various Documents, None of Which Were Provided to the City's Counsel until after the Deposition.**

The First Rule 30(b)(6) Deponent on August 28, 2024 was Amy Jo Hill. Ms. Hill was designated by the USA to testify to seven (7) categories of information regarding the MOA. (Vandenburg Decl. ¶8). At the beginning of this deposition, Ms. Hill testified that she had access during the deposition to a "cumbersome list" of documents that she reviewed in advance of her deposition.  (Exh. 2, Deposition Transcript of Amy Jo Hill ["Hill Depo"], Page 10, Lines 1-10). (Vandenburg Decl. ¶). The USA's counsel stated that "[c]ounsel is prepared to provide that list." (Hill Depo, Page 10, Lines 24-25). During the deposition, Ms. Hill was unable to answer basic questions such as the names of the individuals from the City that were involved in the negotiation of the MOA with the USA. Ms. Hill did testify, however, "[t]heir

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1  names were seen in documents, but I don't recall any of their names at this time."
2  (Hill Depo, Page 18, Lines 2-6.)  She was also asked which party drafted the MOA
3  and she did not know.  (Hill Depo, Page 18: 13-18.)

4      When Ms. Hill was questioned regarding the passage in the MOA that states,
5  "Parcel IIIB is believed to contain sediments impacted with various contaminants,"
6  she stated it was "unfair" to ask her what contaminants the Navy understood were
7  impacting sediments of Parcel IIIB.  (Hill Depo, Page 34, Lines 4-14).  The MOA
8  between the Parties requires that the Navy will obtain site closure from appropriate
9  regulatory authorities, in this case the San Diego Regional Water Quality Control
10  Board.  Ms. Hill testified that she reviewed no documents from the Water Board's
11  Geotracker File concerning the NTC Boat Channel.  (Hill Depo, Page 48, Line 24 -
12  Page 49, Line 5).

13      Ms. Hill was asked "[i]f City witnesses would testify that Navy representatives
14  were very involved in the NTC Reuse Planning Committee, would the United States
15  dispute that testimony and, with what?"  Her response was "I don't know with which
16  we would dispute it and I don't know if we do.  I'm just saying that I don't have any
17  documentation to represent that Navy Representatives were there so I don't have a
18  basis to answer your question."  (Hill Depo, Page 64, Line 18 – Page 65, Line 3).  The
19  NTC Reuse Planning Committee was a specific topic noticed for Ms. Hill's
20  deposition.

21      Next, Ms. Hill was asked to verify that prior to the execution of the MOA the
22  US Navy never notified the City that it would be responsible for any costs to clean up
23  the Boat Channel.  Ms. Hill stated that she cannot answer with certainty that the Navy
24  did not present that information.  (Hill Depo, Page 66, Line 21 – Page 68, Line 1).
25  Ms. Hill was further asked based upon her review of documents, what individuals
26  from the City were involved in discussions with the Navy about the CERCLA
27  covenant, a specific topic of the deposition notice.  Ms. Hill testified "I can't say, Mr.
28  Vandenburg.  I don't' recall the – the correlation to the individual in those notes.  I am

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

trying to recall without pulling them up.  I can't – I can't say the names of the individuals."  (Hill Depo, Page 11-19).

The City's questioning of Ms. Hill, therefore, was severely impaired due to (1) Ms. Hill's inability to answer basic questions regarding the Rule 30(b)(6) deposition topics for which she was designated and (2) the USA's failure to timely advise the City and adequately identify the documents that Ms. Hill reviewed and relied upon for her testimony so the City could present those documents to Ms. Hill during her deposition.  The City's counsel, therefore, respectfully requests an Order from the Court to reopen this deposition.

**2. 30(b)(6) Deponent Lonie Cyr's Deposition Should be Reopened Because Ms. Cyr was Not Adequately Prepared to Answer Relevant Questions at her August 30, 2024 Deposition and the USA's Counsel Produced a Deficient List of Documents Only Twenty-Four (24) Minutes Prior to the Deposition.**

On August 30, 2024, the City's counsel took the deposition of the USA Witness, Lonie Cyr, regarding subject matter (6) Federal ownership and use of real property in the Boat Channel Watershed, topic numbers sixteen (16) through twenty (20). (Vandenburg Decl. ¶10).  These topics had to do with Navy approvals to third parties to connect and discharge to the NTC and MCRD stormwater systems and sanitary sewer systems that discharge to the Boat Channel, as well as all real property owned, used or leased by the USA within the watershed draining to the Boat Channel from 1916 to the present.  Twenty-four (24) minutes before the deposition, the USA's counsel transmitted to the City's counsel a list of seventy-three (73) documents reviewed by the witness.  (Vandenburg Decl. ¶11).  Seventy-one (71) of the document references on the list were comprised solely of bates-numbers without any reference to the title or subject matter of the documents.  (Vandenburg Decl. ¶12).

This production was apparently timed so that the USA's counsel could state that the document list was provided "before" the deposition, but obviously it was

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1  impossible for the City's counsel to (1) locate the seventy-one (71) bates numbered

2  documents; (2) review the seventy-one (71) bates numbered documents; and (3)

3  develop questioning for the witness regarding the documents. (Vandenburg Decl.

4  ¶13).

5  During the deposition, Lonie Cyr also testified that she possessed a bates-

6  numbered list of 260 documents which was related to her work for the case. Although

7  the witness had that list in her possession, it was not produced before the deposition.

8  (Exh. 3, Deposition Transcript of Lonie Cyr ["Cyr Depo"], Page 62, Line 22 – Page

9  63, Line 3) (Vandenburg Decl. ¶14).

10  A Rule 30(b)(6) deposition provides an important opportunity for the City's

11  counsel to discover the USA's positions on a host of disputed issues and find out what

12  specific documents the USA relies upon for its position on those disputed issues. In

13  addition, a Rule 30(b)(6) deposition provides an important opportunity for the City's

14  counsel to determine what particular facts from what particular documents are relied

15  upon by the USA in this matter. Both of these inquiries were stymied by the manner

16  in which the USA's counsel produced the document list mere minutes before the

17  pending deposition.

18  Despite the actions of the USA's counsel above, the City's counsel proceeded

19  with the deposition of Lonie Cyr on August 30, 2024. (Vandenburg Decl. ¶15). The

20  City's counsel questioned Lonie Cyr regarding the Rule 30(b)(6) deposition topics for

21  which she was designated. Ms. Cyr was repeatedly asked relevant questions, and her

22  responses were variations of one basic response: I don't know the answer; I can make

23  a guess, but to answer your question, I would have to review the documents listed.

24  (Vandenburg Decl. ¶16).

25  Ms. Cyr also stated in her testimony, "[i]f you have a question about a particular

26  document, we can open that up and look at it." (Cyr Depo, Page 23, Lines 19-21).

27  Ms. Cyr testified about a particular easement granted to the City of San Diego. Ms.

28  Cyr stated the document was listed on the list, but she could not identify it. Therefore,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1   the City's counsel was unable to ask any substantive questions based upon that

2   document.

3       Ms. Cyr was next asked to identify the documents on the list that related to

4   deposition category no. 17. Her response was, "[a]gain, I would have to review these

5   documents in order to tell you which individual documents pertain to NTC." (Cyr

6   Depo, Page 32, Line 23 – Page 33, Line 4). For deposition category no. 18, Ms. Cyr

7   was asked what easements identified were issued by the Navy to connect or discharge

8   into the sanitary sewer system affiliated with NTC from 1916 to the present. Ms. Cyr

9   testified, in part, "[a]gain, I would have to review the documents to tell you which

10  particular one, but there are – I can't necessarily say it was an easement, but it might

11  have been a permit or an agreement of some sort for the sewer to cross NTC." (Cyr

12  Depo, Page 63, Line 6 – Page 63, Line 18).

13      With regard to Deposition Category No. 16, Ms. Cyr was asked if she had

14  described all of the real estate records of which she was aware that have been

15  identified by the USA that are relevant to that category. Ms. Cyr testified, "[a]ll of

16  those documents that we've deemed relevant are on the documents reviewed list."

17  (Cyr Depo, Page 74, Lines 9-15). Of course, since the list provides no detailed

18  information besides bates-numbered listing and does not indicate which documents

19  correspond to which categories, this testimony is non-responsive. With regard to

20  Deposition Category No. 17, Ms. Cyr was asked if she had specifically identified

21  which documents are relevant to deposition Category No. 17. Ms. Cyr testified, "I

22  have not specifically identified those. We need to open the documents, look at them,

23  and see which ones are relevant." (Cyr Depo, Page 75, Line 17 – Page 76, Line 2).

24      As demonstrated above, the witness was unable to answer specific questions

25  regarding what documents related to which deposition categories. Without such

26  foundational testimony, and without more time to review the documents listed, the

27  City's counsel was unable to conduct necessary deposition questioning of this witness.

28  The City's counsel, therefore, respectfully requests an Order from the Court to reopen

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1  this deposition.

2      **3.  30(b)(6) Deponent Louis Cardinale's Deposition Should be Reopened**

3          **Because Mr. Cardinale was Not Adequately Prepared to Answer**

4          **Relevant Questions at his September 4, 2024 Deposition and the USA's**

5          **Counsel Produced a Deficient List of Documents Reviewed by**

6          **Deponent.**

7      The third Rule 30(b)(6) deposition of the USA's witness, Louis Carindale, was

8  conducted on September 4, 2024.  (Vandenburg Decl. ¶17).  The USA designated

9  Louis Cardinale to testify to subject matters (2) the Navy's investigation and

10  remediation of the NTC Boat Channel; (3) the Navy's stormwater system affiliated

11  with NTC from 1916 - 2001; (4) the Navy's stormwater system affiliated with MCRD

12  from 1916 -2001; (5) the Navy's sanitary systems affiliated with NTC and MCRD for

13  the time period from 1916 - 2001; and (7) Discharges to the Boat Channel from other

14  federal properties from 1916 to 2001. (Vandenburg Decl. ¶18).  Approximately sixty-

15  seven (67) minutes before the deposition, the USA's counsel produced "Index of

16  Documents reviewed by L. Cardinale as a Navy Rule 30(b)(6) designee September 4,

17  2024."  (Vandenburg Decl. ¶19).   The document lists 126 documents.  Of those

18  listed, none are cross-referenced to the deposition categories for which the witness

19  would testify and solely contained bates-numbers.  There is no information regarding

20  the title or subject of the document.  The last entry, bates-number 126 states, "AR

21  Index from the USA" which the City's counsel understands means the Index for the

22  Administrative Record for the Site. (hereinafter, "Index").  (Vandenburg Decl. ¶20).

23      The USA's witness, Louis Cardinale's, deposition was commenced sixty-seven

24  (67) minutes after production of the Index discussed above.  (Vandenburg Decl. ¶21).

25  Mr. Cardinale testified that he did not have notes in his possession that would inform

26  him regarding which of the 126 documents on the "Index" he actually reviewed.  (Exh.

27  4, Louis Cardinal Deposition Testimony ["Cardinal Depo"], Page 15, Lines 5-

28  13).  Mr. Cardinale was asked which documents listed in the Index did he review in

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

order to testify as to Deposition Topic number 8(f).  Mr. Cardinale stated, "I can't tell what these Bates numbers refer to."  (Cardinale Depo, Page 53, Lines 14-18).  Mr. Cardinale was similarly unable to provide a specific list of documents that he reviewed regarding Deposition Topic Number 10 by referencing the Index.  (Cardinale Depo, Page 88 Line 24 - Page 89, Line 2).

Mr. Cardinale's lack of preparation and inability to provide answers to simple, direct questions prevented the City's counsel from conducting a full and complete deposition.  The City's counsel respectfully requests an Order from the Court to reopen this deposition.

## B.    CITY INTENDS TO NOTICE ADDITIONAL TOPIC FOR RULE 30(B)(6) DEPOSITION OF THE USA

The City seeks to notice the Rule 30(b)(6) Deposition of the USA on the following category: The USA's purchase, use, application, transport, storage, treatment, disposal or dumping of the following at NTC (including the Boat Channel) and/or MCRD from 1922 to the present relating to the following chemicals: Perfluorinated compounds; Chromium (also known as Chrome; Chromium Element; Chromium Metal; Metallic Chromium; Cr; DLA05001; RTECS GB4200000; and all products that are or include Cr3 and Cr6); DDT; and Chlordane.  This category is relevant to the CERCLA claims and defenses, in addition to the breach of contract claim and defenses because this subject matter bears directly on the two most fundamental issues in this case – the Navy's flawed investigation and remediation of the Boat Channel and its failure to satisfy the requirements in the MOA to take all remedial action necessary to protect human health and the environment with respect to the Boat Channel.  The USA's counsel should agree to produce a witness (or witnesses) on this topic.

The Navy has prepared and provided the City with a document in which the Navy discloses that five thousand pounds of chromium were released in the Boat Channel sediment.  There is no disclosure of where within the property it is located,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

35014205.1:10874-0001                          -10-                          Case No. 3:23-CV-00541-LL-BJC
MOTION FOR LEAVE TO REOPEN RULE 30(B)(6) DEPOSITIONS OF THREE USA DEPONENTS; TAKE FIVE
ADDITIONAL INDIVIDUAL DEPOSITIONS; AND TAKE ONE ADDITIONAL RULE 30(B)(6) DEPOSITION

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

1    how it came to be there, what it was used for and when. There is nothing to indicate
2    that it has been removed. Chromium is widely used in military applications due to it
3    resistance to corrosion. It is frequently used to protect military equipment as a
4    spray/paint or as a component to plating onto equipment. Given the industrial nature
5    of activities at the Marine Corps Recruit Depot and at the former Naval Training
6    Center, the use and presence of Chromium in the Boat Channel property merits further
7    investigation. Chromium is a designated hazardous substance pursuant to the
8    Comprehensive Environmental Response, Compensation and Liability (CERCLA)
9    statute, 42 U.S.C. 9601(14). Compounding this unresolved presence is the use of
10   Chromium in plating operations where perfluorinated compounds are used as wetting
11   agents, coating additives, and corrosion inhibitors. Several perfluorinated compounds,
12   long identified as emerging contaminants pursuant to the Safe Drinking Water Act,
13   have now been added to the Environmental Protection Agency's list of designated
14   hazardous substances. These emerging contaminants satisfy the CERCLA definition
15   of "pollutant or contaminant". 42 USC 9601(33).

16          The Navy has engaged in no sampling or testing at the Boat Channel for
17   perfluorinated compounds notwithstanding the addition of several members of this
18   chemical family to the list of hazardous substances. The persistence of the Navy to
19   freeze the factual predicate for its environmental remediation investigation in 1998,
20   in spite of a change in the law, demonstrates the failure of the Navy to satisfy its
21   environmental responsibilities in 2024. The last time it obtained samples to guide its
22   remediation investigation and removal was 26 years ago, during which time the
23   deleterious effects of chromium and the designation of perfluorinated compounds as
24   hazardous substances have evolved as chemicals to be addressed in remedial work.
25   The development of improved detection techniques has evolved to the point where
26   nano levels of perfluorinated compounds can now be identified, yet the Navy has
27   made no effort to sample and test for these chemicals. To mitigate the Navy's myopic
28   approach, the City has filed with the Navy a Rule 34 request for access to this Navy-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

owned property to test and sample, which data would be shared with the Navy upon completion. The Navy has yet to approve the request despite the obvious need for it to be performed.

The City requests that it be allowed to have the Navy designate a FRCP 30(b)(6) witness for a deposition to determine what light, if any, can be shed on the failures to investigate an obvious deficiency in its remedial investigation, feasibility study, finding of suitability to transfer, and record of decision. Without that opportunity, this case will be determined on the outdated and inadequate data collected 26 years ago, during which period limited and statistically invalid confirmation data (6 years old) will be used to  assert that an ocean-connected body of water and its adjacent banks and slopes have been preserved as they were 26 years ago, with no impacts from tidal activity, point and non-point sources of contamination, and other natural and man-made changes to the flawed factual predicate upon  which the Navy would have the City rely.  Such reliance would be imprudent for a municipal government charged with responsibility for the health of its constituents.

In addition, discovery has revealed that the levels of DDT were so high in the areas of Parcel VII remediated by the Navy that it suggests DDT was dumped in large quantities into the Boat Channel rather than accumulating only from runoff discharges. It is well documented that DDT was widely used by the military, during World War II and beyond, and therefore, the City must be allowed to gather additional information regarding the extent this pesticide was utilized, and how it was disposed of, at NTC.

> **4.** **Unlike the United States, the City of San Diego Provided (1) Detailed Descriptions of Documents reviewed by Deponents and (2) the actual documents themselves, at least 2 days before the Rule 30(b)(6) depositions of Doug Campbell and Karin Peternel.**

The City's witness, Doug Campbell, was deposed on July 26, 2024.  The City's counsel provided documents that Mr. Campbell relied upon to the USA's counsel on

July 26, 2024, three days before his deposition.  (Vandenburg Decl. ¶ 23) (See Exh. 5, the City's counsel email correspondence to the USA's counsel dated July 26, 2024 attaching the documents reviewed/relied upon by Doug Campbell).

Witness Karin Peternel was deposed on August 7, 2024.  The City's counsel provided the USA's counsel a detailed table listing thirty-seven (37) documents that Ms. Peternel relied upon and a link to the documents themselves on August 4, 2024. On August 5, 2024, the City's counsel provided the USA's counsel a continued table with ten (10) documents listed and a link to the documents.  (Vandenburg Decl. ¶24 ) (See Exh. 6, the City's counsel email correspondence to the USA's counsel dated August 4, 2024 and August 5, 2024 attaching the documents and providing a chart of documents reviewed/relied upon by Karin Peternel).

Both of these depositions occurred more than three (3) weeks before the USA depositions.

### C.   GOOD CAUSE EXISTS TO CONDUCT ADDITIONAL INDIVIDUAL WITNESS DEPOSITIONS

Good cause exists for seeking to take additional witness depositions given the complexity of factual and legal issues presented in this case, which involves environmental contamination dating back over 100 years.  The City is seeking leave to take five additional individual depositions: (1) Keith Forman; (2) Linda Geldner; (3) Jack Wells; (4) John Robertus; and (5) Marie Avery.

This matter is a complex environmental case that spans over 100 years from the establishment of NTC and MCRD in the 1920s. Over the 25+ year period beginning with the NTC closure in 1993, through the multi-year redevelopment process culminating in the execution of the MOA and through the Navy's completion of its flawed and limited cleanup of the Boat Channel in 2018, the City and the Water Board were confronted with a revolving door of Navy personnel. In fact, the Water Board chronicled its exasperation with this practice in a 2008 letter documenting that a new Navy BRAC Environmental Coordinator had been assigned to the Boat

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

Channel cleanup each year over a 5-year span. Because (i) the Navy rotated staff every couple of years, in and out of the redevelopment process, including the 20-year Boat Channel cleanup; and (ii) persons with knowledge of relevant facts from the crucial late 1990s - early 2000s timeframe are no longer with the Navy, it has been extremely challenging to identify those individuals who would have the most knowledge of relevant facts, especially regarding the MOA which was executed in May 2000.  However, through discovery, the City has identified 5 such individuals.

Linda Geldner, Marie Avery, and Jack Wells were Navy employees directly involved with Boat Channel issues and specifically involved in the MOA. Ms. Geldner was the NTC Base Closure Manager in the late 1990s, and Jack Wells was the Navy attorney during the same time frame, both of whom communicated with the City about the terms of the MOA. Both of these individuals have been identified by both parties as persons who have direct knowledge of the MOA and its terms. Marie Avery replaced Ms. Geldner as the NTC Base Closure Manager around 2000. The March 2000 Term Sheet the Navy presented to the City in advance of the MOA was signed by Ms. Avery, and Ms. Hill identified her as the Navy's point person on the MOA.

Keith Forman is another former Navy employee who worked as a Navy BRAC Environmental Coordinator during the early stages of the Navy's investigation in the mid-1990s until at least 2017.  Former City employees indicate Mr. Forman was very involved in discussions and negotiations regarding the Boat Channel and his name appears on a number of important documents including the Navy's 2017 Record of Decision/Remedial Action Plan for the Boat Channel. The City first requested that the Navy produce Mr. Forman on May 9; the Navy refused, however, claiming Mr. Forman was a former employee.   The City then served a subpoena, noticing the deposition for August 6.  Due to a scheduled medical appointment, Mr. Forman asked that his deposition be rescheduled and the City agreed. The City has been trying to

1  take Mr. Forman's deposition for many months and should not be prevented from now

2  deposing Mr. Forman in this case.

3      In addition, John Robertus was the Executive Officer of the Water Board during

4  intense regulatory action between the US Navy and Water Board. There were 50

5  meetings between navy and water board during his tenure. He signed the 2008 letter

6  referenced above.

7      Each of these witnesses has personal knowledge relevant to the claims and

8  counterclaims in this case. Depositions of these individuals are necessary to discover

9  relevant facts to prepare the City's case for trial, and the City should not be limited to

10  only 10 depositions in such a complex, multi-faceted case. Five additional

11  depositions, in light of the extensive history of this case, is not unreasonably

12  cumulative, duplicative, or burdensome, particularly when taking into account the

13  needs of the case, the amount in controversy, the parties' resources, the importance of

14  the issues at stake in the litigation, and the importance of the proposed discovery in

15  resolving the issues.

16  **IV.  <u>CONCLUSION</u>**

17      In sum, in accordance with FRCP 26(b)(1), the City seeks discovery of

18  nonprivileged matter that is highly relevant to the City's claims and defenses in this

19  case. The requested depositions cover the topics that are at the heart of this case, i.e.,

20  the Navy's obligation under CERCLA to investigate and remediate the Boat Channel,

21  and the Navy's promise under the MOA to remediate Boat Channel parcels IIIB and

22  VII prior to transferring those parcels to the City.

23      Further, the requested additional discovery is proportional to the needs of the

24  case, considering the importance of the issues at stake in the action, the amount in

25  controversy, the parties' relative access to relevant information, the parties' resources,

26  the importance of the discovery in resolving the issues, and whether the burden or

27  expense of the proposed discovery outweighs its likely benefit.

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

MOTION FOR LEAVE TO REOPEN RULE 30(B)(6) DEPOSITIONS OF THREE USA DEPONENTS; TAKE FIVE
ADDITIONAL INDIVIDUAL DEPOSITIONS; AND TAKE ONE ADDITIONAL RULE 30(B)(6) DEPOSITION

First, the Navy owned and controlled NTC for over 100 years and owned and controlled MCRD from about 1919 to the present. With the exception of a small portion of the airport, Navy property surrounded the Boat Channel on north, east, and west sides. The Boat Channel investigation and cleanup alone spanned over 20 years. Moreover, many Navy employees in charge of the Navy's environmental actions and the Navy's contractual actions cycled in and out of this matter every couple of years, making it extremely challenging to identify witnesses with personal knowledge of the facts.

Second, this case is of extreme significance to the City. The Navy's limited and flawed investigation of Boat Channel parcels IIIB and VII resulted in a limited and qualified approval of the Navy's cleanup by the Water Board. The Water Board's letters and comments have made it clear to the City that if Boat Channel parcels IIIB and VII are transferred to the City in their present condition, further investigative orders are highly likely, along with a requirement of further cleanup, potentially costing San Diego taxpayers tens of millions of dollars.

Third, unlike the City, the USA has virtually unlimited resources. It has had at least seven DOJ attorneys handling this case alone and has had help from Navy attorneys. The USA has access to records of its storm and sanitary sewer infrastructure, its purchase and use of products and chemicals that contaminated the Boat Channel, federal property in the watershed draining to the Boat Channel, etc. Locating relevant records and adequately preparing Rule 30(b)(6) witnesses to testify to those records is a routine litigation obligation. After all, the USA filed this case, not the other way around. Moreover, the USA waited until July 2024 to file its breach of contract claim, for which it still has not provided the initial disclosures required by FRCP 26(a)(1). This failure required the City to search for potential the USA witnesses to the MOA on its own, causing an unnecessary delay.

Fourth, the City expects the requested discovery to aid in resolving the issues because the fact witnesses identified are believed to have personal knowledge of the actions and events in question during the most critical timeframe, i.e., 1998 – early

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050

MOTION FOR LEAVE TO REOPEN RULE 30(B)(6) DEPOSITIONS OF THREE USA DEPONENTS; TAKE FIVE ADDITIONAL INDIVIDUAL DEPOSITIONS; AND TAKE ONE ADDITIONAL RULE 30(B)(6) DEPOSITION

1    2000s. The Rule 30(b)(6) reopener request relates to the Navy's recently filed contract

2    claim as well as relevant matter related to the CERCLA claims and defenses.

3           Finally, given that all the depositions to date have been conducted virtually over

4    Zoom and the DOJ has at least seven lawyers working on this case, the burden or

5    expense of the proposed additional depositions does not outweigh the likely benefit.

6    For all the reasons set forth above, the City respectfully requests that the Court grant

7    leave for the City to (i) reopen the depositions of the USA's Rule 30 (b)(6) witnesses,

8    (ii) conduct 5 additional fact witness depositions; and (iii) conduct one additional Rule

9    30(b)(6) deposition.

10

11   DATED:  October 9, 2024          WOOD, SMITH, HENNING & BERMAN LLP

12

13                                    By: _____

14                                        THOMAS E. VANDENBURG
                                          ALICE CHARKHCHYAN
15                                    Attorneys for Defendant/Cross Defendant/
                                      Counter Claimant/Cross Claimant, CITY OF
16                                    SAN DIEGO

17

18

19

20

21

22

23

24

25

26

27

28

35014205.1:10874-0001                                   Case No. 3:23-CV-00541-LL-BJC

MOTION FOR LEAVE TO REOPEN RULE 30(B)(6) DEPOSITIONS OF THREE USA DEPONENTS; TAKE FIVE
ADDITIONAL INDIVIDUAL DEPOSITIONS; AND TAKE ONE ADDITIONAL RULE 30(B)(6) DEPOSITION

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
505 NORTH BRAND BOULEVARD, SUITE 1100
GLENDALE, CALIFORNIA 91203
TELEPHONE 818 551-6000 ♦ FAX 818 551-6050