UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.<br><br>                              Defendants. | Case No.: 23cv0541-LL-BJC<br><br>**ORDER GRANTING CITY OF SAN DIEGO'S MOTIONS TO AMEND ITS ANSWERS TO THE UNITED STATES' COMPLAINT AND COUNTERCLAIM-IN-REPLY [ECF Nos. 99, 100] AND GRANTING THE UNITED STATES' MOTION FOR EXTENSION OF TIME TO RESPOND TO CITY OF SAN DIEGO'S AMENDED COUNTERCLAIMS [ECF No. 101]** |

On September 17, 2024, the Court granted Plaintiff/Counter-Defendant United States' Motion to Dismiss Defendant/Counter-Claimant City of San Diego's Amended Second Through Fourth Counterclaims Pursuant to Rules 12(b)(1) and 12(b)(6) (the "Motion to Dismiss") with leave to amend. ECF No. 89. On October 17, 2024, City of San Diego timely amended its Second Through Fourth Counterclaims. ECF No. 96.

On October 23, 2024, City of San Diego moved to amend its answer to the United States' operative complaint and its answer to the United States' operative counterclaim-in-reply. ECF Nos. 99, 100. The United States does not oppose those motions. ECF No. 106.

Accordingly, the Court **GRANTS** City of San Diego's motions to amend its answer to the United States' operative complaint and counterclaim-in-reply. Within **seven (7) days** of this Order, City of San Diego shall file those amended answers exactly as presented in their prior filings. *See* ECF Nos. 99-1, 100-1.

On October 31, 2024, the United States moved for an additional three weeks to respond to City of San Diego's amended counterclaims, from October 31 to November 21. ECF No. 101. The United States argues that good cause exists to grant their relief pursuant to "Civil Local Rule 7.2"[1] because it needs "adequate time to review the City's amended factual allegations and counterclaims," it "has been working diligently to respond to the City's discovery requests, including preparing responses to three additional sets of requests for production of documents, two of which are due on October 31, 2024 and November 4, 2024," and otherwise "does not submit this request for an improper purpose or delay." *See* ECF No. 101, at 2. At the time of its filing, the United States stated that the City "had not yet had the opportunity to consult with their client on whether to consent to the requested extension but authorized the filing of this motion in the interim." *Id*.

On November 19, 2024, City of San Diego opposed the United States' motion for additional time to respond to its amended counterclaims. ECF No. 107. City of San Diego argues that the United States' motion is untimely as it was made on the day of their response deadline—October 31, 2024—not the "required" seven days beforehand. *See id*. at 2. However, City of San Diego mistakenly relies on the Magistrate Judge's Civil Chamber Rules to support that purported requirement. *See id*. By contrast, this Court's Civil Chambers Rules does not require parties to file a motion for extension of time at least seven

---

[1] The United States states that it filed its motion under Civil Local Rule 7.2, which is reserved for stipulations and joint motions. *See* CivLR 7.2. It is not clear whether the United States' position is that City of San Diego temporarily agreed to the three-week extension pending their client's final approval, or whether the United States should have listed a different rule like Civil Local Rule 12.1. *Compare* ECF No. 101, at 2 *with* ECF No. 107, at 2.

days before their response deadline, though it does state that parties must meet and confer at least seven days prior to filing any noticed motion. *See* Civil Chambers Rule 3(a). The United States states that it met and conferred with City of San Diego "via email and phone," but it does not state the date on which this meet-and-confer occurred. *See* ECF No. 101, at 2. In any event, the Court finds that the United States timely filed its motion for extension of time to respond to City of San Diego's amended counterclaims.

The City argues a few other minor points in their opposition, continuing to mistakenly rely on the Magistrate Judge's Civil Chamber Rules instead of this Court's Civil Chamber Rules. *See* ECF No. 107, at 3–4. The Court does not find them persuasive.

Finally, the City argues that the United States having an additional three weeks to respond to its amended counterclaims will prejudice it. *See id*. at 4–5. This is because fact discovery and expert disclosures closed on November 6, 2024, and November 7, 2024, respectively. *See* ECF No. 87, at 1. However, even if the United States' response to City of San Diego's amended counterclaims causes an unexpected need to address additional discovery-related issues, this is something the City can seek relief from before the Magistrate Judge, just as it is doing with their pending motion to reopen certain depositions. *See* ECF No. 94.

Accordingly, the Court **GRANTS** the United States' motion for an additional three weeks to respond to City of San Diego's amended counterclaims, from October 31, 2024, to November 21, 2024.

**IT IS SO ORDERED**.

Dated:  November 19, 2024

Honorable Linda Lopez
United States District Judge