1  Barry P. Steinberg (Admitted Pro Hac Vice)
   barry.steinberg@kutakrock.com
2  **KUTAK ROCK LLP**
   1133 Connecticut Avenue, NW
3  Suite 1200
   Washington, DC 20036
4  Telephone: (202) 828-2400
   Facsimile: (202) 828-2488
5
   Thomas F. Vandenburg (State Bar No. 163446)
6  tvandenburg@wshblaw.com
   Alice Charkhchyan (State Bar No. 332670)
7  acharkhchyan@wshblaw.com
   **WOOD, SMITH, HENNING & BERMAN LLP**
8  505 North Brand Boulevard, Suite 1100
   Glendale, California 91203
9  Phone: 818 551-6000 ♦ Fax: 818 551-6050

10 Attorneys for Defendant/Cross Defendant/
   Counter Claimant/Cross Claimant
11 CITY OF SAN DIEGO

12              **UNITED STATES DISTRICT COURT**

13             **SOUTHERN DISTRICT OF CALIFORNIA**

14

15 UNITED STATES OF AMERICA,        Case No. 3:23-CV-00541-LL-BJC

16              Plaintiff,          **CITY OF SAN DIEGO'S FIRST**
                                    **AMENDED ANSWER TO UNITED**
17      v.                          **STATES OF AMERICA'S**
                                    **COUNTERCLAIM-IN-REPLY**
18 CITY OF SAN DIEGO,
19              Defendant.          The Hon. Linda Lopez
20
                                    Trial Date: None Set
21 *AND RELATED CROSS CLAIMS AND*
   *COUNTER CLAIMS*
22

23

24

25

26

27

28

## I.

## FIRST AMENDED ANSWER TO COUNTERCLAIM

Defendant City of San Diego ("the City") files this answer to the counterclaim-in-reply of Plaintiff United States of America ("the United States") as follows:

## STATEMENT OF THE CASE

1.     The City admits that it entered into a Memorandum of Agreement ("MOA") with the United States on May 30, 2000, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 1 of the counterclaim-in-reply.

## JURISDICTION

2.     Paragraph 2 of the counterclaim-in-reply states a legal conclusion to which no answer is required. To the extent an answer is required, the City denies that the counterclaim-in-reply of the United States is properly before the Court.

## VENUE

3.     The City admits the allegations set forth in paragraph 3 of the counterclaim-in-reply.

## PARTIES

4.     The City admits the allegations set forth in paragraph 4 of the counterclaim-in-reply.

5.     The City admits the allegations set forth in paragraph 5 of the counterclaim-in-reply.

## GENERAL ALLEGATIONS

6.      The allegations of paragraph 6 of the counterclaim-in-reply contain legal conclusions to which no answer is required. To the extent an answer is required, the City denies all allegations that are not consistent with the law cited in paragraph 6.

7.      The allegations of paragraph 7 of the counterclaim-in-reply contain legal conclusions to which no answer is required. To the extent an answer is required, the City denies all allegations that are not consistent with the law cited in paragraph 7.

8.      The allegations of paragraph 8 of the counterclaim-in-reply contain legal conclusions to which no answer is required. To the extent an answer is required, the City denies all allegations that are not consistent with the law cited in paragraph 8. The City admits that the base was closed in April 1997 and that the City applied for an EDC to redevelop 279 acres of the Naval Training Center in September 1999. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8.

## The MOA

9.      The City admits that it entered into the MOA with the United States on May 30, 2000, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 9 of the counterclaim-in-reply.

10.      The City states that the allegations of paragraph 10 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City

denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 10 of the counterclaim-in-reply.

11.    The City states that the allegations of paragraph 11 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 11 of the counterclaim-in-reply.

12.    The City states that the allegations of paragraph 12 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 12 of the counterclaim-in-reply.

13.    The City states that the allegations of paragraph 13 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 13 of the counterclaim-in-reply. The City admits that Parcels IIIB and VII were believed to contain sediments impacted by various contaminants. The City admits that the United States agreed to "take all remedial action necessary to protect human health and the environment and [to] obtain site closure from appropriate regulatory authorities based on the projected use" of parcels IIIB and VII as described in the NTC San Diego Reuse Plan dated August 1998, before transferring those parcels to the City. The United States failed to comply with this requirement, and so failed to satisfy a condition precedent to the City's performance under the MOA.

14.    The City admits that the MOA required the United States to "take all remedial action necessary to protect human health and the environment and [to] obtain site closure from the appropriate regulatory authorities based on the projected use" of Parcels VIII and X, before transferring them to the City. The City further admits that the City accepted transfer of Parcels VIII and X and denies all remaining allegations of paragraph 14 of the counterclaim-in-reply.

15.    The City states that the allegations of paragraph 15 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 15 of the counterclaim-in-reply.

16.    The City states that the allegations of paragraph 16 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 16 of the counterclaim-in-reply.

17.    The City states that the allegations of paragraph 17 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of paragraph 17 of the counterclaim-in-reply.

18.    The City states that the allegations of paragraph 18 of the counterclaim-in-reply seek to restate the contents of the MOA, which speaks for itself. The City denies any allegation inconsistent with the MOA, and denies all other allegations of

paragraph 18 of the counterclaim-in-reply.

## The Navy Performed Its Obligations Under the MOA

19.    The City admits that the United States completed a Remedial Investigation Report in 2003. The City denies that the Remedial Investigation Report was properly prepared and completed in accordance with law and denies that the Remedial Investigation Report, and the other actions of the United States, are consistent with the National Contingency Plan ("NCP"). The City denies all other allegations of paragraph 19 of the counterclaim-in-reply.

20.    Paragraph 20 of the counterclaim-in-reply seeks to restate the contents of the Remedial Investigation Report, which speaks for itself. The City denies all allegations of paragraph 20 attributed to the Remedial Investigation Report that are inconsistent with the Remedial Investigation Report, and denies all remaining allegations of paragraph 20. The City further denies that the Remedial Investigation was sufficient to determine the risk to human health or the environment.

21.    The City denies the allegations of paragraph 21 of the counterclaim-in-reply.

22.    The City admits that the United States completed a Draft Feasibility Study Report in May 2012 and released a final Feasibility Study Report in 2016, both based on outdated data compiled nearly 20 years earlier and failing to take into account new legal and regulatory requirements promulgated during that 20-year interval. The City further admits that the United States held a public meeting on

October 6, 2016. The City denies all remaining allegations of paragraph 22 of the counterclaim-in-reply.

23.    The City admits the United States issued the final Record of Decision on March 27, 2017.

24.    The City admits that the United States identified an allegedly "preferred remedial alternative." The City denies the remaining allegations of paragraph 24 of the counterclaim-in-reply and denies that the "preferred remedial alternative" was in compliance with the MOA or applicable law and regulations and asserts it was inconsistent with the NCP.

25.    The City denies the allegations of paragraph 25 of the counterclaim-in-reply.

26.    The City admits that the United States conducted an alleged "remedial action" between 2017 and 2019. The City denies the remaining allegations of paragraph 26 of the counterclaim-in-reply and denies that the "remedial action" was in compliance with the MOA or applicable law and regulations and asserts it was inconsistent with the NCP.

27.    The City admits that the United States issued a final Remedial Action Completion Report on March 14, 2019. The City denies the remaining allegations of paragraph 27 of the counterclaim-in-reply, and denies that the remediation of Site 12 was complete, protected the environment, or complied with federal and state law. The City further alleges that the actions of the United States were inconsistent with

the NCP.

28.     The City admits that the Water Board published a letter on April 16, 2019, the contents of which speak for itself. The City denies the remaining allegations in paragraph 28 of the counterclaim-in-reply.

29.     The City admits that the United States prepared and submitted a Final Finding of Suitability to Transfer. The City denies the remaining allegations of paragraph 29 of the counterclaim-in-reply, and denies that the Parcels IIIB and VII were environmentally suitable for transfer under CERCLA or Department of Defense FOST guidance.

30.     The City denies the allegations of paragraph 30 of the counterclaim-in-reply.

31.     The City admits that the Water Board published a letter on April 29, 2021, the contents of which speak for itself. The City denies the remaining allegations of paragraph 31 of the counterclaim-in-reply.

32.     The City denies the allegations of paragraph 32 of the counterclaim-in-reply.

33.     The City denies the allegations of paragraph 33 of the counterclaim-in-reply.

### **The City Breached the MOA**

34.     The City denies the allegations of paragraph 34 of the counterclaim-in-reply.

35.   The City denies the allegations in paragraph 35 of the counterclaim-in-reply.

36.   The City denies the allegations of paragraph 36 of the Counterclaim.

37.   The City denies the allegations of paragraph 37 of the Counterclaim.

38.   The City denies the allegations of paragraph 38 of the Counterclaim.

39.   The City denies the allegations of paragraph 39 of the counterclaim-in-reply.

<u>**FIRST COUNTERCLAIM-IN-REPLY**</u>
**(Breach of Contract)**

40.   The City realleges its answers to the preceding paragraphs as though fully set forth herein.

41.   The City denies the allegations of Paragraph 41 of the counterclaim-in-reply.

42.   The City denies the allegations of paragraph 42 of the counterclaim-in-reply.

43.   The City denies the allegations of paragraph 43 of the counterclaim-in-reply.

44.   The City denies the allegations of paragraph 44 of the counterclaim-in-reply.

45.   The City denies the allegations of paragraph 45 of the counterclaim-in-reply.

46.    The City denies the allegations of paragraph 46 of the counterclaim-in-reply.

47.    The City denies the allegations of paragraph 47 of the counterclaim-in-reply.

48.    The City denies the allegations of paragraph 48 of the counterclaim-in-reply.

49.    The City denies the allegations of paragraph 49 of the counterclaim-in-reply.

50.    The City denies the allegations of paragraph 50 of the counterclaim-in-reply.

51.    The City denies the allegations of paragraph 51 of the counterclaim-in-reply.

52.    The City denies the allegations of paragraph 52 of the counterclaim-in-reply.

53.    The City denies the allegations of paragraph 53 of the counterclaim-in-reply.

## **PRAYER FOR RELIEF**

The City denies that the United States is entitled to any relief as set forth in the counterclaim-in-reply as against the City and prays that the Court dismiss the counterclaim-in-reply with prejudice in its entirety.

## II.

## AFFIRMATIVE DEFENSES

Further answering the counterclaim-in-reply and by way of affirmative defense, the City alleges as follows. By asserting the affirmative defenses below, the City intends no alteration of the burden of proof or any other evidentiary burden which otherwise exists as to any particular issue at law or in equity. Such issues of burden are not waived and, to the contrary, are expressly reserved.

### FIRST AFFIRMATIVE DEFENSE
### (Statute(s) of Limitation)

1.     The counterclaim-in-reply and each and every claim for relief alleged therein, is barred by any and all applicable statutes of limitations, including but not limited to 42 U.S.C. § 9613(g)(2).

### SECOND AFFIRMATIVE DEFENSE
### (Act of God or War)

2.     The damages and/or losses alleged in the counterclaim-in-reply, if any, were or may have been proximately caused or contributed to by some natural cause, act of God, or act of war.

### THIRD AFFIRMATIVE DEFENSE
### (Act or Omission of Third Party)

3.     Based on information and belief, the City alleges that the counterclaim-in-reply, and each and every claim for relief alleged therein, is barred in whole or in part because any alleged release of hazardous substances and any damages resulting

therefrom were caused solely by the acts or omissions of a third party.

### FOURTH AFFIRMATIVE DEFENSE
**(Superseding or Intervening Independent Cause)**

4.      Based on information and belief, the City alleges that the acts, injuries, and/or damages alleged by the United States were the result of superseding or intervening causes arising from acts or omissions of the United States, and/or individuals and/or other entities which the City neither controlled nor had the legal right to control. Accordingly, each act, injury, and/or damages alleged were not proximately caused by the City.

### FIFTH AFFIRMATIVE DEFENSE
**(Cause in Fact)**

5.      Based on information and belief, the United States cannot prove any facts showing that the City's conduct or omissions were the cause in fact of the damages or losses alleged in the counterclaim-in-reply.

### SIXTH AFFIRMATIVE DEFENSE
**(Proximate Cause of Harm)**

6.      Based on information and belief, the United States cannot prove any facts showing that the City's alleged conduct or omissions were the proximate cause of the damages or losses alleged in the counterclaim-in-reply.

### SEVENTH AFFIRMATIVE DEFENSE
**(Any Releases Authorized or Permitted Pursuant to Federal or State Law)**

7.      To the extent that the City is determined to be responsible for any releases or threatened releases, which it denies, any such releases or threatened

releases were authorized by applicable federal or state law and/or valid permits.

## EIGHTH AFFIRMATIVE DEFENSE
### (Divisibility)

8.    If the damages alleged by the United States are found to have been caused by the City, which the City denies, such damages are distinct, divisible, and separate, and the costs and harm in relation to which they were incurred are capable of reasonable apportionment and are divisible; therefore, the City cannot be held jointly and severally liable.

## NINTH AFFIRMATIVE DEFENSE
### (Joint and Several Liability Improper)

9.    On information and belief, the United States is responsible under CERCLA § 107(a), 42 U.S.C. § 9607(a), as an "owner" or "operator" of properties referenced in the counterclaim-in-reply at which releases of the contamination have occurred. The United States, therefore, is barred from bringing a claim for joint and several cost recovery against the United States under CERCLA § 107(a), 42 U.S.C. 9607(a), and the City's liability to the United States, if any, is limited to its equitable share, if any, of the necessary costs of response incurred by the United States consistent with the NCP.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Conditions Precedent)

10.    The United States cannot enforce the MOA, and is not entitled to specific performance, because the United States failed to comply with its obligations

under the MOA, and failed to satisfy conditions precedent of the MOA, relieving the

City of any obligation to perform under the MOA.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Inconsistency with the National Contingency Plan)

11.    The remedial actions taken by the United States were inconsistent with

the NCP and were not in compliance with CERCLA, the MOA, and other federal

laws and regulations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

12.    The United States cannot recover against the City and is not entitled to

specific performance under the MOA, because there is an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

13.    The United States cannot recover against the City and is not entitled to

specific performance of the MOA, under the doctrines of waiver, unclean hands,

estoppel, laches, and illegality.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure of Meeting of the Minds; Violation of Statute of Frauds)

14.    Any attempt by the United States to rely on any oral statements or

representations of either party to the MOA violates the integration clause of the MOA

provided at paragraph 16 that the MOA " . . . together with all exhibits hereto,

constitute the entire agreement between the Parties." Any attempt or effort to

introduce, interject, or rely on any evidence outside the plain and unambiguous

language of the MOA to modify any term of the MOA, or to relieve the United States of the obligations imposed on it by the plain language of the MOA is irrelevant to this litigation, alters the understanding and intent of the parties, would demonstrate a lack of meeting of the minds, and violates the statute of frauds.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

15.     The City reserves the right to offer additional defenses which cannot now be set forth due to the United States' failure to particularize their claims and/or to the City's lack of knowledge of the circumstances surrounding the United States' claims. Upon further particularization of the claims by the United States or upon discovery of further information concerning the United States' claims, the City reserves the right to assert additional defenses.

### PRAYER FOR RELIEF

**WHEREFORE**, the City prays as follows:

1.     That United States take nothing by their counterclaim-in-reply, and that the counterclaim-in-reply be dismissed, with prejudice;

2.     That the City be awarded costs of suit incurred in defense of this action; and

3.     For such other relief as the Court deems just and proper.

DATED: November 21, 2024

Respectfully submitted,

KUTAK ROCK LLP


By: */s/ Barry P. Steinberg*
    Barry P. Steinberg
    barry.steinberg@kutakrock.com

Attorney for Defendant/Cross Defendant/
Counter Claimant/Cross Claimant
City of San Diego