1 | Barry P. Steinberg (admitted *Pro Hac Vice*)
barry.steinberg@kutakrock.com
2 | **KUTAK ROCK LLP**
1133 Connecticut Avenue, NW
3 | Suite 1200
Washington, DC 20036
4 | Telephone: (202) 828-2400
Facsimile: (202) 828-2488
5 |
6 | Dwyer Arce (admitted *Pro Hac Vice*)
dwyer.arce@kutakrock.com
7 | **KUTAK ROCK LLP**
1650 Farnam Street
8 | The Omaha Building
Omaha, NE 68102
9 | Telephone: (402) 346-6000
Facsimile: (402) 346-1148
10 |
11 | Thomas F. Vandenburg (SBN 163446)
tvandenburg@wshblaw.com
12 | Alice Charkhchyan (SBN 332670)
acharkhchyan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
13 | 505 North Brand Boulevard, Suite 1100
Glendale, CA 91203
14 | Telephone: (818) 551-6000
Facsimile: (818) 551-6050
15 |
16 | Attorneys for Defendant/Cross Defendant/
Counter Claimant/Cross Claimant
City of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-CV-00541-LL-BJC |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL** |
| v. | |
| CITY OF SAN DIEGO, | |
| Defendant. | The Hon. Linda Lopez |
| *AND RELATED CROSS CLAIMS AND COUNTER CLAIMS* | Trial Date: None Set |

3:23-CV-00541-LL-BJC

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED
STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

Following the order of the court, the City of San Diego (the "City") hereby submits its Motion to Compel the United States of America (the "United States") to Permit Entry and Sampling at the Boat Channel.  This Motion is based on the following points and authorities, the supporting Declarations of Barry P. Steinberg and J. Michael Trapp, Ph.D., all supporting exhibits, the pleadings, and all other pertinent documents in the court file.

## INTRODUCTION

The City served the United States with a Rule 34 Request to "permit entry of its representatives and experts onto and in land, water, and subaqueous land . . . for the purpose of inspecting, observing, measuring, surveying, photographing, testing, and sampling the soils, sediments, and water on and leading to the Boat Channel." (*See* Steinberg Decl. Ex. A). The purpose of this investigation is to ensure that the United States has taken all action necessary to protect human health and the environment as required by the Navy's contract with the City.

Prior to transferring the Boat Channel to the City, the United States is contractually obligated to have first taken all remedial action necessary to protect human health and the environment.  As discussed herein, and as is expected to be further shown after the Rule 34 inspection and testing process is completed, the United States' investigation, testing and remediation of the Boat Channel fell well short of what was necessary to protect human health and the environment.  It is no wonder, then, that the United States is vigorously opposing the City's request to conduct its own investigation, for fear of having the actual conditions at the Boat Channel revealed. (*See* Steinberg Decl. Ex. B).

As discussed herein, the United States' objections to the City's investigation completely lack merit, and the court should therefore order that the City be permitted entry onto the Boat Channel to conduct the requested investigation.

- 1 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL

## <u>ARGUMENT</u>

### 1.    This Action is Governed by Contract, not CERCLA

The Boat Channel is the subject of a Memorandum of Agreement ("MOA") between the City of San Diego and the United States wherein the United States is obligated, as a condition precedent to conveyance of Parcels IIIB and VII the Boat Channel to the City, to "…take all remedial action necessary to protect human health and the environment…and … obtain site closure from appropriate regulatory authorities based on the projected use of…" the parcels. (*See* Steinberg Decl. Ex. C, ¶4(b)). The MOA is a contract, executed by a federally empowered contracting officer for the conveyance of real property. The United States' initiation of this litigation is predicated upon the contractual obligations of the parties, which establishes conditions to be satisfied by both parties.

Despite the plain language of the MOA, the United States' refuses to permit the City to access the Boat Channel based on an erroneous assertion of irrelevance, a mistake predicated upon the misapplication of a provision of the Comprehensive Environmental Response, Compensation And Liability Act (CERCLA, 42 U.S.C. 9601 et seq), section 9613(j)(1). This provision of the statute (Chapter 103) provides that "… that any judicial action taken under this chapter …  shall be limited to the administrative record." However, the "judicial action" to be taken in this matter is not "…under this chapter…"  Rather, it is a challenge to the satisfaction of a contractual obligation of the United States.

This obligation is not a challenge under CERCLA.  The terms "CERCLA," "Superfund," "42 U.S.C.," are not used or referenced in the MOA.  The condition precedent is not in quotations, capitalized, italicized, or boldened.  It contains no defined terms.  There is nothing in the MOA to demonstrate the condition precedent "take all remedial action necessary to protect human health and the environment" has any meaning other than the plain language of the words.  In addition, the MOA is an

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

integrated contract which specifically states that it is the total agreement and no other
representations or documents, oral or in writing, shall modify the agreement except
in writing signed by both parties. (*See* Steinberg Decl. Ex. C, ¶ 16).

The MOA term "all remedial action necessary to protect human health and the
environment" is not defined in law. What action is necessary to satisfy this term is,
of necessity, fact based. The United States asserts that it has satisfied this contractual
obligation and that its unilateral determination of success cannot be challenged
except with reference to its unilaterally determined administrative record. The
United States misconstrues its obligations as purely statutory notwithstanding the
mutual reliance of the parties on the plain language of the MOA. In doing so, the
United States attempts to unilaterally rewrite the contract, thereby implicating the
Statute of Frauds, a long-standing legal concept embodied in California State real
estate law. (*See* California Civil Code 1624 (a)(3) and 1629).

Of dispositive legal importance is the provision of 28 U.S.C. 1652, which
establishes that the state rules of decision of California shall apply except where the
Constitution, treaties or Acts of Congress provide or apply. CERCLA Section
9613(j) meets none of these exceptions. California's Statute of Frauds therefore
applies here, and no extracontractual evidence to explain or modify the contract terms
is admissible. This historic legal concept is essentially captured in the MOA itself,
where paragraph 16 precludes such alleged evidence from consideration. The
applicability of the California Statute of Frauds is further embellished by the United
States Supreme Court decision in *Erie v. Thompkins*, 304 U.S. 64, 78 (1938) which
recognized that there is no federal common law.

Based on the above, the court is not limited to a review of the United States'
self-serving administrative record in this contract action, but instead must look at the
plain language of the MOA term "take all remedial action necessary to protect human
health and the environment" in determining whether the City's inspection and

- 3 -

MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED
STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL

sampling may yield relevant evidence. The City strongly suggests that its efforts have a high probability if not a certainty of doing so, and therefore requests the court grant this Motion.

### 2.    The City's Inspection would not be Unduly Burdensome

The United States also objects to the City's requested inspection because it would allegedly impose an undue burden on the United States by requiring a substantial commitment of time and resources to accommodate an expert inspection. The United States' objections in this regard are completely meritless.

First, the United States' own documentation shows that the Boat Channel is open to and utilized by the public without government employee escorts, and therefore the claim that the City's testing would require substantial escort accommodations is dubious at best. (*See* Steinberg Decl. Ex. D). In addition, it is uncontroverted that the City will bear the entire cost of its own experts' investigation at the Boat Channel, therefore imposing no additional costs on the United States. (*See* Steinberg Decl. ¶15). As such, the United States cannot make a legitimate claim that it would be overly burdened by the inspection.

### 3.    Serious Questions Exist Regarding the United States' Cleanup Effort

Contrary to the United States' assertion that the City's inspection is merely a "fishing expedition", serious and legitimate deficiencies in the United States' remediation efforts are apparent, including (1) the site characterization was inadequate, out of date, and not representative of the current conditions at the time of the remediation; (2) there was inadequate evaluation of Contaminants of Concern; (3) the site investigation failed to address all the areas potentially contaminated; (4) the Boat Channel was not cleaned up to current regulatory standards; and (5) the cleanup failed to address all the existing contamination in the Boat Channel. *See* Declaration of J. Michael Trapp, Ph.D.

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL

Thirty years ago, before the United States began the limited sampling of the subaqueous sediment in the Boat Channel, the City questioned its process for evaluation of contamination. (*See* Steinberg Decl. Ex. E). The questionable sampling, completed in 1998, provided a data base for analysis which the City asserts, with substantial supporting evidence, is unreliable. (*See* Steinberg Decl. Ex. F). Notably, a senior employee of the United States' contractor who designed, developed, and executed the plan for remediation of the Boat Channel advised the lead environmental manager for the project that the United States "…can't legally give the warranty for the Beach sediment…", which demonstrates an effort to avoid the contractual nature of the United States' obligations at issue here, with further evidence of an attempt to redefine the Boat Channel boundaries in order to obscure the inadequacy of the sampling. (*See* Steinberg Decl. Ex. G).

The United States actually admits that its investigation and remediation did not encompass the entirety of the Boat Channel, with the BRAC Environmental Coordinator admitting that they "…did not investigate the riprap, seawalls/shoreline…". (*See* Steinberg Decl. Ex. H). This is a significant admission because the MOA is a contract for the conveyance of *all* of Boat Channel parcels IIIB and VII, to the top of the banks, not just the portion located at and under the waterline. The limited extent of the United States' investigation and remediation is acknowledged by the San Diego Water Board, which limited its review to IR Site 12, which covers only a portion of, but not all of Parcels IIIB and VII. (*See* Steinberg Decl. Ex. I).

Notably, in the intervening 26 years since the United States performed its questionable sampling, several hazardous substances have been designated as such by the Environmental Protection Agency, including perfluorinated compounds ("PFAS"). PFAS is known to be present in San Diego Bay, a tidally non-static body of water connected to the Boat Channel, and no sampling or testing for PFAS has

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL

been undertaken by the United States. (*See* Steinberg Decl. Ex. J).

This blatant and deliberate effort to avoid the required assessment for the presence of PFAS cannot possibly satisfy the United States' obligation, as a condition precedent, to take all action necessary to protect human health and the environment. (*See* Steinberg Decl. Ex. K).

Based on the above, the City has serious and legitimate questions as to whether the United States' investigation and remediation of the Boat Channel constitutes "all remedial action necessary to protect human health and the environment" as required by the MOA.   Without the requested access and information to be obtained, the City is placed in the untenable position of being forced, by virtue of the Navy's effort to obtain specific performance to taking title to real estate without current information concerning the environmental condition of that property and the Navy's satisfaction of the conditions precedent to conveyance.  The Navy seeks specific performance yet is unwilling to allow verification of its contractual obligations. As set forth herein, denying the City the opportunity to conduct its own investigation would constitute actual and substantial prejudice, and the court should therefore grant the City's motion. *See In re Sulfuric Acid Antitrust Litig.* (ND IL 2005) 231 FRD 331, 333.

## CONCLUSION

As set forth above, the City's Rule 34 Request seeks critical, highly relevant evidence, and the City will be severely prejudiced if it is not permitted to conduct its own investigation.  Accordingly, the City requests the court grant its motion.

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

MEMORANDUM IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO COMPEL THE UNITED STATES OF AMERICA TO PERMIT ENTRY AND SAMPLING AT THE BOAT CHANNEL

1

DATED: December 20, 2024

Respectfully submitted,

2

KUTAK ROCK LLP

3

4

By: *s/ Barry P. Steinberg*

5

Barry P. Steinberg
barry.steinberg@kutakrock.com

6

Attorney for Defendant/Cross

7

Defendant/ Counter Claimant/Cross
Claimant

8

City of San Diego

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

3:23-CV-00541-LL-BJC

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC