UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.<br><br>Defendants. | Case No.: 23-cv-541-LL-BJC<br><br>**ORDER DENYING DEFENDANT CITY OF SAN DIEGO'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**<br><br>**[ECF No. 94]** |

Before the Court is Defendant City of San Diego's ("City") "Motion for Leave to Reopen Rule 30(B)(6) Depositions; Take Five Additional Individual Depositions; and Take One Additional Rule 30(B)(6) Deposition." ECF No. 94. For the reasons set forth below, City's motion is **DENIED**.

I.   **BACKGROUND**

On October 2, 2024, the Court held a status conference with Plaintiff United States of America ("USA") and City to address ongoing discovery disputes that the parties briefed in a status report filed on September 13, 2024. *See* ECF Nos. 88, 92. During the status conference, City requested the Court consider its request to retake several 30(b)(6) depositions of USA employees and notice additional depositions beyond the ten-deposition limit set by Fed. R. Civ. P. 30(a)(2)(A)(i). USA objected to City's request and

noted that City only mentioned this request to USA a few days prior to the scheduled status conference with the Court. At the conclusion of the status conference, the Court requested City submit briefing on these issues. City submitted its briefing on October 10, 2024 (ECF No. 94), and USA filed its opposition on October 22, 2024. ECF No. 98.

In addition, the Court granted an extension on the fact discovery deadline twice per City's request. Specifically, the Scheduling Order initially set the fact discovery cutoff for August 7, 2024. ECF No. 61. Following a status conference held on August 5, 2024, the fact discovery deadline was extended to September 6, 2024. ECF No. 78. On September 13, 2024, the Court entered an order granting City's motion to extend the discovery deadline, making the new fact discovery cutoff date November 6, 2024. ECF No. 87.

## II. DISCUSSION

### A. Reopening 30(b)(6) Depositions of Amy Jo Hill, Lonie Cyr, and Louis Cardinale

City moves to re-open three 30(b)(6) depositions and re-depose Amy Jo Hill, Lonie Cyr, and Louis Cardinale for two main reasons. First, City of San Diego argues that USA failed to provide City with indices of documents reviewed by the deponents in sufficient time to facilitate their preparation for the depositions. *See* ECF No. 94 at 9 ("Approximately sixty-seven (67) minutes before the deposition, USA's counsel produced [an] 'Index of documents reviewed by L. Cardinale"); *Id.* at 6 ("[t]wenty-four (24) minutes before the deposition, USA's counsel transmitted to City's counsel a list of seventy-three (73) documents reviewed by the witness."). Additionally, City claims that USA failed to "adequately prepare their witnesses to testify." *See Id.* at 1.

Regarding USA's timing for disclosure of documents prior to its 30(b)(6) depositions, City attached a copy of its Deposition Notice that stated:

> "Under Fed. R. Civ. P. 34, the United States shall produce an index to or a copy of each document that the witness relies on, or witnesses rely on, in preparing to testify as a Rule 30(b)(6) representative. If the document has not been previously

|   |   |
|---|---|
| 1 | produced, the United States shall produce a copy of the document |
| 2 | rather than listing it in an index." ECF No. 94, Ex. 1 at p. 2. |

Contrary to the City's deposition notice, FRCP 34 does not require parties to provide an index of each document that a witness relies on, nor does it provide a certain timeframe for such action to take place prior to commencing a deposition. *See Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005) ("Rule 34 requires that a written response to a discovery request be served within 30 days of the service of the request. The response must provide access to the information requested, either by permitting inspection or by producing documents").

City does not state that USA failed to produce documents in response to their document requests or even failed to provide the requested document index. Rather City finds it unfair that USA provided (in some circumstances) a "bates-numbered" list of documents, did "not indicate which documents correspond to which [deposition topic] categories," and did not provide City with the document indices well in advance of the depositions. ECF No. 94 at 8. USA is not required under Rule 34 to provide indices at all or within a certain timeframe. The fact that the documents had already been provided to City indicates that USA satisfied the requirements of Rule 34. As such, the Court does not find that the timing of USA providing City with the optional indices of documents used to prepare 30(b)(6) witnesses supports reopening depositions.

Additionally, City alleges that USA did not sufficiently prepare its 30(b)(6) witnesses to testify. *See e.g.* ECF No. 94 at 4 ("Ms. Hill was unable to answer basic questions such as the names of individuals from City that were involved in the negotiation of the MOA with USA."); *Id.* at 7 ("Ms. Cyr stated in her testimony '[i]f you have a question about a particular document, we can open that up and look at it.'"); *Id.* at 10 ("Mr. Cardinale stated, 'I can't tell what these Bates numbers refer to.'").

Indeed, a 30(b)(6) deposition is not a "memory contest," and an entity has a duty to "'make a conscientious, good-faith effort to designate knowledgeable persons" and "prepare them to fully and invasively answer questions about a designated subject matter."

*See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG), 2016 WL 4485564, at *4 (S.D. Cal. July 21, 2016). Nothing in the record before the Court supports finding that USA's witnesses failed to review documents or prepare for the depositions. Here, the witnesses simply could not recall some specifics from his/her review of documents. Having previously received and presumably reviewed the documents in question, City could have directed the witness to specific documents to refresh their recollections or given the witnesses an opportunity to locate documents related to City's questions. It is unclear whether City chose not to do so. For these reasons, City's request to reopen the 30(b)(6) depositions of Amy Jo Hill, Lonie Cyr, and Louis Cardinale is **DENIED.**

### B.   Leave for City of San Diego to Take Five Additional Individual Witness Depositions

The City also requests the Court's permission to take five additional individual witness depositions. A party seeking to exceed the presumptive ten-deposition limit must establish good cause to do so. *Ocean Garden Prods. Inc. v. Blessings, Inc.*, No. CV-18-00322-TUC-RM, 2020 U.S. Dist. LEXIS 18755, 2020 WL 570947, at *2 (D. Ariz. Feb. 5, 2020). Good cause is "a high standard that continues to rise with each request for additional depositions." *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK-SVK, 2018 U.S. Dist. LEXIS 182254, 2018 WL 5023370, at *2 (N.D. Cal. Oct. 16, 2018). Rule 30 directs that the Court "must grant leave" to take additional depositions to a party who has met this standard "to the extent consistent with Rule 26(b)(1) and (2)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2). *See also Ocean Garden*, 2020 U.S. Dist. LEXIS 18755, 2020 WL 570947, at *2; *Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5325 FDB, 2007 U.S. Dist. LEXIS 40526, 2007 WL 906150, at *2 (W.D. Wash. Mar. 23, 2007).

Under Rule 26(b)(1), parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." While Rule 26(b)(1) creates an expansive universe of discoverable information, Rule

26(b)(2), in turn, places certain defined boundaries on that universe, by stating that the Court "must limit the frequency or extent of discovery otherwise allowed" if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]"  Fed R. Civ. P. 26(b)(2)(C)(i)-(ii)2 (emphasis added). Therefore, if the Court finds that none of the grounds for limiting discovery outlined in Rule 26(b)(2) applies to Defendant's request to conduct additional depositions, the Court must grant leave for the additional depositions.  On the other hand, the Court must deny the request if any of these grounds applies.

Here, the Court finds that both grounds for limiting discovery apply to City's request to take additional depositions.  First, City has not established good cause to conduct an additional 30(b)(6) deposition or five additional witness depositions because City had ample opportunity to request additional depositions.  As noted above, the parties' original fact discovery deadline was August 7, 2024. ECF No. 61.  Prior to the initial fact discovery deadline, this Court held a status conference with the parties on August 5, 2024 where the parties discussed outstanding discovery issues.  ECF No. 78.  Following the status conference, the parties filed two status reports: one on August 23, 2024 (ECF No. 84) and one on September 13, 2024 (ECF No. 88).  Neither status report raised concerns about City needing to take more depositions beyond the ten allotted per FRCP 26.  Indeed, City did not mention this request until the status conference held on October 2, 2024. ECF No. 92.  City waited to request permission to take additional depositions until *2 months* after the initial fact discovery deadline and after receiving a three-month extension on the fact discovery deadline.  As such, allowing six additional depositions at this stage would be "highly burdensome" and would "divert employees away from normal duties to spend significant time preparing" for the additional depositions.  ECF No. 98 at 16.

Second, City has not shown that good cause exists to take the additional depositions because the anticipated topics of the examinations are duplicative of prior discovery

requests and/or depositions conducted. City is requesting to take five additional witness depositions all relating to the witnesses' "knowledge of relevant facts, especially regarding the MOA which was executed in May of 2000." ECF No. 94 at 14. City further states that it is necessary to depose these individuals since "the Navy rotated staff every couple of years" during the period in question for this litigation. *Id.* However, City already served a 30(b)(6) deposition notice and conducted an examination of Amy Jo Hill on the following topic: "Memorandum of Agreement By and Between the United States of America and City of San Diego for Economic Development Conveyance and Public Benefit Conveyances at the Former Naval Training Center, San Diego (MOA)." ECF No. 94, Ex. 1, at 2. Since the topic of the additional inquiries has already been covered in a deposition, the requested additional witness depositions will result in duplicative testimony. Therefore, City's request to take five additional witness depositions is **DENIED.**

**C.    Leave for City of San Diego to Take Additional 30(b)(6) Deposition of USA**

City also requests permission to conduct an additional 30(b)(6) deposition on the following category: "The USA's purchase, use, application, transport, storage, treatment, disposal or dumping at the NTC (including the Boat Channel) and/or MCRD from 1922 to the present relating to the following chemicals: Perfluorinated compounds; Chromium (also known as Chrome; Chromium Element; Chromium Metal; Metallic Chromium; Cr; DLA05001; RTECS GB4200000; and all products that are or include Cr3 and Cr6); DDT; and Chlordane." ECF No. 94 at 10. As articulated above, the Court finds that City's delay in requesting this additional deposition topic weighs against granting the request. City has contacted chambers several times since August of 2024 to raise numerous discovery disputes, but neglected to raise this issue until a status conference held on October 2, 2024.

Additionally, the Court finds that an additional deposition on this topic would be duplicative of prior deposition topics. Specifically, Topic No. 8 on City's deposition notice, dated August 27, 2024, requests information related to contaminants found within

the Boat Channel.  *See* ECF No. 94, Ex. 1 at pp. 4–5 (information "regarding the negotiation and the remediation of the NTC Boat Channel [including], but not limited to: the selection of chemicals of concern for analysis and exclusion of other chemicals of concern from the analysis").  City's description of Topic No. 8 was broad enough to include the additional category listed above.  Indeed, City fails to aver that the requested category of an additional deposition would not be cumulative or duplicative of topics raised in prior depositions.  As such, the Court **DENIES** City of San Diego's request to conduct an additional 30(b)(6) deposition.

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** City of San Diego's Motion for Leave to Reopen Rule 30(B)(6) Depositions; Take Five Additional Individual Depositions; and Take One Additional Rule 30(B)(6) Deposition." ECF No. 94.

**IT IS SO ORDERED**.

Dated:  December 30, 2024

_____
Hon. Benjamin J. Cheeks
United States Magistrate Judge