1  Barry P. Steinberg (admitted *Pro Hac Vice*)
   barry.steinberg@kutakrock.com
2  **KUTAK ROCK LLP**
   1133 Connecticut Avenue, NW
3  Suite 1200
   Washington, DC 20036
4  Telephone: (202) 828-2400
   Facsimile: (202) 828-2488
5
   Dwyer Arce (admitted *Pro Hac Vice*)
6  dwyer.arce@kutakrock.com
   **KUTAK ROCK LLP**
7  1650 Farnam Street
   The Omaha Building
8  Omaha, NE 68102
   Telephone: (402) 346-6000
9  Facsimile: (402) 346-1148

10 Thomas F. Vandenburg (SBN 163446)
   tvandenburg@wshblaw.com
11 Alice Charkhchyan (SBN 332670)
   acharkhchyan@wshblaw.com
12 **WOOD, SMITH, HENNING & BERMAN LLP**
   505 North Brand Boulevard, Suite 1100
13 Glendale, CA 91203
   Telephone: (818) 551-6000
14 Facsimile: (818) 551-6050

15 Attorneys for Defendant/Cross Defendant/
   Counter Claimant/Cross Claimant
16 City of San Diego

17          **UNITED STATES DISTRICT COURT**

18          **SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 3:23-CV-00541-LL-VET |
|---|---|
| Plaintiff, | **CITY OF SAN DIEGO'S MOTION TO EXTEND TIME TO OPPOSE THE UNITED STATES OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| CITY OF SAN DIEGO, | |
| Defendant. | **[ECF NO. 118]** |
| *AND RELATED CROSS CLAIMS AND COUNTER CLAIMS* | The Hon. Linda Lopez |
| | Trial Date: None Set |

Defendant CITY OF SAN DIEGO ("the City") by and through their attorneys of record and pursuant to Federal Rules of Civil Procedure 56(d) and 6(b), respectfully move this Court to extend the time for the City to file an Opposition to Plaintiff UNITED STATES OF AMERICA's ("United States") pending Motion for Partial Summary Judgment, and continue the hearing date on said motion, to allow the City time to complete its investigation, obtain declarations and take discovery regarding the issues presented in the United States' motion.

## I.   INTRODUCTION

The United States filed their Motion for Partial Summary Judgment on the City's Prima *Facie* Liability Under CERCLA (ECF No. 118) on December 30, 2024. Due to the New Year's Day holiday and the Martin Luther King, Jr. holiday, the United States' holiday-season summary judgment motion permitted the City only 13 business days to respond. In addition to the shortened time, many key City personnel whose input is necessary were on holiday leave during this time frame, further hampering the City's investigation and ability to obtain declarations. Furthermore, the United States' motion relies heavily on its experts' declarations, whom the City has not yet had an opportunity to depose. As such, the City cannot present all facts essential to justify its Opposition on the current due date, and therefore seeks a short extension to file on January 31, 2025, with a commensurate continuation of the motion hearing date.

The City has communicated with the United States regarding the instant request for an extension of time, and through its counsel the United States advises that it does not and will not oppose this Motion to Extend Time, with a new Opposition filing date of January 31, 2025. The City therefore respectfully requests that the Court grant this unopposed motion.

## II.   LEGAL AUTHORITY

Federal Rule of Civil Procedure 6(b) provides as follows:

> *(b) Extending Time.*
>
> > *(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:*
> >
> > > *(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…*

In this matter, the City's request is made before the expiration of the original due of the Opposition at issue, and this Motion is therefore timely. Further, as discussed herein, good cause exists for the Court to extend the time as requested.

With respect to summary judgment motions, Federal Rule of Civil Procedure 56(d) provides as follows:

> *(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:*
>
> > *(1) defer considering the motion or deny it;*
> >
> > *(2) allow time to obtain affidavits or declarations or to take discovery; or*
> >
> > *(3) issue any other appropriate order.*

As discussed herein, the City cannot present all facts essential to justify its Opposition by the current filing deadline, and therefore seeks additional time to obtain declarations and take discovery as provided by Rule 56(d).

### III. ARGUMENT

#### a. This Motion Will Not Be Opposed

The City has communicated with the United States regarding the instant request for an extension of time, and through its counsel the United States advises that it does not and will not oppose this Motion to Extend Time, with a new Opposition filing date of January 31, 2025. (*See* Declaration of Barry Steinberg, ¶4).

### b. The City Has Been Diligent in Pursuing Information

The United States' Separate Statement of Undisputed Facts (ECF No. 123) which was filed as part of the Motion, lists fifty-six (56) undisputed facts that require careful consideration of each to determine which are to be disputed and the evidentiary basis for each such dispute. Many issues have been identified for evaluation through discussions with available City personnel, reference to the over 600,000 pages produced by the United States in discovery as well as the City's produced documents, and evaluation by City expert witnesses. This process has not been completed due in part to the unavailability of City personnel during the early January 2025 holiday season, the large number of asserted facts, and the volume of material to be evaluated. (*See* Declaration of Barry Steinberg, ¶5). Given the circumstances and volume of information, the City's efforts indicate significant diligence.

### c. Significant Relevant and Admissible Evidence is Likely to be Obtained

Based on initial communications with City personnel and the City's retained experts, it is apparent that many of the United States' alleged facts may be disputed, including significant facts that are relied upon by the United States' experts in their supporting declarations. City documents, declarations from City personnel with personal knowledge, and declarations from City-retained experts are anticipated to be submitted in support of the City's Opposition. In addition, the City expects that it may obtain further admissible evidence by way of deposing the United States' expert declarants. (*See* Declaration of Barry Steinberg, ¶5).

### d. Extensions of Time are Favored

Continuances of time based on Rule 56(d) are favored due to the harsh consequences of summary judgment and strong preference to permit the nonmovant the opportunity to submit opposition evidence, and such opportunities are granted to

"a party opposing summary judgment [who] demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition". (See *Hall v. Tehrani,* 2013 WL 1326879, at *3 (N.D. Cal. March 29, 2013) [parties permitted to conduct discovery for four years when plaintiff requested additional discovery under Rule 56(d)]; *Flowers v. Alameda Cnty. Sheriff's Dep't,* 2012 WL 1038744, at *4 (N.D. Cal. Mar. 27, 2012) ["Rule 56(d) ... allows a party to avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion."].

With a strong preference in favor of continuances, the United States' non-opposition, the number of material facts at issue, and the impact of the timing of the motion over the holiday season, the City submits that good cause exists to grant this motion. The City also notes that the United States was very recently granted a three week extension of time to respond to the City's amended counterclaim, and that the United States was also provided extended time to oppose the City's pending Motion to Compel due to the holiday season. Neither of these extensions afforded the United States involved a dispositive matter with consequences matching the level of the summary judgment motion at issue.

## IV.  CONCLUSION

For the reasons set forth herein, the City respectfully requests this Motion be granted, with the Court providing a short extension for the City to file its Opposition to the United States' Motion for Partial Summary Judgment on January 31, 2025, with a commensurate continuation of the motion hearing date.

DATED: January 17, 2025

Respectfully submitted,

KUTAK ROCK LLP


By: *s/ Barry P. Steinberg*
Barry P. Steinberg
barry.steinberg@kutakrock.com

Attorney for Defendant/Cross Defendant/ Counter Claimant/Cross Claimant
City of San Diego