LISA LYNNE RUSSELL
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
STEFAN J. BACHMAN (SC Bar No. 102182)
BRIAN SCHAAP (DC Bar No. 1780655)
NICHOLAS MCDANIEL (MA Bar No. 682742)
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-6536
MARK ALBERT RIGAU (CA Bar No. 223610)
Environmental Defense Section
450 Golden Gate Avenue, Suite 07-6714
San Francisco, CA 94102
Phone: (415) 744-6487
ALASTAIR M. GESMUNDO (CABN 316573)
SAMUEL F. HOBBS (AL Bar No. 9776O19E)
Civil Division
Commercial Litigation Branch
Phone: (202) 305-4664

*Attorneys for Plaintiff and Counterclaim Defendant United States of America*

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>   Defendant.<br><br>*AND RELATED CROSS CLAIMS* | Case No. 3:23-cv-00541-LL-VET<br><br>**REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE CITY OF SAN DIEGO'S** *PRIMA FACIE* **LIABILITY UNDER CERCLA** |

Case No. 3:23-cv-00541-LL-VET

# INTRODUCTION

The City's response brief ignores the very basic question presented by the United States' motion for partial summary judgment: Have discharges from the City's municipal stormwater system contributed to hazardous substance contamination in the Boat Channel, rendering the City a liable party under CERCLA Section 107(a), 42 U.S.C. § 9607(a)? The answer is indisputably, yes. Not only do the facts set forth in the United States' Statement of Undisputed Material Facts establish the City's liability, but the City's own expert concludes that "a reasonable overall allocation of contaminant contribution to the environmental response costs for the Boat Channel is 12.5% for the City of San Diego." *See* ECF No. 119-44 at 4–5.

The City's response brief offers no evidence to contradict the facts establishing its *prima facie* liability—instead raising improper objections and irrelevant arguments.[1] Contrary to the City's statements, the Court need not address consistency with the National Contingency Plan ("NCP") to rule on the United States' motion for partial summary judgment, and partial summary judgment is appropriate when, as here, undisputed facts establish elements of a party's liability.

---

[1] Instead the City attempts to conflate issues by (1) falsely arguing that the United States lacks evidentiary support, contrary to the direct citations for each of the United States' undisputed facts; (2) asserting that consistency with the National Contingency Plan ("NCP") must be determined to make a determination about the City's liability, in contravention of the statutory requirements set forth in CERCLA Section 107(a); and (3) bringing in irrelevant arguments about its counterclaim against the United States.

# ARGUMENT

**I.     The City cannot dispute the facts establishing its *prima facie* liability.**

The City's response brief cites to no evidence that creates a genuine dispute of material fact about the City's *prima facie* liability. To establish a *prima facie* case to recover its response costs under CERCLA, the United States must prove: (1) the site is a "facility"; (2) a "release" or "threatened release" of a hazardous substance occurred; (3) the government incurred costs in responding to the release or threatened release; and (4) the defendant falls within one of four categories of "covered persons" subject to liability. *United States v. Sterling Centrecorp Inc.*, 977 F.3d 750, 756 (9th Cir. 2020); *United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998). As set forth in the United States' motion, the undisputed evidence shows:

1. The City's Storm Sewer System is a facility under CERCLA. *See* United States' Statement of Undisputed Material Facts ("SOF") ¶ 16.

2. The City's Storm Sewer System collects stormwater and transports it to outfalls that discharge into the Boat Channel, SOF ¶¶ 17, 22, and hazardous substances like copper, lead, and zinc are in the City's stormwater runoff, SOF ¶ 25. These stormwater discharges are releases of hazardous substances.

3. The United States Navy incurred costs in responding to the releases in the Boat Channel. SOF ¶¶ 5–9.

4. The City falls within one of the CERCLA "covered persons" categories because it owns and operates its Storm Sewer System.

SOF ¶ 15.[2]

Rather than present evidence disputing these facts, the City raises improper arguments and "objections" in its Separate Statement of Facts. For example, in response to the United States' SOF ¶ 17 (explaining that the Storm Sewer System collects stormwater from hundreds of acres and conveys it to outfalls), the City responds only with "Objection: Speculative" and offers no basis for disputing this basic, indisputable fact. In other instances, the City disputes and objects to facts established by its own binding 30(b)(6) testimony. *See, e.g.*, SOF ¶ 25.

This gamesmanship and failure to present supporting evidence is sufficient grounds for granting the United States' partial summary judgment motion. *See* Hon. Linda Lopez Civil Chamber Rules at 5. But it also underscores the City's inability to materially contradict the basic facts establishing its *prima facie* CERCLA liability—indeed, the City's own expert, Dr. Adam Love, acknowledges that the City's stormwater system has contributed to contamination in the Boat Channel. *See* ECF No. 119-44 at 4–5 (concluding that "a reasonable overall allocation of contaminant contribution to the environmental response costs for the Boat Channel is 12.5% for the City of San Diego"). Summary judgment is proper when, as here, there is no *genuine* dispute over basic facts establishing elements of liability. Fed. R. Civ. P. 56(a).

---

[2] As fully explained in the United States' motion, the City is also a liable party because of discharges from the sanitary sewer system and overland runoff from the Airport during periods of City ownership. This reply highlights the most obvious undisputed facts establishing liability relating to the Storm Sewer System. To rule in the United States' favor and find the City liable, the Court need only conclude that the City contributed *any* amount of hazardous substances into the Boat Channel, no matter how small. *See Cose v. Getty Oil Co.,* 4 F.3d 700, 708–09 (9th Cir. 1993).

## II. Partial summary judgment is appropriate and would promote judicial efficiency.

Partial summary judgment is explicitly authorized by Rule 56, which provides that a party "may move for summary judgment, identifying each claim or defense – <u>or the part of each claim or defense</u> – on which summary judgment is sought." *Id.* (emphasis added). The City ignores the plain language of Rule 56 and instead suggests that the Court cannot rule on liability without a full decision on the entirety of the United States' case. This is incorrect.

Courts often rule on liability in CERCLA cases before addressing cost recovery amounts or allocation. *See, eg.*, *United States v. Am. Cyanamid Co.*, 786 F. Supp. 152, 155–56 (D.R.I. 1992) (first issuing an order finding liability before issuing a subsequent order on NCP consistency and the appropriate amount of cost recovery). Here, deciding a clear legal issue—the City's *prima facie* liability—would fully resolve Claim 2 in the United States' Amended Complaint and streamline any trial on the remaining issues. For example, a ruling on the City's liability would eliminate the need to present unnecessary evidence about the City's ownership and operation of its Storm Sewer System.

## III. The Court may grant partial Summary judgment without deciding consistency with the NCP.

Because the City cannot dispute that the United States Navy has incurred costs in responding to releases of hazardous substances in the Boat Channel, it instead spends most of its opposition arguing that at least some of those costs were inconsistent with the NCP (and therefore not recoverable) for various reasons. Those issues are not pertinent to the United States' current motion, which asks only for a ruling on liability and not cost recovery.

Put another way, the Court can and should find the City liable without needing to make any determination relating to NCP consistency. *See Am.*

*Cyanamid*, 786 F. Supp. at 155–56 (ruling on liability without making a determination about NCP consistency); *United States v. Wash. State Dep't of Transp.*, No. 05-cv-05447, 2006 WL 3327071, at *5 (W.D. Wash. Nov. 15, 2006) (granting partial summary judgment as to defendant's liability because defendant's arguments "regarding response costs do not apply to the plaintiff's prima facie case"). The City does not cite any caselaw suggesting that a ruling on liability is contingent on NCP consistency. Ruling on the City's liability now will allow the parties to narrow their focus on any remaining disputed issues.[3]

## IV. The Court should enter partial summary judgment granting the United States' requested relief.

The City makes no attempt in its opposition to revive its affirmative defenses. Those should be rejected because they are legally insufficient under CERCLA and factually unsupported by the City in its pleadings and briefing.

For all these reasons, the Court should enter partial summary judgment that (1) establishes the City's *prima facie* liability under CERCLA; (2) declares the City jointly and severally liable to the United States for response costs not inconsistent with the NCP; and (3) rejects the City's asserted affirmative defenses as legally and factually insufficient to defend against liability in the United States' Section 107(a) cost recovery action.

---

[3] As mentioned in its motion, the United States expects that it will also move for summary judgment on NCP consistency and the actual *amount* of costs recoverable in this case, at the close of expert discovery. But those issues are not a part of this current motion.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | LISA LYNNE RUSSELL<br>Deputy Assistant Attorney General<br>United States Department of Justice<br>Environment and Natural Resources Division |
| Dated: February 7, 2025 | s/ *Stefan J. Bachman*<br>STEFAN J. BACHMAN (SC Bar No. 102182)<br>BRIAN SCHAAP (DC Bar No. 1780655)<br>NICHOLAS MCDANIEL (MA Bar No. 682742)<br>Environmental Enforcement Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Phone: (202) 305-5607<br>Brian.Schaap@usdoj.gov<br>Stefan.Bachman@usdoj.gov<br>Nicholas.A.McDaniel@usdoj.gov<br>MARK ALBERT RIGAU (CA Bar No. 223610)<br>Environmental Defense Section<br>Environment and Natural Resources Division<br>450 Golden Gate Avenue, Suite 07-6714<br>San Francisco, CA 94102<br>Phone: (415) 744-6487<br>ALASTAIR M. GESMUNDO (CABN 316573)<br>SAMUEL F. HOBBS (AL Bar No. 9776O19E)<br>Civil Division<br>Commercial Litigation Branch<br>Alastair.M.Gesmundo@usdoj.gov<br>Samuel.Hobbs@usdoj.gov<br><br>*Attorneys for Plaintiff and Counterclaim-Defendant United States of America* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I caused a copy of the foregoing to be served, through the CM/ECF e-filing system, on counsel of record.

Dated: December 30, 2024    s/ *Stefan J. Bachman*
                                                   STEFAN J. BACHMAN (SC Bar No. 102182)
                                                   Environmental Enforcement Section
                                                   Environment and Natural Resources Division
                                                   U.S. Department of Justice
                                                   P.O. Box 7611
                                                   Washington, DC 20044-7611
                                                   Phone: (202) 616-6536
                                                   Stefan.Bachman@usdoj.gov