Barry P. Steinberg (admitted *Pro Hac Vice*)
barry.steinberg@kutakrock.com
**KUTAK ROCK LLP**
1133 Connecticut Avenue, NW
Suite 1200
Washington, DC 20036
Telephone: (202) 828-2400
Facsimile: (202) 828-2488

Dwyer Arce (admitted *Pro Hac Vice*)
dwyer.arce@kutakrock.com
**KUTAK ROCK LLP**
1650 Farnam Street
The Omaha Building
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

Thomas F. Vandenburg (SBN 163446)
tvandenburg@wshblaw.com
Alice Charkhchyan (SBN 332670)
acharkhchyan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
505 North Brand Boulevard, Suite 1100
Glendale, CA 91203
Telephone: (818) 551-6000
Facsimile: (818) 551-6050

Attorneys for Defendant/Cross Defendant/
Counter Claimant/Cross Claimant
City of San Diego

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO, <br><br> Defendant. <br><br> *AND RELATED CROSS CLAIMS AND COUNTER CLAIMS* | Case No. 3:23-CV-00541-LL-VET <br><br> **CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD** <br><br> The Hon. Linda Lopez <br><br> Trial Date: None Set |

3:23-CV-00541-LL-VET

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................... 1

II. ARGUMENT ....................................................................................................... 2

    A. The United States is Mischaracterizing This Case as a "Challenge" ............................................................................................ 2

    B. The United States is Attempting an End Run Around the MOA ......... 3

    C. The United States' Motion is Premature .............................................. 4

    D. The United States' Actions Fail to Address its Legal Obligations under CERCLA and the NCP ............................................................... 5

    E. Section 113 and Contractual Obligations ............................................. 6

    F. Cost Recovery ....................................................................................... 7

    G. The Administrative Record ................................................................... 8

    H. The Contractual Nature of the Bargain Struck ..................................... 9

III. CONCLUSION .................................................................................................. 10

3:23-CV-00541-LL-VET

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Amcast Indus. Corp. v. Detrex Corp.*,
  2 F. 3d 746 (CA7 1993) .................................................................................... 3

*ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality*
  (213 F.3d 1108) (9th Cir. 2000) ....................................................................... 9

*Atlantic Richfield Co. v. Christian, et al.*
  590 U.S. 1 (2020) ..................................................................................... 2, 5, 9

*Burlington Northern & Santa Fe Railway Co. et al. v. U.S. et al.*,
  556 U.S. 599 (2009) ....................................................................................... 3, 9

*Crawford v. Metropolitan Government of Nashville and Davidson Cty.*,
  555 U. S. 271 (2009) ........................................................................................ 3

*Florida Power & Light Co.*,
  893 F. 2d, at 1317 (11th Cir. 1990) ................................................................. 3

*Fort Ord Toxics Project v. Cal. EPA*,
  189 F.3d 828 (9th Cir. 1999) ......................................................................... 6, 8

*McClellan Ecological Seepage Situation v. Perry*,
  47 F.3d 325 (9th Cir. 1995) .............................................................................. 6

*Perrin v. United States*,
  444 U.S. 37 (1979) ........................................................................................... 3

*Razore v. Tulalip Tribes*,
  66 F.3d 236 (9th Cir. 1995) .............................................................................. 9

*United States v. Cello-Foil Prods., Inc.*,
  100 F. 3d 1227 (CA6 1996) .............................................................................. 3

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

3:23-CV-00541-LL-VET
CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

## FEDERAL STATUTES

42 USC § 9613(j) ............................................................................................. 3

42 USC § 9613(j)(1) ........................................................................................ 5

42 USC § 9621(d) ............................................................................................ 4

42 USC § 9621(d) ............................................................................................ 6

42 USC § 9621(d) ............................................................................................ 6

1974 Safe Drinking Water Act ....................................................................... 6

CERCLA Section 113 ..................................................................................... 3

CERCLA § 121(d)(1) ..................................................................................... 5

## OTHER AUTHORITIES

40 CFR § 300 ............................................................................................. 2, 8

40 CFR § 300.800 ........................................................................................... 8

Executive Order 12580 ................................................................................... 5

Unregulated Contaminant Monitoring Rule (UCMR 3), published
    May 2, 2012. (77 FR 26072) ..................................................................... 6

- ii -

3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

4920-3292-2165.1

## I. **INTRODUCTION**

Defendant/Counter-Claimant, City of San Diego ("City") files this opposition to the motion to limit judicial review to the Administrative Record (hereinafter, "Motion") filed by Plaintiff United States of America ("United States").

The central issue in this litigation is the attempted transfer of two parcels of property from the United States to the City pursuant to the terms of a Memorandum of Agreement ("MOA") between the parties. The plain language of the MOA identifies the two parcels at issue, Parcel IIIB and Parcel VII (the "Parcels") and sets forth the conditions precedent that the United States must meet prior to the Parcels being transferred. The United States contractually agreed to (1) take all remedial action necessary to protect human health; (2) the environment; (3) obtain site closure from the appropriate regulatory authorities; and (4) ensure that the remedial action taken was consistent with the City's projected use of the Parcels pursuant to the Naval Training Center San Diego ("NTC") Reuse Plan. *See* MOA at Dkt. 117-05.

The Parcels at issue are located within a recreational area frequented by City residents and visitors, whose health and welfare are of primary concern to the City. The United States does not appear to share these public health concerns. Instead, the United States has maintained a litigation strategy based on the obfuscation of relevant evidence that would allow the Court to assess whether bargained-for contract terms in the MOA have been satisfied. The United States' obfuscation strategy is transparent not only in its Motion, but also in its strenuous opposition to the City's effort to inspect and take samples from the Parcels, which is currently pending before the Court in the City's motion to compel access.

Despite the fact that both the City and the United States have active causes of action for breach of contract (aka the MOA), the United States argues that the relevant, admissible evidence in this case should not be governed by these causes of action, but instead should be restricted to a fraction of evidence totally controlled by

3:23-CV-00541-LL-VET

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

the United States' designation of an Administrative Record (the "AR"). The City therefore opposes this exclusion of evidence relevant to the breach of contract claims as being inconsistent with the pleadings and premature, inasmuch as the issue of whether contract law or CERCLA control the evidence, which has not been briefed, argued, or determined by the Court. This primary issue will be the subject of a motion for summary judgment by the City. Therefore, as discussed herein, the United States' Motion should be denied.

## II.  ARGUMENT

### A.  The United States is Mischaracterizing This Case as a "Challenge"

The United States desperately needs to craft this case as a challenge to the United States' remediation efforts at the former Naval Training Center San Diego ("NTC"), property owned by the United. This strategy would prevent the Court from scrutinizing any evidence outside the United States unilaterally designated content of the AR. Characterizing the City's position as a challenge to the response action taken allows the United States to put its thumb on the scale by severely limiting the review of evidence to the AR.

The City's objections do not constitute challenges. Rather, the City's objections and opposition derive from the United States' failure to satisfy contractual conditions precedent to conveyances and the Navy's failure to perform its work consistent with the National Contingency Plan, 40 CFR § 300 *et seq*. Simply put, this is a case that sounds in contract, not statute. United States' assertion of a CERCLA claim does not alter that underpinning, as noted by Chief Justice John Roberts in *Atlantic Richfield Co. v. Christian, et al.* 590 U.S. 1, 7-8 (2020): "Many claims brought under the Act, such as those to recover cleanup costs under §107, are not challenges to cleanup plans."

The significance of this statement is that the effort to import the limitation of review to the AR is applicable only to challenges to the response action taken. *See*

Kutak Rock LLP
Attorneys at Law
Washington DC

- 2 -

3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

42 USC § 9613(j). Without that shield, the United States is forced to defend on contract "plain language" terms of the contract, where the evidence will speak for itself without the benefit of CERCLA Section 113 ("113"). The matter of *Burlington Northern & Santa Fe Railway Co. et al. v. U.S. et al.*, 556 U.S. 599, 610 (2009), is instructive, and states:

> Because CERCLA does not specifically define what it means to "arrang[e] for" disposal of a hazardous substance, see, *e.g.*, *United States v. Cello-Foil Prods., Inc.*, 100 F. 3d 1227, 1231 (CA6 1996); *Amcast Indus. Corp. v. Detrex Corp.*, 2 F. 3d 746, 751 (CA7 1993); *Florida Power & Light Co.*, 893 F. 2d, at 1317, we give the phrase its ordinary meaning. *Crawford v. Metropolitan Government of Nashville and Davidson Cty.*, 555 U. S. 271, 276 (2009); *Perrin v. United States*, 444 U.S. 37, 42 (1979).

Here, the Court should not accept the United States' mischaracterization of this case as a challenge, and instead view the central claims for what they truly are, breach of contract. Accordingly, the Court should refuse to limit the evidence to the AR, and deny the United States' motion.

**B.   The United States is Attempting an End Run Around the MOA**

The plain language of the MOA sets forth the conditions' precedent to the transfer of the Parcels to the City. (*See* Dkt. 117-05). Instead of presenting evidence that it has satisfied these express conditions, the United States instead asserts that it has met the conditions by application of 113(j), which is nothing less than a unilateral declaration of success by the United States. In essence, the United States argues that a seller gets to decide when the contractual consideration to which the buyer is entitled has been provided. Its reliance on 113(j) to reach such an absurd result fails in law and in logic. Contracts are not so malleable as to permit tampering with the concept of contractual consideration. Simply put, the export of 113(j) to the contractual issue of conveyance is unrelated to completed CERCLA environmental work. Significantly, the United States completely ignores the changed legal

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

- 3 -                                                             3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

determination that perfluorinated compounds ("PFAS") is a CERCLA hazardous substance that should be addressed pursuant to 42 USC § 9621(d), and turns a blind eye to its continued ownership of the Parcels, for which it has performed no investigation, sampling, testing or even a preliminary assessment and site investigation for PFAS, which it has now acknowledged may have been used at or near the Parcels.

The United States argument that 113 must be expanded to override the terms and conditions of a valid contract is beyond any interpretation of 113 and its purported limits of judicial review. Simply put, conveyance of property is not a CERCLA matter. The attempt to impose the equitable remedy of specific performance as an enforcement mechanism for a failed contractual obligation is unsupportable as a matter of law, makes a mockery of Congressional intent, and undermines the most basic concept of traditional contract law, the role of consideration. Here, the United States and the City entered into a binding contract, the plain meaning of which is evident on the face of the document. Twenty-five years later, the United States now engages in a two-step effort to interpret the contract in a manner that eviscerates the concept of consideration and violates basic contract law by imputing an undefined statutory term to define and constrain the plain meaning of the contract term. The resort to an inapplicable statutory bar to protect an otherwise inapplicable excursion into redefining the terms and conditions of a binding contract demonstrates the need by the United States to avoid scrutiny of its work and the vulnerability of its contract failure.

### C. The United States' Motion is Premature

The City and the United States have active causes of action for breach of contract (the MOA) The City therefore opposes this attempted exclusion of evidence relevant to the breach of contract claims as being wholly inconsistent with the

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

- 4 -

3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

pleadings in this matter and premature. The parties' mutual obligations are stated in the contract in clear and unambiguous language.

The City has a pending motion to supplement the AR. The Motion here pertains to its effort to limit review of the City's expert witnesses' reports as outside the AR. The logical sequence of events suggests that the content of the AR be determined before a ruling on the scope of the limitations, if any, is rendered. The evidence which is the basis for the City's motion to supplement bears upon the issue of consistency with the NCP.

### D. The United States' Actions Fail to Address its Legal Obligations under CERCLA and the NCP

The United States asserts that pursuant to 42 USC § 9613(j)(1) its actions concerning the remediation work performed is in satisfaction of its statutory obligations and therefore not subject to review, rebuttal, disagreement, verification, or question except as based upon the AR. The United States is nevertheless required to comply with the provisions of CERCLA § 121(d)(1), a provision of law which imposes upon the Navy, by virtue of Executive Order 12580, responsibility to attain a degree of cleanup of "…pollutants and contaminants … which assures "protection of human health and the environment". (*See* definitions of "pollutants and contaminants" at Ex. A to Barry P. Steinberg Declaration.)

Inasmuch as both CERCLA and the NCP contemplate that "pollutants and contaminants" be addressed in selecting a remedy, the Navy's efforts are worthy of scrutiny. Such scrutiny is quick and easy because the Navy failed to do so with respect to PFAS. The United States now finds itself in a self-imposed time warp reminiscent of the Wayback Machine in *The Adventures of Rocky and Bullwinkle*. PFAS, of course, is now a CERCLA hazardous substance. As such, it is subject to retroactive CERCLA application as noted by Chief Justice Roberts in the *Atlantic Richfield* case (590 U.S. 1, 4) case:

- 5 -

3:23-CV-00541-LL-VET

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

> Atlantic Richfield's troubles were just beginning. After Congress passed the Superfund statute in 1980, Atlantic Richfield faced strict and retroactive liability for the many tons of arsenic and lead that Anaconda had spewed across the area over the previous century.

Long before the July 2024 hazardous substance designation, PFAS was an emerging contaminant pursuant to such designation under the 1974 Safe Drinking Water Act. That designation is contained in the third Unregulated Contaminant Monitoring Rule (UCMR 3), published May 2, 2012. (77 FR 26072). It included several PFAS, including those associated with firefighting. Evidence now pending supplementation of the AR establishes the relevance of firefighting PFAS to this litigation.

The United States seeks to have this Court ignore one portion of CERCLA 42 USC § 9621(d) (See Ex. B to Steinberg Decl.) and provisions of the NCP and determine that another portion of 113(j) prevails, thereby rendering the underlying issue in this matter to be nonjusticiable.  The expansive application of 113, notwithstanding its supplementation provisions and the statutorily limited scope of 113 to "judicial action under this chapter…" is the culprit. The recent changes to the AR suggest that the sanctity and inviolate nature of the AR is at best elusive.

Until their designation as hazardous substances, PFAS were pollutants and contaminants. The AR does not demonstrate compliance with the statutory mandate of 42 USC § 9621(d). (*See* Ex. B to Steinberg Decl.)

### E.     Section 113 and Contractual Obligations

The United States has asserted that the Ninth Circuit decision in *Fort Ord Toxics Project v. Cal. EPA,* 189 F.3d 828, 832 (9th Cir. 1999), wherein the Court determined that "Congress passed 113(h) in order to "protect the execution of a CERCLA plan during its pendency from lawsuits that might interfere with the expeditious cleanup effort", citing for that proposition *McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325, 329 (9th Cir. 1995). Aside from the Navy's

- 6 -   3:23-CV-00541-LL-VET

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

own failure to demonstrate "an expeditious cleanup effort," there is no "pendency" present in this case. The Navy has unilaterally declared that they are finished with their CERCLA obligations at IR12 and the Boat Channel. That does not establish performance of the Navy's *contractual* obligation. A checkmark by the Navy's name for IR12 and the Boat Channel may be obtainable if process were the only criterion. But the Navy's contractual commitment goes far beyond process and establishes an overall substantive requirement. Contract failure does not interfere with the Navy's response action. Further, the analytic collapse of 113(h) and (j) ignores that one is jurisdictional, the other evidentiary.

One need not speculate on the underlying motivation of the United States to put all its money on 113: it needs to avoid the facts involved and it uses the AR to achieve that avoidance. The Motion acknowledges by omission two terms that it must avoid: contract and PFAS. These are the Harry Potter equivalents of Lord Voldemort, "he-who-must-not-be-named".

### F. Cost Recovery

The government's AR is defective due to failure to satisfy statutory obligations. These arise from the failure to address PFAS as a pollutant and contaminant at the time of the investigation and thereafter, as well as the refusal to address PFAS as a CERCLA hazardous substance, an obligation that continues to this day as the United States remains the owner of the Boat Channel. While consistency is a worthy attribute, a foolish consistency is not. Evidence of inconsistency would not be found in the government's own AR.

The distinction between contract interpretation and cost recovery is evident. This Motion challenged it as an effort to ensure that the Court does not see or review evidence that impeaches the United States' uniliteral determination of success. The import of CERCLA language into the contract is offensive to logic, common sense, and the law. Facts matter. There is no ongoing performance threatened or interfered

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

- 7 -   3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

with. By waiving the wand of 113 over the MOA, the United States seeks to bar the Court from consideration of contract failure. PFAS is today a hazardous substance. The Court has before it the City's motion to supplement the AR. This evidence establishes contract failure.

The City's motion is directed to the Navy's failures with respect to PFAS, failures documented in the Navy's production of evidence not found in the AR. PFAS was designated a CERCLA hazardous substance in July 2024. The Navy has not addressed its ongoing obligations in this regard. Contracts matter.

### G. The Administrative Record

Reference to the implementing regulations for the statutory authority for producing the AR is appropriate (40 CFR § 300 et *seq*.) and EPA's Revised Guidance on Compiling Administrative Records, *See* Dkt. 153-8. The reports sought for exclusion are highly relevant to post-Record of Decision ("ROD") matters, particularly the addition of PFAS to the list of hazardous substances. As indicated in *Fort Ord Toxics*, the Navy's position is that it has completed its remedial obligations in the Boat Channel and there is no action "pending". The critical phrase in the implementing regulation (40 CFR § 300.800) is "selection of a response action" *See* Ex C to Steinberg Decl. The regulation does not provide a basis for exclusion of post-record of decision information. To the extent that 113(j) bars the Court from considering information outside of the ROD, that bar does not extend to the expert reports which the United States now seeks to exclude or any other relevant information that relate to the Navy's satisfaction of its contractual obligations. Those reports are highly relevant to contractual performance, particularly the addition of PFAS to the list of hazardous substances. There is no action "pending" which is being challenged. There is no delay, interference, or other impediment to cleanup that was the concern of Congress in passing 113(j). Most importantly, the disputes over the consistency of the Navy's actions and satisfaction of the contractual requirement to

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

4920-3292-2165.1

- 8 -

3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

take all action necessary are not challenges to the Navy's performance. Determination of an element of contractual consideration is not a challenge to statutory performance that has been completed. The underlying purpose of 113, as recognized by Chief Justice Roberts, is not related to the City's effort to obtain what it bargained for.

### H. The Contractual Nature of the Bargain Struck

EPA's Revised Guidance on Compiling the Administrative Record, September 20, 2010, filed in this case at Dkt. 153-8 at PAGEID 10 of 42, specifically notes that Section 113 (j)(2) addresses the action of the Court to overturn the *response action selection decision* [emphasis added]. To be clear, the focus and thrust of the City's actions in this case are directed to the Navy efforts to force conveyance of the Boat Channel on the City. The evidence of contractual satisfaction should not be obscured by an inapplicable provision of law. Nowhere is this more evident than in regard to PFAS, a pollutant and contaminant and now a hazardous substance that the Navy has ignored.

As clearly articulated throughout the EPA Guidance, the 113(j) shroud protects the response action from "challenge". The word appears in several forms no less than 5 times on page 6. *Id.* This same limitation (challenge) on the applicability of 113(j) can be found in *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality* (213 F.3d 1108) (9th Cir. 2000), relying upon the 9th Circuit's prior opinion in *Razore v. Tulalip Tribes* (66 F.3d 236, 239 (9th Cir. 1995) where the Court found that actions that do not constitute a challenge to a CERCLA cleanup are not within the 113(j) umbrella. When faced with an opportunity to define "challenge" in the context of Section 113(h), the Solicitor General of the United States argued against the Supreme Court doing so. This 2019 amicus brief in *Atlantic Richfield*, then expounded on the circumstances where the ordinary meaning of words not specifically defined in CERCLA would be given their ordinary meaning (*Burlington*

- 9 -

3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

*Northern*) followed by an analysis of Court decisions relating to environmental "challenges." None of the analyzed cases suggest that evidence of a contractual breach would be subject to the 113(j) bar. Neither cost recovery nor exclusion of evidence are challenges to Navy efforts. Rather, they dispute the Navy's efforts post-completion to get paid and convey the property. In comparison, the United States in this litigation seeks to import an undefined CERCLA term (all action necessary to protect human health and the environment) into a contract (the MOA) in order to determine the meaning of an otherwise undefined term. The "ordinary meaning" of those words does not suffice to support the government's case. There is no "pending" action for which such consideration would be justified under 113.

The issues involved here do not constitute a threat to any ongoing remedial work, and do not challenge the work performed. Rather, the evidence offered is relevant to satisfaction of contractual obligations and consistency with the NCP. Consideration of this evidence does not delay, alter, or threaten cleanup. The invocation of 113 will only deprive the Court of relevant evidence with no attendant public purpose.

### III. CONCLUSION

For the foregoing reasons, the Court should deny the United States' motion to limit judicial review to the Administrative Record.

DATED: April 11, 2025

Respectfully submitted,

KUTAK ROCK LLP

BY: *s/ Barry P. Steinberg*
    Barry P. Steinberg
    barry.steinberg@kutakrock.com

Attorney for Defendant/Cross Defendant/ Counter Claimant/Cross Claimant City of San Diego

KUTAK ROCK LLP
ATTORNEYS AT LAW
WASHINGTON DC

- 10 -   3:23-CV-00541-LL-VET

CITY OF SAN DIEGO'S OPPOSITION TO THE UNITED STATES' MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD

4920-3292-2165.1