ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

STEFAN J. BACHMAN (SC Bar No. 102182)
BRIAN SCHAAP (DC Bar No. 1780655)
NICHOLAS MCDANIEL (MA Bar No. 682742)
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-6536

MARK ALBERT RIGAU (CA Bar No. 223610)
Environmental Defense Section
450 Golden Gate Avenue, Suite 07-6714
San Francisco, CA 94102
Phone: (415) 744-6487

ALASTAIR M. GESMUNDO (CA Bar No. 316573)
SAMUEL F. HOBBS (AL Bar No. 9776O19E)
Civil Division
Commercial Litigation Branch
Phone: (202) 305-4664

*Attorneys for Plaintiff and Counterclaim Defendant United States of America*

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.<br><br>    Defendants.<br><br>*AND RELATED CROSS CLAIMS* | Case No. 3:23-cv-00541-LL-VET<br><br>**REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER CERCLA** |

# INTRODUCTION

The City's response brief ignores the very basic questions presented by the United States' Motion for Partial Summary Judgment: Are the response costs incurred by the United States in cleaning up the Boat Channel the types of costs recoverable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and are they sufficiently documented? The answer to both questions is indisputably 'yes,' and the City makes no attempt to argue otherwise. Instead, the City contends that the United States has no right to bring a CERCLA § 107 claim at all and can only seek to establish the recoverability of its costs under CERCLA § 113. This argument is incorrect based upon a plain reading of the statute and the applicable caselaw. Since the undisputed facts presented in the United States' motion establish the recoverability of its costs, this Court should grant partial summary judgment.

# ARGUMENT

## I. The City cannot dispute the facts establishing the recoverability of the United States' response costs.

The City's response brief cites no evidence that creates a genuine dispute of material fact about the recoverability of the United States' response costs. To establish the recoverability of its costs, the United States must prove that the costs it incurred are the type of costs that courts have determined are recoverable under CERCLA, and that the costs are properly documented. *See, e.g.*, *United States v. Chapman*, 146 F.3d 1166 (9th Cir. 1998). As set forth in the United States' motion, the undisputed facts show that the $17,131,016.38 in response costs the United States seeks a ruling on are in fact recoverable under CERCLA.

Rather than present evidence disputing these facts, the City ignores the United States' Statement of Undisputed Material Facts and instead inserts its own unrelated facts. ECF No. 168-1. This failure by the City to state whether it disputes

-1-   Case No. 3:23-cv-00541-LL-VET

REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER CERCLA

the United States' facts is grounds for the Court to deem those facts undisputed. *See* Hon. Linda Lopez Civil Chamber Rules at 5–6. The City's failure also underscores its inability to materially contradict the basic facts establishing the recoverability of the United States' costs.

## II. The United States can only recover its response costs from the City through a CERCLA § 107 cost recovery action.

The City's argument that the United States must seek recovery of its response costs under CERCLA § 113 rather than CERCLA § 107 is incorrect. Rather than *requiring* the United States to bring its claim under § 113, as the City contends, the plain language of the statute and the relevant caselaw actually *foreclose* the United States from bringing a § 113 claim. The only route available for the United States in seeking recovery of its response costs from the City is through a § 107 cost recovery action. As such, the United States' motion to establish the recoverability of its response costs from the City under § 107 is properly pleaded, and the Court should grant it.

The U.S. Supreme Court has recognized that CERCLA §§ 107(a) and 113(f) provide two "clearly distinct" remedies. *United States. v. Atl. Research Corp.* ("*ARC I*"), 551 U.S. 128, 138 (2007). These include: (1) a right to cost recovery under § 107(a), and (2) a separate right to contribution under §§ 113(f)(1) and 113(f)(3)(B). *Id*. The first allows a party—including the United States—to recover the costs it has incurred in conducting a cleanup. 42 U.S.C. § 9607(a)(4); *ARC I*, 551 U.S. at 139. The second allows a party to seek contribution from another potentially liable party if the party seeking contribution: (1) has been sued in a § 107 cost recovery action, or (2) "has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement." 42 U.S.C. §§ 9613(f)(1), 9613(f)(3)(B); *Whittaker Corp. v. United States.*, 825 F.3d 1002,

-2-                    Case No. 3:23-cv-00541-LL-VET

REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER CERCLA

1006 (9th Cir. 2016) ("[Section] 113(f) generally allows a polluter to bring a contribution claim against other polluters if the polluter has been sued in a § 107 cost recovery action or settled with the government."). Here, because the United States meets neither of the statutory requirements to bring a § 113 contribution claim, it cannot bring such a claim. *See Whittaker*, 825 F.3d at 1008; *see also Atl. Research Corp. v. United States* ("*ARC II*"), 459 F.3d 827, 835 (8th Cir. 2006) *aff'd*, 551 U.S. 128 (2007) (explaining that the right to bring a § 107 claim "is available to [liable] parties who have incurred necessary costs of response, but have neither been sued nor settled their liability [to the United States or to a State] under §§ 106 or 107").

First, the United States is not being sued in a § 107 cost recovery action by the City or by any other party. Although the City initially asserted a § 107 counterclaim against the United States, ECF No. 31 ¶¶ 31–37 at PAGEID 470–471, this Court dismissed that claim with leave to amend. ECF No. 89. In the City's most recent briefing to the Court on the United States' pending motion to dismiss the City's newly amended counterclaims, the City states in no uncertain terms that it "does not attempt to reallege § 107(a) claims, or intend to pursue recovery under § 107(a) following the Court's previous order [dismissing its § 107(a) claims]." ECF No. 115 § V.C. at PAGEID 2733. Because the City is not asserting a § 107 claim against the United States, there can be no dispute that the first statutory eligibility requirement for the United States to bring a § 113 claim against the City is not met.[1]

---

[1] Although the City admits in its briefing that it is not realleging a § 107(a) claim (ECF No. 115 § V.C. at PAGEID 2733), the United States' pending motion to dismiss some of the City's amended counterclaims asks the Court to dismiss or strike the City's errant references to CERCLA § 107. There is no basis for the City to assert a § 107 claim, and the City's references to § 107 cause unnecessary

-3-    Case No. 3:23-cv-00541-LL-VET
REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER CERCLA

1    Second, the United States has not "resolved its liability to [itself] or a [to a]
2 State . . . in an administrative or judicially approved settlement." *Whittaker*, 825
3 F.3d at 1008 (citing 42 U.S.C. § 9613(f)(3)(B)). The City tries to twist this
4 criterion to argue that because there is a judicially approved settlement that
5 resolves the liability of *other* potentially responsible parties to the United States at
6 the site—in the form of a consent decree between the United States and the San
7 Diego Unified Port District and the Airport Authority (ECF No. 69)—this
8 somehow satisfies the requirement of § 113(f)(3)(B) to allow the *United States* to
9 bring a § 113 claim. But this is clearly wrong. A proper interpretation of this
10 statutory provision is that the consent decree settlement authorizes the *Port District*
11 *and the Airport Authority* to sue the City under § 113 for contribution. It in no way
12 authorizes the United States to sue the City for contribution under § 113.

*******

14    Contrary to the City's claims, there is nothing unusual about the nature or
15 sequence of the pleadings in this case. The United States can seek to establish the
16 recoverability of its response costs under § 107 even if the United States may share
17 some liability for the contamination. *See, e.g.*, *United States v. Friedland*, 152 F.
18 Supp. 2d 1234, 1246–47 (D. Colo. 2001) (finding that the United States could use
19 CERCLA § 107 to establish joint and several liability of other liable parties even
20 though the United States was also a potentially liable party); *United States v.*
21 *Manzo*, 182 F. Supp. 2d 385, 405–06 (D.N.J. 2000) ("Courts have concluded that
22 the United States is entitled to make a [CERCLA] section 107(a) cost recovery
23 claim for all costs of removal or remedial action . . . even if the United States itself
24 is potentially liable.") (collecting cases) (internal citations omitted). And cases may

---

confusion about the nature of the City's amended claims. *See* ECF Nos. 111 and 116.

-4-    Case No. 3:23-cv-00541-LL-VET
REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER
CERCLA

proceed in exactly the way the claims in this case are proceeding—with the United States bringing a CERCLA § 107 action for recovery of its response costs and a defendant counterclaiming for contribution against the United States under § 113. *E.g.*, *Friedland*, 152 F. Supp. 2d at 1239, 1246–47. Courts have also resolved the City's concern that allowing the United States to pursue a § 107 action could result in the United States recovering more than its fair share of response costs and avoiding responsibility for its own potential liability. *See ARC II*, 459 F.3d at 835 ("If a plaintiff attempted to use § 107 to recover more than its fair share of reimbursement, a defendant would be free to counterclaim for contribution under § 113(f).").

### III. The United States is not seeking payment from the City for all response costs.

The United States' motion does not seek a judgment requiring the City to pay all response costs the United States has incurred.[2] Rather, it seeks a ruling that the United States' response costs are recoverable under § 107 because they are sufficiently documented and are the type of costs recoverable under CERCLA. Granting the motion, together with the United States' prior motion for judgment on the City's *prima facie* CERCLA liability (ECF No. 118), would resolve the issues

---

[2] Although one sentence of the United States' motion and one sentence of the motion's supporting memorandum of points and authorities asks the Court to "award" the United States $17,131,016.38 in response costs as well as prejudgment interest (ECF Nos. 154 at PAGEID 3735 and 154-1 at PAGE ID 3749), this word choice was in error. The United States is not seeking payment of response costs or interest from the City at this stage, but only a ruling from the Court that its response costs and the interest on those costs are recoverable under CERCLA, as reflected in various sections of the United States' motion (*Id.* at *e.g.*, PAGEID 3740 "This motion seeks a ruling that the United States has incurred $17,131,016.38 in response costs and that the costs are recoverable.").

-5-   Case No. 3:23-cv-00541-LL-VET

1 | of the City's liability and the recoverability of the United States' response costs,
2 | subject to an equitable allocation.
3 |      The United States recognizes its potential CERCLA liability for a portion of
4 | the response costs incurred in cleaning up the site. The City has asserted a § 113
5 | counterclaim for contribution against the United States, and the United States has
6 | not sought to dismiss that claim. If the Court grants the United States' partial
7 | summary judgment motions (ECF Nos. 118 and 154), the focus of the parties and
8 | of the Court will move from adjudicating whether the City is a liable party to
9 | determining a proper allocation of response costs between the United States and
10 | the City. As part of that determination, the parties and the Court may consider that
11 | the Port District and the Airport Authority have already reimbursed the United
12 | States for a portion of its response costs. *See* 42 U.S.C. § 9613(f)(2) (stating that a
13 | settlement between some potentially liable parties and the United States "does not
14 | discharge any of the other potentially liable persons . . . but it reduces the potential
15 | liability of the others by the amount of the settlement").

## IV. The Court should enter partial summary judgment granting the United States' requested relief.

For the reasons described above and in the United States' motion, the Court should enter partial summary judgment that the $17,131,016.38 in response costs incurred by the United States, plus prejudgment interest on the Navy's portion of those costs, are recoverable under CERCLA.

Dated: April 18, 2025

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources
Division

-6-     Case No. 3:23-cv-00541-LL-VET

REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER CERCLA

*s/ Brian Schaap*
BRIAN SCHAAP (DC Bar No. 1780655)
STEFAN J. BACHMAN (SC Bar No. 102182)
NICHOLAS McDANIEL (MA Bar No. 682742)
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 616-6536 (Bachman)
Stefan.Bachman@usdoj.gov
Brian.Schaap@usdoj.gov
Nicholas.A.McDaniel@usdoj.gov

MARK ALBERT RIGAU (CA Bar No. 223610)
Environmental Defense Section
Environment and Natural Resources Division
450 Golden Gate Avenue, Suite 07-6714
San Francisco, CA 94102
Phone: (415) 744-6487
Mark.Rigau@usdoj.gov

ALASTAIR M. GESMUNDO (CA Bar No. 316573)
SAMUEL F. HOBBS (AL Bar No. 9776O19E)
Civil Division
Commercial Litigation Branch
Alastair.M.Gesmundo@usdoj.gov
Samuel.Hobbs@usdoj.gov

*Attorneys for Plaintiff and Counterclaim-Defendant United States of America*

-7-   Case No. 3:23-cv-00541-LL-VET

REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECOVERY OF RESPONSE COSTS FROM THE CITY OF SAN DIEGO UNDER CERCLA