1  Barry P. Steinberg (admitted *Pro Hac Vice*)
   barry.steinberg@kutakrock.com
2  **KUTAK ROCK LLP**
   1133 Connecticut Avenue, NW
3  Suite 1200
   Washington, DC  20036
4  Telephone: (202) 828-2400
   Facsimile: (202) 828-2488
5
   Dwyer Arce (admitted *Pro Hac Vice*)
6  dwyer.arce@kutakrock.com
   **KUTAK ROCK LLP**
7  1650 Farnam Street
   The Omaha Building
8  Omaha, NE 68102
   Telephone: (402) 346-6000
9  Facsimile: (402) 346-1148

10 Thomas F. Vandenburg (SBN 163446)
   tvandenburg@wshblaw.com
11 Alice Charkhchyan (SBN 332670)
   acharkhchyan@wshblaw.com
12 **WOOD, SMITH, HENNING & BERMAN LLP**
   505 North Brand Boulevard, Suite 1100
13 Glendale, CA 91203
   Telephone: (818) 551-6000
14 Facsimile: (818) 551-6050

15 Attorneys for Defendant/Cross Defendant/
   Counter Claimant/Cross Claimant
16 City of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-CV-00541-LL-VET |
| Plaintiff, | **REPLY IN SUPPORT OF THE CITY OF SAN DIEGO'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD [ECF NO. 153]** |
| v. | |
| CITY OF SAN DIEGO, | |
| Defendant. | The Hon. Linda Lopez |
| *AND RELATED CROSS CLAIMS AND COUNTER CLAIMS* | Trial Date: None Set |

The City of San Diego ("the City") respectfully files this Reply to the United States of America's ("United States") Opposition to the City's Motion to Supplement the Administrative Record, pursuant to Civil Local Rule 7.1(3)(e).

## I. INTRODUCTION

The United States' opposition misapprehends and misinterprets the facts and the law pertaining to this issue of supplementation of the Administrative Record ("AR"). Nowhere is this more evident than in its explanation of its own documents, which identify the potential for perfluorinated compounds ("PFAS") at the Naval Training Center San Diego Boat Channel ("NTC Boat Channel"). PFAS presents an issue of first impression because it is the first incident of a hazardous substance being added to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") list of hazardous substances. The precedent of allowing the United States Department of the Navy ("Navy") to ignore a newly designated hazardous substance has far-reaching consequences for Base Closure property and other federal realty proposed for transfer.

The United States does not dispute that it failed before and after the Final Record of Decision ("ROD") was issued by not investigating or sampling Installation Restoration Site 12 ("IR Site 12") or the larger NTC Boat Channel (consisting of Parcels IIIB and VII) for PFAS. Rather, it deflects the issue of its failure by asserting that some other entity would perform that assessment, notwithstanding the Navy's then and now ownership of the property. The United States then attempts to shift responsibility for the potential presence of PFAS by pointing a finger at the lessee of the Navy-owned property. Finally, the United States asserts that the Base Realignment and Closure Program Management Office ("BRAC PMO") made the "reasonable decision not to conduct a redundant investigation." What is the basis for this obvious failure to satisfy CERCLA and the National Contingency Plan ("NCP")?

Cumulatively, the United States' opposition implicitly acknowledges the accuracy of the factual predicate for the City's motion.

## II.  ARGUMENT

As noted in the United States' opposition, supplementation of the AR is required when new significant evidence or circumstances appear. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012). The expert reports to which the United States so vehemently objects, with no evidence to the contrary, demonstrate that the United States has not satisfied its contractual obligations. Unlike the numerous cases cited by the United States in its opposition, the Administrative Procedures Act ("APA") is unrelated to the contract basis for the City's motion.

The cases relied upon by the United States are unrelated to a newly designated hazardous substance and a contractual obligation. The issue before the court is based in contract. The United States' effort to implicate CERCLA § 113(j) serves no other purpose than to ensure that the court cannot see and evaluate relevant evidence, thereby avoiding the contractual relationship between the parties. The substantial and relevant evidence offered by the City may undermine the adequacy of the United States' investigation and remediation efforts, but that is not the purpose of adding this evidence to the AR. The City is not presenting a challenge to the United States' work under CERCLA. The City does not seek additional work, evaluations, sampling, or testing by the United States. Rather, the City's objective is to ensure that the court has before it relevant and credible evidence that demonstrates the United States' failure to satisfy contractual conditions precedent and inconsistency with the NCP. Neither of these objectives is precluded by CERCLA § 113(j).

The APA, upon which the United States so heavily relies, imports the standard of review into CERCLA § 113(j) determinations. "Contrary to law" is included in that standard of review. The failure to address PFAS issues and the persistence of the United States in failing to do so when its own evidence establishes both the duty, and

the failure are not legally supportable objectives. It is an improper application of CERCLA § 113(j) and the court should not permit itself to be used to mask the facts and the evidence.

The property in question is owned by the United States. As the owner, its CERCLA § 107, 120, and 121 obligations are established as a matter of law. Brushing those obligations away with an unexplained decision not to investigate property where fire training occurred, or because some other entity may conduct a later investigation, is an impermissible transfer of responsibility. The United States is the responsible party for the investigation and the evidence demonstrates that it failed in its contractual obligations. Those obligations arise from the United States' contractual commitment to satisfy the conditions precedent to conveyance to perform all action necessary to protect human health and the environment (*See* Memorandum of Agreement at ECF No. 117-5). It cannot satisfy that contractual obligation through inaction. The United States' own documents produced in discovery and discussed by the United States in its opposition establish that inaction.

With due regard for the provisions of CERCLA § 113(j), their application to a contract is misplaced when the underlying issue relates to the satisfaction of that contract. The failure to address PFAS, notwithstanding the guidance in the *Tri-Valley* case where new significant evidence or circumstances appear, reflects an unwillingness to address a matter of human health and the environment. The United States' opposition demonstrates its continuing failure to satisfy the conditions precedent to conveyance. The United States employs the curtain of CERCLA § 113(j) to preclude consideration by the court of the satisfaction of contractual consideration. Those terms do not present a challenge to the remedial action. The United States' effort to use CERCLA § 113(j) to disguise its contractual failure is a misapplication of the law.

If the United States desires to demonstrate its compliance with the law and the applicable regulations, it would do well to ensure that the facts before the court are not artificially contrived by a stale and outdated AR which does not address, "...new significant evidence or circumstances . . .". *Tri-Valley*, supra.

### III. CONCLUSION

For the reasons provided in this reply and in the memorandum in support of the Motion to Supplement the Administrative Record, the court should grant the City's Motion to Supplement the Administrative Record as permitted by 42 U.S.C. § 9613(j).

DATED: April 18, 2025

Respectfully submitted,

KUTAK ROCK LLP

By: *s/ Barry P. Steinberg*
Barry P. Steinberg
barry.steinberg@kutakrock.com

Attorney for Defendant/Cross Defendant/ Counter Claimant/Cross Claimant
City of San Diego