BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ALASTAIR M. GESMUNDO (CABN 316573)
SAMUEL F. HOBBS (AL Bar No. 9776O19E)
Commercial Litigation Branch
P.O. Box 875, Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-8077

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
STEFAN J. BACHMAN (SC Bar No. 102182)
BRIAN SCHAAP (DC Bar No. 1780655)
Environmental Enforcement Section
MICHAEL C. AUGUSTINI (DC Bar No. 452526)
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-6536

*Attorneys for Plaintiff and Counterclaim Defendant United States of America*

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et. al.<br><br>        Defendants.<br><br>*AND RELATED CROSS CLAIMS*<br>*AND COUNTER CLAIMS* | Case No. 3:23-cv-00541-LL-VET<br><br>**UNITED STATES' NOTICE OF CLARIFICATION REGARDING ITS OPPOSITION TO THE CITY'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER (ECF 184) AND ITS MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE RECORD (ECF 156)** |

1

1    The Parties have completed briefing on the City of San Diego's Rule 72(a)
2    Objection to Magistrate Judge Torres' order dated August 15, 2025, denying the
3    City's motion to compel access for entry and sampling at the Boat Channel.  ECF
4    184.  *See* ECF 191-1 (City objection), ECF 199 (U.S. opposition), ECF 200 (City
5    reply).  The United States maintains that Judge Torres' denial of the motion to
6    compel was correct and the City's objections should be overruled.  The United States
7    also filed a motion to limit judicial review to the administrative record (ECF 156),
8    the City responded (ECF 167), and that motion is pending before this court.

9    In the interest of candor, the United States respectfully submits this notice to
10    the Court regarding the Supreme Court's decision in *Atlantic Richfield Co. v.*
11    *Christian*, 590 U.S. 1 (2020).  Although the City did not cite *Atlantic Richfield* or
12    make any arguments based on that case in its motion to compel, at the February 4,
13    2025 hearing before Judge Torres, or in its two briefs objecting to Judge Torres'
14    order denying the motion to compel, it cited the case in its response to the United
15    States' motion to limit judicial review to the administrative record.  The City referred
16    to *Atlantic Richfield* (1) to argue it is not challenging remediation, (2) to assert that
17    because PFAS is now a hazardous substance, it is subject to retroactive CERCLA
18    application, and (3) to note that an amicus brief filed in *Atlantic Richfield*
19    "expounded on the circumstances where the ordinary meaning of words not
20    specifically defined in CERCLA would be given their ordinary meaning" (ECF 167
21    at 2:21-25; 5:20-6:3; and 9:23-10:2).  The City most recently cited *Atlantic Richfield*
22    in opposing the United States' motion for partial summary judgment on its breach
23    of contract counterclaim, contending that the Court held that "§ 113(b) did not
24    prevent a state court from exercising jurisdiction over state-law claims related to
25    these cleanup efforts."  ECF 206 at 10-11 (citing *Atlantic Richfield*).  As the United
26    States explained in its summary judgment reply on December 5, 2025, the City's
27    argument regarding *Atlantic Richfield* in its opposition is unpersuasive because the
28    Supreme Court did not address Section 9613(j) of CERCLA.  ECF 210 at 1-2.

1    *Atlantic Richfield* is, however, relevant to one of the Court's multiple bases
2    for denying the City's motion to compel.  Judge Torres considered whether Section
3    113(j)(1) of CERCLA precluded the sampling requested by the City. The Court
4    recognized that "[n]o court seems to have directly addressed this question."
5    Consistent with our briefing before Judge Torres, the Court found that "the Ninth
6    Circuit's interpretation [in *Fort Ord* and *Arco*] of CERCLA's exclusive jurisdiction
7    provision, found in Section 113(b), is instructive."  Relying upon the Ninth Circuit's
8    examination of "the 'interplay' between Sections 113(b) and 113(h)," the Court
9    ultimately concluded that, "[i]n interpreting Section 113(j)(1), the Court sees no
10   reason to deviate from the Ninth Circuit's broad interpretation of Section 113(b)."
11   As noted, *Atlantic Richfield* does not address Section 113(j)(1), and thus does not
12   control the magistrate judge's ruling or this court's review. *Atlantic Richfield* merely
13   addressed the interplay of CERCLA subsections 9613(b) and, (h), and found that
14   those provisions "work independent" of one another.  *See* 590 U.S. at 13-17 (holding
15   that CERCLA did not displace concurrent state-court jurisdiction over the tort claims
16   at issue in Montana).

17   *Atlantic Richfield* indirectly calls into question the way prior Ninth Circuit
18   cases viewed the interplay of Sections 9613(b) and 9613(h).  *See*, *e.g.*, *ARCO Envtl.*
19   *Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1115 (9th
20   Cir. 2000) (citing *Fort Ord Toxics Project v. Cal EPA*, 189 F.3d 828, 832 (9th Cir.
21   1999)).   The Magistrate Judge's August 15 order denying the City's motion to
22   compel discusses the Ninth Circuit cases by analogy, and we cited them in the United
23   States' opposition to the City's motion to compel and objection to the Magistrate
24   Judge's order.  *See* ECF 125 at 12-14; ECF 199 at 9-11.  Even though the United
25   States believes that *Atlantic Richfield* counsels against drawing an analogy to
26   Section 9613(b) as per *ARCO* or *Fort Ord,* this Court still has multiple bases to
27   uphold the Magistrate Judge's denial of the City's motion to compel.  First, as we
28   noted in our recent summary judgment reply and above, *Atlantic Richfield* did not

3

1   address the relevant CERCLA provision governing administrative record review, 42

2   U.S.C. § 9613(j).  ECF 210 at 1-2.  And, as detailed in the United States' motion to

3   limit judicial review, because there are other CERCLA claims in the case, the court

4   could decide that Section 9613(j) applies on this basis alone, without having to adopt

5   the analogy to Section 9613(b) as per *ARCO* or *Fort Ord* (ECF 156-1 at 5, n.3).

6   Finally,  the Supreme Court's decision has no effect on the United States' first and

7   third arguments relating to the denial of the motion to compel, namely, that this case

8   is a "judicial action under" CERCLA because there are CERCLA claims in this case,

9   and that the Administrative Procedure Act limits judicial review of the Navy's final

10   agency action of selecting a remedy to the administrative record, both of which

11   provide independent bases to deny the City's request. *See* ECF 156-1 at 9-11, ECF

12   199 at 17-18.

13

14   Dated: December 22, 2025     Respectfully Submitted,

15

16                  */s/ Alastair M. Gesmundo*

17                  BRETT A. SHUMATE
                  Assistant Attorney General

18                  Civil Division

19                  KIRK MANHARDT
                  MARCUS S. SACKS

20                  ALASTAIR M. GESMUNDO (CABN 316573)

21                  SAMUEL F. HOBBS (AL Bar No. 9776O19E)

22                  Commercial Litigation Branch
                  P.O. Box 875, Ben Franklin Station

23                  Washington, DC 20044

24                  Phone: (202) 616-8077

25                  ADAM R.F. GUSTAFSON

26                  Principal Deputy Assistant Attorney General
                  Environment and Natural Resources Division

27                  STEFAN J. BACHMAN (SC Bar No. 102182)

28                  BRIAN SCHAAP (DC Bar No. 1780655)

Environmental Enforcement Section
MICHAEL C. AUGUSTINI (DC Bar No. 452526)
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 616-6536

*Attorneys for Plaintiff and Counterclaim-Defendant*
*United States of America*