UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                  Defendants.<br>_____<br><br>AND RELATED CROSS-ACTION. | Case No.: 23cv0541-LL-VET<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING CITY OF SAN DIEGO'S AMENDED SECOND AND THIRD COUNTERCLAIMS WITH PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>**[ECF No. 182]** |

The Court previously granted the United States' Motion to Dismiss the City's Counterclaim 2 (recoupment) and Counterclaim 3 (declaratory and injunctive relief under the Administrative Procedure Act) for lack of subject-matter jurisdiction. ECF No. 180 ("Order"). In doing so, it dismissed those counterclaims with prejudice. *Id*. Under Federal Rule of Civil Procedure 59(e), the City moved the Court to reconsider whether its dismissal should have been without prejudice, which the United States opposes. ECF Nos. 182, 193. The difference is that 'without prejudice' allows the City to bring these claims in another court while 'with prejudice' closes that avenue. The Court deems this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **DENIES** the City's Motion for Reconsideration.

## I.  LEGAL STANDARD

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). It is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022). And it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020). The moving party has a "heavy burden" to establish error serious enough to require a Rule 59(e) amendment. *Haywood v. San Diego Sheriff*, No. 19-cv-1784-MMA-RBB, 2019 WL 5086560, at *1 (S.D. Cal. Oct. 10, 2019). Indeed, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *Nat'l Shooting Sports Found. v. Bonta*, No. 23-cv-0945-AGS-KSC, 2025 WL 1012326, at *1 (S.D. Cal. Mar. 31, 2025).

## II.  DISCUSSION

The City cites three Ninth Circuit cases for the rule statement that dismissals for lack of subject-matter jurisdiction should generally be without prejudice. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."); *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (similar); *Iten v. LA*, 81 F.4th 979, 993 n.2 (9th Cir. 2023) (similar). "The theory undergirding the general rule is that the merits have not been considered before dismissal," therefore a plaintiff should be able to "reassert his claims in a competent court," if any. *See Koster*, 847 F.3d at 656 (quotation marks omitted).

In response, the United States highlights that the Ninth Circuit has regularly affirmed dismissals with prejudice for lack of subject-matter jurisdiction when claims were barred by sovereign immunity, when no competent court existed. *See Frigard v. U.S.*, 862 F.2d 201, 204 (9th Cir. 1988) ("The bar of sovereign immunity is absolute: no other court has

the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the FTCA," so "the district court did not abuse its discretion in dismissing the action with prejudice."); *Burroughs v. U.S.*, 610 F. App'x 697, 698 (9th Cir. 2015) ("The district court therefore did not abuse its discretion by dismissing the action with prejudice because the complaint cannot be redrafted to bring the respondeat superior claims under the Federal Tort Claims Act."); *see also Nickles v. U.S.*, 699 F. Supp. 3d 898, 925 (E.D. Cal. 2023) (similar).

Here, the Court stands by its ruling to dismiss Counterclaim 2 (recoupment) with prejudice. The United States' sovereign immunity bars this claim, however drafted, not just in this court but any court. As explained in its July 17, 2025 Order, "courts routinely decline to extend the recoupment doctrine to CERCLA." Order at 4–5; *see U.S. v. Iron Mountain Mines, Inc.*, 881 F. Supp. 1432, 1456–57 (E.D. Cal. 1995) ("The 'common law' and 'recoupment' claims against the United States are dismissed," presumably with prejudice, "because they are barred by sovereign immunity."); *id*. at 1457 (dismissing claims against parties other than the United States "without prejudice," reinforcing the reading that the counterclaims barred by the United States' immunity were dismissed with prejudice).

The Court stands by its ruling to dismiss Counterclaim 3 (declaratory and injunctive relief under the APA) with prejudice as well. The United States' sovereign immunity bars this claim, however drafted, in any court. As previously explained, "the rights and remedies underlying the City's APA counterclaim [are] contractually based," and the Ninth Circuit has "interpreted the Tucker Act to 'impliedly forbid' an APA action seeking 'injunctive and declaratory relief' when it is a 'disguised' breach-of-contract claim." Order at 6–7 (citing *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1026 (9th Cir. 2023)); *see* 5 U.S.C. § 702 (stating that a limitation on the APA's waiver of sovereign immunity is that the relief sought must not be "impliedly forbid[den]" by "any other statute"); *Buckovetz v. U.S. Dep't of the Navy*, No. 23-cv-1942-CAB-MMP, 2024 WL 253630, at *1–2 (S.D. Cal. Jan. 23, 2024) (dismissing Tucker Act-adjacent APA action "with prejudice" since "the waiver of sovereign immunity in the APA does not apply").

Finally, although this should have been clear enough, the Court did not dismiss with prejudice any breach-of-contract counterclaim contemplated by the City, for only the City's recoupment and APA counterclaims were before it. Inasmuch as the City seeks damages for the United States' alleged breach of contract, it may still seek such relief in a competent court. *See, e.g., United Aeronautical Corp.*, 80 F.4th at 1027 ("The Tucker Act grants exclusive jurisdiction to the Court of Federal Claims over breach-of-contract actions for money damages.").

## III. CONCLUSION

Accordingly, the Court **DENIES** the City's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: January 9, 2026

Honorable Linda Lopez
United States District Judge