UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. CITY OF SAN DIEGO, et al., Defendants. _____ AND RELATED CROSS-ACTION. | Case No.: 23cv0541-LL-VET **ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 15, 2025 ORDER** **[ECF No. 191]** |
|---|---|

Before the Court are Defendant City of San Diego's ("City") objections to Magistrate Judge Valerie E. Torres' order denying the City's motion to compel entered on August 15, 2025 [ECF No. 184 ("Order")]. ECF No. 191 ("Mot."). Plaintiff United States of America ("United States") filed a response in opposition [ECF No. 199 ("Opp")] and the City filed a reply [ECF No. 200 "Reply"]. For the reasons below, the Court **OVERRULES** the City's objections.

I. **LEGAL STANDARD**

"A district court's review of a magistrate judge's order on a non-dispositive motion is limited." *Lawrence v. Hoban Mgmt., Inc.*, 103 F. Supp. 3d 1216, 1217 (S.D. Cal. 2015). Rulings on discovery motions, such as the Order at issue, are non-dispositive. *See* 28

U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). The district court will uphold the magistrate judge's order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). A review under the clearly erroneous standard is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 623 (1993). In contrast, the "contrary to law" standard permits "independent review of purely legal determinations by a magistrate judge." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). Thus, the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions.

## II. DISCUSSION

The City objects to the Magistrate Judge's Order denying the City's Motion to Compel Access to the Boat Channel at the former Naval Training Center in San Diego "for the purpose of investigation, sampling, and testing of real property including land, water, and subaqueous land." Mot. at 2. The City argues that Magistrate Judge Torres interpreted 42 U.S.C. § 9613 too broadly[1] as to "preclude the City's ability to verify that the contractual conditions precedent to conveyance of the property have been satisfied." *Id*.

"Section 113 of CERCLA, entitled 'Civil Proceedings,' sets forth the jurisdictional basis and limits of federal courts to adjudicate actions arising out of CERCLA." *Fairchild Semiconductor Corp. v. United States EPA*, 984 F.2d 283, 286 (9th Cir. 1993); *see also*

---

[1] The Court declines to consider City's attempt to distinguish *Fort Ord Toxics Project, Inc. v. California E.P.A.*, 189 F.3d 828 (9th Cir. 1999) and *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108 (9th Cir. 2000) as the City failed to address these cases before the Magistrate Judge. *See Farquhar v. Jones*, 141 F. App'x 539, 540 (9th Cir. 2005) (finding an argument waived when first raised in objections to a magistrate's recommendation).

*generally* 42 U.S.C. § 9613. Subsection (j)(1) provides that "[i]n any judicial action under this chapter, judicial review of any issues concerning the *adequacy of any response action taken* or ordered by the President shall be limited to the administrative record." 42 U.S.C. § 9613(j)(1) (emphasis added). As the Magistrate Judge correctly found, both United States and the City assert causes of action pursuant to CERCLA (*see* ECF Nos. 25, 110), so there can be no dispute that § 9613(j)(1) applies to the parties' causes of action arising directly under CERCLA. Order at 7–8.

As for the City's argument that § 9613(j)(1) should not apply to the sampling request because it relates to "the City's ability to verify that the *contractual conditions* precedent to conveyance of the property have been satisfied" (Mot. at 2, emphasis added), the Court is not persuaded. According to the City, its sampling request seeks to gather evidence that would demonstrate that United States or the Navy "failed to satisfy its contractual obligations under the Memorandum of Agreement ('MOA') to (1) 'take all remedial action necessary to protect human health and the environment,' required and (2) to obtain site closure from appropriate regulatory authorities based on the projected use of the property as described in the NTC San Diego Reuse Plan." *Id*. In other words, the City seeks evidence that would support its allegations that the Navy did not perform its condition precedent under the MOA by attacking "the remedial action" taken by the Navy. The City cannot avoid application of § 9613(j)(1) by claiming that it challenges the United States' remediation only under the MOA, and not under CERCLA.

In fact, its own expert witness confirmed that the City intends to use the sampling to challenge the CERCLA cleanup. *See* Order at 13. As the Magistrate Judge correctly found, the City is plainly challenging the adequacy of the Navy's remediation. *See id*. (collecting cases). Accordingly, 42 U.S.C. § 9613(j) limits judicial review of the adequacy of the remediation to the administrative record, and therefore, the Magistrate Judge's decision that the City's sampling request sought discovery beyond the scope allowed under CERCLA was not clearly erroneous or contrary to law.

Lastly, the Magistrate Judge Torres' ruling that the City's September 12, 2024

sampling request was untimely is not clearly erroneous. As the Magistrate Judge explained in detail, the fact discovery was originally scheduled to close on August 7, 2024. Order at 14. At the City's request, the Magistrate Judge continued the discovery deadlines *twice* to September 6, 2024 and November 6, 2024. *Id*. The parties were expressly informed that all discovery "must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date." *Id*. However, the City did not serve the sampling request until September 12, 2024 and requested to sample from October 15, 2024 to November 7, 2024—one day after the close of fact discovery and the day that initial expert designations and reports were due—even though it had a document outlining the proposed sampling request since March 2024. *Id*. The Magistrate Judge noted that the City failed to explain why it waited over six months to serve this discovery. *Id*. at 15. The City now claims–belatedly–that the sampling was not untimely because it was made after "United States first asserted its claim for specific performance in the counterclaim-in-reply filed on July 11, 2024." Reply at 7. However, this timeline still does not explain why the City waited two months to serve the sampling request on September 12, 2024. The Court agrees with the Magistrate Judge that permitting the proposed sampling would reopen major portions of fact and expert discovery and cause significant delays. Therefore, the Court finds no clear error as to Magistrate Judge's ruling that the City's September 12, 2024 sampling request was untimely.

      In sum, the City's arguments are not persuasive and fail to establish that discovery is warranted under the circumstances. Accordingly, the court denies the City's objections to the Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

The City's objections to the Magistrate Judge's Order do not establish that the Magistrate Judge's rulings were either clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** City's objections to the Magistrate Judge's August 15, 2025 Order.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_____
Honorable Linda Lopez
United States District Judge