

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 23cv0541-LL-VET |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO LIMIT JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD** |
| CITY OF SAN DIEGO, et al., | |
| Defendants. | **[ECF No. 156]** |
| _____ | |
| AND RELATED CROSS-ACTION. | |

Before the Court is Plaintiff United States of America's ("United States") Motion to Limit Judicial Review to the Administrative Record. ECF No. 156-1 ("Mot."). Defendant City of San Diego ("City") filed a response in opposition. ECF No. 167 ("Opp"). For the reasons below, the Court **GRANTS** the United States' Motion.

## I.   DISCUSSION

Under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), judicial review is generally limited to the administrative record as it existed at the time of the agency action. *See* 42 U.S.C. § 9613(j)(1) ("judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record.") Accordingly, "as a general rule,

information created or discovered after an agency has made a decision will not be considered." *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1250, 1260 (E.D. Cal. 1997). "This includes documents, deposition testimony, and expert opinions generated during the course of litigation." *Iron Mountain*, 987 F. Supp. at 1260; *see also Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (affirming district court's denial of motion to supplement the administrative record with a report that was completed over two years after the commencement of the litigation); *United States v. Wash. Dept. of Transp.*, 450 F. Supp. 2d 1207, 1213–14 (W.D. Wash. 2006) (limiting review of EPA's selection of response actions to the administrative record and granting a protective order prohibiting discovery of any issues that go beyond the administrative record).

However, courts may consider supplemental materials outside of the administrative record under CERCLA when (1) the agency has failed to explain its actions, making judicial review of whether the agency has considered all relevant factors impossible; (2) the agency has relied on documents or materials not included in the record; (3) supplementation is necessary to explain technical terms or complex subject matter involved in the agency action; or (4) a strong showing of agency bad faith is made. 42 U.S.C. § 9613(j)(1); *see Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). "The party challenging the adequacy of the administrative record or the administrative process has the burden of showing that supplementation is warranted." *Iron Mountain*, 987 F. Supp. at 1260. Indeed, "an agency's statement of what is in the record is subject to a presumption of regularity." *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) Thus, courts must "presume that an 'agency properly designated the [a]dministrative [r]ecord absent clear evidence to the contrary.'" *Id.* (citation omitted).

The United States seeks to limit judicial review to the administrative record "(1) for any issues concerning the adequacy of the remediation, and (2) for any review of the Navy's final agency action of selecting a remedy." Mot. at 2. The United States also seeks to exclude City's expert witnesses, Dr. Michael Trapp and Mr. Stephen Johnson because their purported testimonies concern the adequacy of Navy's remediation and the Navy's

selection of a remedy. Mot. at 3.

The City claims that the limitation of review to the administrative record does not apply here because "this is a case that sounds in contract, not statute." Opp. at 6. Specifically, the City claims that its "objections and opposition derive from the United States' failure to satisfy contractual conditions precedent to conveyances and the Navy's failure to perform its work consistent with the National Contingency Plan." *Id*. The Court is not persuaded.

First, there can be no doubt that § 9613(j)(1) applies to the parties' causes of action arising directly under CERCLA as both the United States and the City assert causes of action under CERCLA (*see* ECF Nos. 25, 110[1]). Second, "any review of the Navy's final agency action of selecting a remedy" is not only covered by § 9613(j)(1) as it directly concerns "the adequacy of any response action taken" but is also covered by the Administrative Procedure Act ("APA") as it involves a "final agency action" (5 U.S.C. § 704). *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) ("In general, a court reviewing agency action under the APA must limit its review to the administrative record.").

Thus, it all comes down to whether 42 U.S.C. § 9613(j) applies to the only non-CERCLA claim in this action: the United States' claim for breach of contract under the parties' Memorandum of Agreement ("MOA").[2] As discussed in the Court's Order

---

[1] The United States seeks two claims under CERCLA: (1) cost recovery under § 107 of CERCLA and (2) declaratory judgment under § 113(g)(2). ECF No. 25. After this Court's Order dismissing the City's counterclaims for recoupment and declaratory and injunctive relief for lack of subject matter jurisdiction (ECF No.180), the City's remaining claims are: (1) contribution under § 113(f)(1) of CERCLA; and (2) declaratory relief under § 113(g)(2). ECF No. 110.

[2] The City seems to think that it has an active cause of action for breach of contract: "both the City and the United States have active causes of action for breach of contract" Opp. at 5. However, the City omitted the breach-of-contract cause of action when it amended its counterclaim on November 21, 2024. *See* ECF No. 109. Thus, its breach-of-contract claim

3

overruling City's objections to Magistrate Judge's Order (ECF No. 219), this Court is not persuaded by the City's claim that it is not challenging the adequacy of the remediation. Its claimed "central issue" that the "United States' fail[ed] to satisfy contractual conditions precedent" to the parties' MOA (Opp. at 5) directly goes to the "adequacy of any response action taken" by the Navy. The Court is equally unpersuaded by the City's argument about the perfluorinated compounds ("PFAS"). The City claims that PFAS is "a CERCLA hazardous substance" that should have been included in the clean-up. Opp. at 9–10. Whether PFAS should or should not have been included in the clean-up directly goes to the review of the Navy's final agency action of selecting a remedy. Lastly, the City fails to identify any of the four narrowly construed circumstances outlined above that would justify looking outside the administrative record.

As for the City's experts, the City does not dispute that Dr. Michael Trapp and Mr. Stephen Johnson will testify as to the adequacy of Navy's remediation and the Navy's selection of a remedy. However, "'[t]echnical testimony . . . elicited for the purpose of determining the scientific merit of the [agency's] decision,' is not generally admissible." *Kunaknana v. Clark*, 742 F.2d 1145, 1152 (9th Cir. 1984) (affirming district court's exclusion of expert witness affidavits that were "prepared for the purpose of contesting the scientific merit of the agency's analysis") (citation and internal quotations omitted); *Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153, 1160–61 (9th Cir. 1980) (finding error in district court's admission of expert testimony to determine the scientific merit of EPA's decision). Therefore, Dr. Trapp and Mr. Johnson's testimonies shall be excluded as they constitute post-decisional material outside the administrative record.

---

is waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint"); *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent.'" (citation omitted)).

23cv0541-LL-VET

Therefore, this Court grants the United States' Motion to limit judicial review to the administrative record (1) for any issues concerning the adequacy of the remediation, and (2) for any review of the Navy's final agency action of selecting a remedy.

**IT IS SO ORDERED.**

Dated:  March 13, 2026

_____

Honorable Linda Lopez
United States District Judge

23cv0541-LL-VET