Barry P. Steinberg (admitted *Pro Hac Vice*)
barry.steinberg@kutakrock.com
**KUTAK ROCK LLP**
1133 Connecticut Avenue, NW, Suite 1200
Washington, DC 20036
Telephone: (202) 828-2400
Facsimile: (202) 828-2488

Dwyer Arce (admitted *Pro Hac Vice*)
dwyer.arce@kutakrock.com
**KUTAK ROCK LLP**
1650 Farnam Street
The Omaha Building
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Alice Charkhchyan (State Bar No. 332670)
acharkhchyan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
505 North Brand Boulevard, Suite 1100
Glendale, CA 91203
Telephone: (818) 551-6000
Facsimile: (818) 551-6050

Attorneys for Defendant/Counter-Claimant
CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Civil No. 3:23-CV-00541-LL-VET** |
| Plaintiff, | **CITY OF SAN DIEGO BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL** |
| v. | |
| CITY OF SAN DIEGO, | The Hon. Linda Lopez |
| Defendant. | Trial Date: None Set |
| *AND RELATED CROSS CLAIMS AND COUNTER CLAIMS* | |

/ / /

4931-9287-2089

## CITY OF SAN DIEGO BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

### I. INTRODUCTION

Defendant City of San Diego (the "City") moves under Federal Rule of Civil Procedure 54(b) for the Court to direct entry of a final judgment on the Court's order granting summary judgment on the United States' claim for specific performance of the Memorandum of Agreement ("MOA"). (ECF No. 224); *see Practice Under Rule 54(b)*, 10 Wright & Miller's Fed. Prac. & Proc. § 2660 (4th ed. 2014) ("There is no specific procedure for obtaining the certification prescribed in Rule 54(b). In most cases a party simply will file a motion requesting the court to make the determinations required by the rule.").

The City also moves for certification of appeal under 28 U.S.C. § 1292(b) on the inextricably intertwined legal question of "whether 42 U.S.C. § 9613(j) applies to the ... United States' claim for breach of contract under the parties' Memorandum of Agreement." (ECF No. 220 at 3); *see ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) ("[T]he district court may certify the order for interlocutory appeal in the text of that order or in a separate order, known as the certification order.").

Granting this certification will materially advance the ultimate termination of the litigation. The certification will allow the parties to obtain a final determination of (1) whether the MOA imposed obligations on the United States beyond the requirements of CERCLA, and (2) whether the limitations of 42 U.S.C. § 9613(j)(1) apply to the United States' breach-of-contract claim. Definitively resolving these issues will materially advance the litigation and likely result in its termination without the need for trial on the remaining issues.

## II. ARGUMENT

### A.   Rule 54(b) Certification Is Appropriate Here

Under Federal Rule of Civil Procedure 54, "[w]hen an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This "allows a district court in appropriate circumstances to enter judgment on one or more claims while others remain unadjudicated." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018).

The Court's order granting summary judgment on the United States' claim for specific performance meets all the requirements for certification under Federal Rule of Civil Procedure 54(b).

### 1.   Specific Performance Is A Standalone Claim For Relief

Where, as here, "a suit involves multiple claims, we leave it to the district court, as 'dispatcher,' to evaluate the interrelationship of the claims and determine in the first instance whether the claims under review are separable from the others remaining to be adjudicated." *Pakootas*, 905 F.3d at 576 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 (1980)) (cleaned up). In making this evaluation, the Court must determine "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the appellate] court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).

The Court's "findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 816 (9th Cir. 1982) (affirming Rule 54(b) certification of an order granting specific performance). "This inquiry does not require the issues raised on appeal to

4931-9287-2089

be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Jewel*, 810 F.3d at 628.

The United States' counterclaim-in-reply presented a single claim for relief that stands apart from the remaining claims for relief. By seeking specific performance under the MOA, the United States sought relief that was only available on a breach-of-contract theory. CERCLA does not provide for specific performance as a remedy. Indeed, nothing in CERCLA permits the United States to force another party to accept ownership of real property. This is true regardless of whether the cleanup complied with CERCLA.

This remains so despite the Court's holding that the MOA imposed no obligations upon the United States beyond CERCLA compliance. That holding is an interpretation of the MOA, not a requirement of CERCLA. And even though that interpretation may create overlap between MOA compliance and CERCLA compliance, "[c]laims with partially overlapping facts are not foreclosed from being separate for purposes of Rule 54(b)." *Pakootas*, 905 F.3d at 575 (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005)) (internal quotation marks omitted). "Instead, a district court can enter final judgment on a claim even if it is not separate from and independent of the remaining claims." *Id.* (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991)). "And such a judgment is permissible even if the claim arises out of the same transaction and occurrence as pending claims." *Id.* (quoting *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956)).

The United States' claim for specific performance presents unique issues that have no impact on the remaining claims in the case—it definitively resolves all claims related to the MOA and the parties' rights under that agreement. It leaves as the only remaining issue the allocation of CERCLA costs. The MOA is completely irrelevant to that issue, removing any risk that "the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still

- 3 -

4931-9287-2089

pending before the trial court." *Alcan Aluminum Corp.*, 689 F.2d at 816. As such, the United States' claim for specific performance presents a separate issue that is appropriate for certification.

### 2. There Is No Just Reason For Delaying Judgment On This Claim Because Doing So Will Promote Efficiency

"Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Alcan Aluminum Corp.*, 689 F.2d at 816. To make such a certification, "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas*, 905 F.3d at 574 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7). "The court then must find that there is no just reason for delaying judgment on this claim." *Id.*

The first step is complete. The Court granted summary judgment to the United States on its counterclaim-in-reply and awarded specific performance, the only remedy the United States sought on that claim. (ECF No. 224).

As to the second step, "a district court must take into account judicial administrative interests as well as the equities involved." *Pakootas*, 905 F.3d at 576 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8) (internal quotation marks omitted).

In considering judicial administrative interests, certification is appropriate where "the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. That is true here. Because specific performance is a remedy under the MOA only, there is no risk of overlap with any subsequent appeal after trial on cost allocation. An immediate appeal—and definitive appellate decision on the MOA—is also likely to result in the ultimate resolution of this matter without the need to expend additional Court resources required to conduct a trial on the cost allocation.

- 4 -    CIVIL NO. 3:23-CV-00541-LL-VET
CITY OF SAN DIEGO BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

4931-9287-2089

The City respectfully requests the Court certify its order granting summary judgment under the MOA as a final judgment for immediate appeal.

**B.     Whether Review Of The MOA Is Limited To The Administrative Record Is Appropriate For 28 U.S.C. § 1292(b) Certification**

In addition to Rule 54(b) certification, another "narrow exception to the final judgment rule exists when the district court determines: (1) that there is a controlling question of law; (2) that there is substantial ground for difference of opinion as to that controlling question; and (3) that an immediate resolution of the question may materially advance the ultimate termination of the litigation." *In re Bank of Am. California Unemployment Benefits Litig.*, 2025 WL 2617075, at *5 (S.D. Cal. 2025) (citing 28 U.S.C. § 1292(b)).

**1.     The Scope Of § 9613(j) Is A Controlling Question Of Law**

These factors are met here with respect to the legal question of "whether 42 U.S.C. § 9613(j) applies to the ... United States' claim for breach of contract under the parties' Memorandum of Agreement." (ECF No. 220 at 3). The Court's answer—"Yes"—underpins the Court's orders limiting judicial review to the administrative record and denying the motion to supplement the administrative record. (ECF No. 220 ("[I]t all comes down to whether 42 U.S.C. § 9613(j) applies to the only non-CERCLA claim in this action: the United States' claim for breach of contract under the ... [MOA]")); (ECF No. 222 (rejecting argument that evidence outside the administrative record is "relevant to show that 'the United States has not satisfied its contractual obligations'")).

This legal determination is controlling not only as to those orders, but it is also inextricably intertwined with the order granting the United States' motion for summary judgment on specific performance. (ECF No. 224). This is because the appellate court "cannot determine whether the district court's summary judgment order was erroneous until we have 'defined' the summary judgment record, i.e., until we have ruled on [the appellant's] challenge to the exclusion" of evidence presented

- 5 -

on summary judgment. *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 286 (5th Cir. 2020).[1]

As a result, the appellate court could not effectively or meaningfully review the award of specific performance without also determining whether the Court properly excluded substantial portions of the evidence presented on summary judgment, such as the expert opinions of Dr. Trapp, in the Court's order limiting review to the administrative record. (*See* ECF No. 220 ("Dr. Trapp and Mr. Johnson's testimonies shall be excluded as they constitute post-decisional material outside the administrative record.")); (*see, e.g.*, ECF No. 206-2 ¶¶ 2, 4, 18, 19, 77 (relying on Dr. Trapp's report to dispute facts presented by United States in support of summary judgment)). Nor could the appellate court meaningfully review whether the arguments and evidence related to matters outside the administrative record—such as the presence of PFAS and PCB—were properly excluded from consideration at summary judgment in reliance on § 9613(j)(1).

### 2. There Is Substantial Ground For Difference Of Opinion On The Application Of § 9613(j) To Non-CERCLA Claims

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where novel and difficult questions of first impression are presented." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *Couch*, 611 F.3d at 633) (cleaned up). This standard can be satisfied even when "there are no cases directly conflicting with the district court's construction of the law," as appears to be the case here. *Id.* Rather, "[a] substantial ground for difference of opinion exists where reasonable jurists might

---

[1] The Court's orders on the administrative record are likely reviewable with the Rule 54(b) certification alone since "appellate courts may review rulings that are 'inextricably intertwined' with or 'necessary to ensure meaningful review of' decisions over which we have jurisdiction." *Meredith v. Oregon*, 321 F.3d 807, 812 (9th Cir.), *amended sub nom. Meredith v. State of Oregon*, 326 F.3d 1030 (9th Cir. 2003) (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995)). But the City includes a separate request for § 1292(b) certification out of an abundance of caution to ensure that all issues determinative of specific performance are properly presented on appeal.

CITY OF SAN DIEGO BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

4931-9287-2089

disagree on an issue's resolution, not merely where they have already disagreed." *Id.* "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.*

This standard is met here. Section 9613(j) provides that "[i]n any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record." 42 U.S.C. § 9613(j)(1) (CERCLA § 113(j)(1)). In seeking specific performance, the United States is not pursuing "judicial action *under this chapter*." Nothing "under this chapter" provides for a remedy of specific performance. The United States' request for specific performance is based only on an alleged breach of contract.

While not directly on point, numerous cases support the conclusion that § 9613(j)(1) does not apply to this contract claim. For example, the Supreme Court has previously held that another subsection of § 9613 did not prevent a state court from exercising jurisdiction over state-law claims, explaining that "[a] suit *arises under* the law that creates the cause of action." *Atlantic Richfield Co. v. Christian*, 590 U.S. 1, 13 (2020) (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)) (emphasis added) (cleaned up). Under this language, the jurisdictional restrictions of § 9613 did not apply because "[t]he landowners' common law claims for nuisance, trespass, and strict liability ... *arise under* [state] law and not under [CERCLA]." *Id.* at 13 (emphasis added).

This conclusion is supported by other cases where issues related to both administrative review and breach of contract were joined. As other courts have held, "[w]hile a court employs the deferential APA standard of review to an administrative record ... compliance with a contractual obligation is usually reviewed de novo on the litigation record .... [T]he Court has consistently found that the breach of contract

claim is not confined to the administrative record." *Defs. of Wildlife v. Salazar*, 877 F. Supp. 2d 1271, 1298 n.33 (M.D. Fla. 2012). And "[a]s a rule, de novo review permits the parties to put before the district court evidence beyond" what appears in the administrative record. *Shaw v. Connecticut Gen. Life Ins. Co.*, 353 F.3d 1276, 1284 n.6 (11th Cir. 2003); *see also Cnty. of Suffolk v. United States*, 19 Cl. Ct. 295, 300 (1990) ("Since defendant has not cited any provision in the contracts or controlling regulations that limits the scope of this court's review of such a breach claim, the scope of this court's review here will be the same as it would be for any other federal contract."); *Am. Sav. v. Bell*, 562 F. Supp. 4, 8 (D.D.C. 1981) (noting "no support for the proposition that this Court should be equally bound in a situation where the agency is sued on a contract claim").

It appears even the United States has a difference of opinion on this issue. The United States expressly argued in its motion that the Court *can* consider evidence outside the administrative record with respect to the MOA, stating that "the usual summary judgment standard and scope of review applies" to issues like "whether the MOA is a valid contract, or whether the MOA obligates the Navy to include the disputed covenant in the deed." (ECF No. 188-1 at 7). Significantly, the MOA itself is also not part of the administrative record.

Of course, the Court has already considered the City's arguments on this issue and rejected them. But in light of the authorities holding that other provisions of § 9613 do not apply to claims for relief that do not originate from CERCLA, and those holding that a contract claim is not limited to the administrative record even when joined with an administrative claim, it is respectfully submitted that there is a substantial ground for difference of opinion on this question that is appropriate for § 1292(b) certification.

### 3. Immediate Resolution Of The Question Will Advance The Ultimate Termination Of The Litigation

"[T]he materially advance prong is satisfied when the resolution of the

- 8 -

CITY OF SAN DIEGO BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

4931-9287-2089

question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Oregon*, 22 F.4th at 1131. This factor is met here too.

The Court recently issued the final pretrial scheduling order for trial on the remaining issues in this case. (ECF No. 225). Such a trial will use considerable resources of the parties and the Court. This "time, effort, [and] expense" will likely be rendered unnecessary following a definitive ruling from the appellate court on specific performance. It will resolve one of the most hotly contested issues in the case and will likely result in the termination of this litigation without the need to use additional judicial resources. *See Sterling v. Feek*, 150 F.4th 1235, 1247 (9th Cir. 2025) ("materially advance" prong met where "[r]eviewing the question at this juncture would ... resolve an issue fundamental to [a party's] individual claims and clarify which [parties] are eligible for relief"); *Dilanyan v. Hugo Boss Fashions, Inc.*, 2025 WL 3549868, at *5 (C.D. Cal. 2025) ("materially advance" prong met where "a determination on appeal [of the controlling question] would result in the dismissal of this action" and "resolution of an interlocutory appeal may therefore conserve resources that would be expended if the parties were to continue litigating this action to reach a final judgment"); *Elorreaga v. Rockwell Automation, Inc.*, 2023 WL 4116623, at *2 (N.D. Cal. 2023) ("An interlocutory appeal would thus 'materially advance' this litigation by eliminating a potentially substantial and needless waste of Court and party resources."); *Biederman v. FCA US LLC*, 2025 WL 1266907, at *5 (N.D. Cal. 2025) ("[A]n interlocutory appeal would conserve judicial resources, conserve party resources, and simplify case management.").

### III. CONCLUSION

The City respectfully requests the Court enter an order:

1. Certifying its order granting specific performance, (ECF No. 224), as a final judgment under Federal Rule of Civil Procedure 54(b); and

2. Certifying for immediate appeal under 28 U.S.C. § 1292(b) the

4931-9287-2089

controlling legal question of "whether 42 U.S.C. § 9613(j) applies to the ... United States' claim for breach of contract under the parties' Memorandum of Agreement." (ECF No. 220 at 3).

DATED: April 10, 2026

Respectfully submitted,

**KUTAK ROCK LLP**

By: *s/ Barry P. Steinberg*
    Barry P. Steinberg
    barry.steinberg@kutakrock.com

Attorney for Defendant/Cross Defendant/Counter Claimant/Cross Claimant City of San Diego

4931-9287-2089