Barry P. Steinberg (admitted *Pro Hac Vice*)
barry.steinberg@kutakrock.com
**KUTAK ROCK LLP**
1133 Connecticut Avenue, NW, Suite 1200
Washington, DC 20036
Telephone: (202) 828-2400
Facsimile: (202) 828-2488

Dwyer Arce (admitted *Pro Hac Vice*)
dwyer.arce@kutakrock.com
**KUTAK ROCK LLP**
1650 Farnam Street
The Omaha Building
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Alice Charkhchyan (State Bar No. 332670)
acharkhchyan@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
505 North Brand Boulevard, Suite 1100
Glendale, CA 91203
Telephone: (818) 551-6000
Facsimile: (818) 551-6050

Attorneys for Defendant/Counter-Claimant
CITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant.<br><br>*AND RELATED CROSS CLAIMS AND COUNTER CLAIMS* | **Civil No. 3:23-CV-00541-LL-VET**<br><br>**CITY OF SAN DIEGO REPLY BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL**<br><br>The Hon. Linda Lopez<br><br>Trial Date: None Set |

/ / /

4917-9151-3768

**CITY OF SAN DIEGO REPLY BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL**

## I. INTRODUCTION

Defendant City of San Diego (the "City") files this reply brief in support of its motion for entry of a final judgment on the Court's order granting summary judgment on the United States' claim for specific performance of the Memorandum of Agreement ("MOA"), (ECF No. 224), and for certification of appeal under 28 U.S.C. § 1292(b) on the inextricably intertwined legal question of "whether 42 U.S.C. § 9613(j) applies to the ... United States' claim for breach of contract under the parties' Memorandum of Agreement," (ECF No. 220 at 3).

## II. ARGUMENT

**A.    Rule 54(b) Certification Is Appropriate**

**1.    There Is No Overlap Preventing Certification**

The United States argues that "[a] Rule 54(b) certification is inappropriate because there is substantial overlap between the Navy's contract claim and the other claims in this litigation" that would "create the risk of a piecemeal appeal of the same facts and legal issues." (ECF No. 231 at 1, 5). "Most glaringly," the United States insists, are the "two claims that would remain with the district court are mirror images of the Navy's contract claim: the City's contract and APA claims." (ECF No. 231 at 6).

The United States misremembers the Court's orders on those claims. The City's breach-of-contract counterclaim was dismissed because the Court concluded it lacked subject-matter jurisdiction due to the United States' sovereign immunity. (ECF No. 89 at 9-13 ("Because the City has failed to plead how the United States has waived its sovereign immunity for counterclaims three and four, they are DISMISSED.")). Likewise, the Court also dismissed the City's APA counterclaim for lack of subject-matter jurisdiction because "[t]he type of relief sought is ... contractual" and so "the Tucker Act impliedly forbids this Court from deciding it."

(ECF No. 180 at 7-8 ("The City's ... Counterclaim 3 (declaratory and injunctive relief under the APA) [is] DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.")). In contrast, sovereign immunity was not at issue with respect to whether the United States could obtain specific performance under the MOA, since that is an affirmative claim brought by the United States. (*See* ECF No. 224).

As a result, there is no overlap. The only issue ripe for appeal on those issues following a final judgment would be whether this Court correctly concluded that it lacks subject-matter jurisdiction. Since the Court did not decide the merits of those claims, the Ninth Circuit would not be called upon to review the merits on appeal.

Next, the United States argues that "[t]he central dispute in the contract claim is whether the Navy fulfilled its obligation to take all necessary remedial action to protect human health and the environment in the Boat Channel parcels" since this Court "held in its summary judgment decision[ ] [that] this requirement refers to the remedial standard under CERCLA." (ECF No. 231 at 7). The United States essentially argues that because the City seeks to certify an order the United States believes to be correct, the City should not be able to appeal. Obviously, this argument puts the cart before the horse. Such a standard would preclude certification entirely. The Court must necessarily "direct entry of a final judgment as to one or more, but fewer than all, claims" in order to certify an immediate appeal. Fed. R. Civ. P. 54(b).

There is no overlap here either. A Rule 54(b) certification of the Court's order granting the United States specific performance under the MOA presents discrete issues of contract interpretation: (1) whether the MOA imposes obligations on the United States beyond those already imposed by CERCLA, and, if so, (2) whether the United States complied with the MOA.

The issues of whether the United States complied with CERCLA, or whether the United States' costs were consistent with the NCP, are different questions governed by different legal doctrines that would not require the Ninth Circuit to address the same issue again in a later appeal. In short, a certification would not give

4917-9151-3768

the City two bites at the apple on appeal. *See Curtiss-Wright Corp.*, 446 U.S. at 8 (certification is appropriate where "the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals").

## 2. The Equities Favor Certification

The City argued in its motion that an immediate appeal "will resolve one of the most hotly contested issues in the case and will likely result in the termination of this litigation without the need to use additional judicial resources." (ECF No. 227 at 9). The United States responds by claiming that "[a]n appellate decision on the contract claim would not resolve the remaining issue before this court: the allocation of costs under CERCLA." (ECF No. 231 at 1).

As the Supreme Court has explained, Rule 54(b) certification may be supported by "a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980). "The fact that ... an appellate resolution of a party's original and decided claims may well facilitate a settlement is relevant when considering equitable interests." *Kapila v. Grant Thornton, LLP*, 2018 WL 654466, at *3 (S.D. Fla. 2018) (quoting *United Techs. Corp. v. Heico*, 60 F. Supp. 2d 1306, 1308-09 (S.D. Fla. 1999)) (cleaned up). Indeed, "[t]his fact alone could merit certification." *United Techs. Corp. v. Heico*, 60 F. Supp. 2d 1306, 1309 (S.D. Fla. 1999); *see also Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 931 F. Supp. 1044, 1047 (E.D.N.Y. 1996) ("resolution of the decided issues on appeal may facilitate settlement" (citing *New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1426 (2d Cir. 1991))). This consideration is a "sufficiently important reason for nonetheless granting certification" even when "judicial administrative interests as well as the equities involved" do not favor certification. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980).

An immediate appellate resolution of whether the MOA imposed a greater duty

CITY OF SAN DIEGO REPLY BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

4917-9151-3768

on the United States than CERCLA would certainly facilitate settlement, precluding any further appellate review. Whether the City will be forced to accept ownership of the property has always been a defining issue for the claims against the City. Significantly, the United States did not bring any claims for specific performance against the other defendants in the case, the San Diego Regional Airport and the San Diego Unified Port District. As the United States notes in its opposition, those defendants settled pursuant to a consent decree nearly two years ago. (ECF No. 231 at 2 n.1); (ECF No. 69); *see Kapila v. Grant Thornton, LLP*, 2018 WL 654466, at *3 (S.D. Fla. 2018) (granting certification where "settlement may be unlikely absent a final appellate ruling").

Regardless of the outcome of an interlocutory appeal, a final appellate determination of whether the City will be obligated to accept the property will certainly facilitate settlement and will substantially reduce the need for a trial on cost allocation.[1]

**B.      Section 1292(b) Certification Is Appropriate**

**1.      Whether Review Is Limited To The Administrative Record Is A Controlling Issue Of Law**

The United States claims that "the court's order limiting the scope of review of the contract claim is not a 'controlling' question of law, because the court did not rely on this ruling in its summary judgment decision." (ECF No. 231 at 10 n.6).

That is not accurate. In moving for summary judgment, and opposing the United States' motion, the City presented evidence outside the administrative record demonstrating that the United States had failed to satisfy its contractual obligations. Shortly after granting the United States' motion to limit the evidence to the administrative record, the Court granted the United States summary judgment on the

---

[1] The United States argues that "[t]his court would almost certainly conclude the bench trial before the Ninth Circuit would decide the Rule 54(b) appeal." (ECF No. 231 at 8). That statement is entirely speculative and highly dependent upon the case load of this Court and the Ninth Circuit. Importantly, it would certainly be within this Court's discretion to set the trial date in a manner that gives the Ninth Circuit sufficient time to resolve an appeal, or stay the pretrial proceedings, or proceed with the pretrial proceedings as currently scheduled but wait to set a trial date.

- 4 -

CIVIL NO. 3:23-CV-00541-LL-VET
CITY OF SAN DIEGO REPLY BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

4917-9151-3768

MOA without discussing any of the evidence subject to those orders. In doing so, this Court plainly relied on its earlier holding that 42 U.S.C. § 9613(j)(1) precluded consideration of evidence outside of the administrative record.

### 2. There Are Substantial Grounds For Disagreement

The United States next argues that the "there is not substantial ground for disagreement on this issue" because "[t]he United States has repeatedly explained, relying on clear and ample authority, why both CERCLA and the APA limit the scope of review for the contract claim." (ECF No. 231 at 10 n.6). And the City purportedly "never addressed the cases holding that the APA limits review of any final agency action to the administrative record even if brought under another cause of action." (ECF No. 231 at 10 n.6).

There are two problems with this assertion. First, the United States fails to acknowledge that it affirmatively urged the Court to consider evidence outside the administrative record when enforcing the MOA:

> For issues besides the adequacy of the remediation—such as whether the MOA is a valid contract, or whether the MOA obligates the Navy to include the disputed covenant in the deed—the usual summary judgment standard and scope of review applies. ... **The limitation to the administrative record does not apply to these other issues**.

(ECF No. 188-1 at 7) (emphasis added). The United States fails to explain how the resolution of this issue is so "clear" after it took the opposite position when it was advantageous to do so.

Second, the United States does not address—and has never addressed—the authority presented by the City demonstrating that courts have "consistently found that [a] breach of contract claim is not confined to the administrative record." *Defs. of Wildlife v. Salazar*, 877 F. Supp. 2d 1271, 1298 n.33 (M.D. Fla. 2012). And "[w]hile a court employs the deferential APA standard of review to an administrative record ... compliance with a contractual obligation is usually reviewed de novo on

- 5 -

CIVIL NO. 3:23-CV-00541-LL-VET

the litigation record." *Defs. of Wildlife v. Salazar*, 877 F. Supp. 2d 1271, 1298 n.33 (M.D. Fla. 2012). This, "[a]s a rule, ... permits the parties to put before the district court evidence beyond" what appears in the administrative record. *Shaw v. Connecticut Gen. Life Ins. Co.*, 353 F.3d 1276, 1284 n.6 (11th Cir. 2003); *see also Cnty. of Suffolk v. United States*, 19 Cl. Ct. 295, 300 (1990) ("Since defendant has not cited any provision in the contracts or controlling regulations that limits the scope of this court's review of such a breach claim, the scope of this court's review here will be the same as it would be for any other federal contract."); *Am. Sav. v. Bell*, 562 F. Supp. 4, 8 (D.D.C. 1981) (noting "no support for the proposition that this Court should be equally bound in a situation where the agency is sued on a contract claim").

Indeed, it does not appear the United States has ever presented any authority holding that the limitations on judicial review found in § 9613(j)(1) apply to all claims of any kind so long as they are joined in the same suit as a CERCLA claim. Nor has the United States explained why *Atlantic Richfield Co. v. Christian*, 590 U.S. 1 (2020), interpreting very similar language under the same section of CERCLA, should not be considered highly persuasive on this issue.[2]

### III. CONCLUSION

The City respectfully requests the Court enter an order:

1. Certifying its order granting specific performance, (ECF No. 224), as a final judgment under Federal Rule of Civil Procedure 54(b); and

2. Certifying for immediate appeal under 28 U.S.C. § 1292(b) the controlling legal question of "whether 42 U.S.C. § 9613(j) applies to the ... United States' claim for breach of contract under the parties' Memorandum of Agreement." (ECF No. 220 at 3).

---

[2] The United States also argues that "an appeal of the order limiting review to the administrative record would not 'materially advance' the end of the litigation." (ECF No. 231 at 9). This is wrong for all the same reasons this argument was wrong in the context of Rule 54(b) certification.

CIVIL NO. 3:23-CV-00541-LL-VET
CITY OF SAN DIEGO REPLY BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL

4917-9151-3768

DATED: May 7, 2026

Respectfully submitted,

**KUTAK ROCK LLP**

By: *s/ Barry P. Steinberg*
Barry P. Steinberg
barry.steinberg@kutakrock.com

Attorney for Defendant/Cross Defendant/Counter Claimant/Cross Claimant City of San Diego

- 7 -

4917-9151-3768