ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
STEFAN J. BACHMAN (SC Bar No. 102182)
BRIAN SCHAAP (DC Bar No. 1780655)
Environmental Enforcement Section
MICHAEL C. AUGUSTINI (DC Bar No. 452526)
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 616-6536

*Attorneys for Plaintiff and Counterclaim Defendant United States of America*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et. al.<br><br>     Defendants.<br><br>*AND RELATED CROSS AND COUNTER CLAIMS* | Case No. 3:23-cv-00541-LL-VET<br><br>**PLAINTIFF UNITED STATES OF AMERICA'S OBJECTIONS TO CITY OF SAN DIEGO'S PRETRIAL DISCLOSURES**<br><br>PTC Date: July 14, 2026<br>Courtroom 14B<br>Hon. Linda Lopez |

In accordance with the Fed. R. Civ. P. 26(a)(3)(B), Plaintiff United States of America respectfully submits the following objections to the Defendant City of San Diego's initial and amended pretrial disclosures.  *See* Dkts. 233, 237.

Under the Court's pretrial scheduling order, the City was required to serve and file the pretrial disclosures in accordance with Fed. R. Civ. P. 26(a)(3)(A) no later than June 2, 2026.  Dkt. 230 at 2.  The pretrial order further states: "**Failure to comply with these disclosure requirements could result in evidence preclusion**

**or other sanctions under Fed. R. Civ. P. 37.**" *Id.* (bold emphasis in original).

On June 2, 2026, the City filed its initial pretrial disclosures. *See* Dkt. 233. The City identified five witnesses it expects to call at trial: (1) Adam Love; (2) J. Michael Trapp; (3) Andrew Kleis; (4) Charles Modica; and (5) Benjamin Battaglia. The City designated no deposition testimony to offer at trial and attached its trial exhibit list. *Id.* at 2. Based on the City's initial filing, the United States objects to the following witnesses listed.

**J. Michael Trapp**: The City retained Dr. Trapp to offer opinions regarding alleged deficiencies in the Navy's investigation and remediation of the Boat Channel. As explained below, the Court ruled that Dr. Trapp's proposed expert testimony shall not be admitted at trial. Because his opinions were improper and not germane to determining the City's CERCLA liability for discharging hazardous substances into the Boat Channel, Trapp should not be permitted to offer the same opinions in connection with the sole remaining issue to be tried – the equitable allocation of the United States' CERCLA costs to the City. In addition, Dr. Trapp stated at his deposition that he was not addressing equitable allocation issues.

Dr. Trapp's Rule 26 reports contained three opinions: (1) the Navy conducted an inadequate site characterization of the Boat Channel; (2) the Navy's remediation of the Boat Channel did not meet current regulatory standards or address all possible environmental risks; and (3) the Navy did not properly remediate the Boat Channel sediments. *See* Dkt. 156-2 (Trapp report's table of contents). According to the description in the City's contentions memorandum, Dr. Trapp intends to offer the same opinions. *See* Dkt. 239 at 34 (stating that Trapp is expected to provide expert testimony about how the U.S. Navy allegedly "conducted an inadequate site characterization, the U.S. Navy's remediation did not meet current regulatory sediment framework, and that the U.S. Navy's dredge operations did not properly remediate the areas identified as impacted in the Remedial Action Plan.").

In March 2025, the United States filed a motion in limine to exclude Dr.

-2-                     Case No. 3:23-cv-00541-LL-VET
U.S. Objections to City's Pretrial Disclosures

Trapp's proposed expert testimony, along with Steven Johnson, another expert retained by the City. The motion explained that in accordance with CERCLA, judicial review should be limited to the administrative record that the Navy compiled for the Boat Channel response action. *See* Dkt. 156. On April 11, 2025, the City opposed the motion in limine, arguing among other things that the breach of contract claim should be viewed differently than the CERCLA claim, and that Trapp's opinions were relevant to the contract claim even if CERCLA limited review to the administrative record. *See* Dkt. 167 at 2. The Court rejected those assertions.

On March 13, 2026, the Court granted the United States' motion in limine to exclude Dr. Trapp's opinions and ruled that judicial review on the United States' CERCLA and contract claims must be limited to the administrative record. Dkt. 220 at 3-5 ("Therefore, Dr. Trapp and Mr. Johnson's testimonies shall be excluded as they constitute post-decisional material outside the administrative record."); *see also* Dkt. 184 at 12-14 (Torres, J., denying the City's motion to compel to conduct additional sampling in the Boat Channel, which the City argued was needed based on its experts' opinions).[1] In addition to excluding Trapp's opinions, the Court rejected the City's legal arguments in connection with several other related motions. *See, e.g.*, Dkt. 219 (Lopez, J., affirming the denial of the City's motion to compel and confirming the applicable scope of judicial review); Dkt. 222 (denying the City's motion to supplement the administrative record with excerpts from Trapp's Rule 26 report and other non-record items).

In late March 2026, the Court granted partial summary judgment in favor of the United States on the Navy's claim for CERCLA costs, concluding that the City raised no triable issue regarding the Navy's compliance with CERCLA's National Contingency Plan. *See* Dkt. 223 at 8-10. Similarly, the Court granted partial summary judgment on the United States' breach of contract claim and determined

---

[1] The ruling on the motion in limine applied to both Trapp and Johnson, but the City did not name Mr. Johnson as a trial witness in its pretrial disclosures.

that specific performance was appropriate to require the City to take ownership of the Boat Channel, as it agreed with the Navy.  Dkt. 224 at 22 ("The MOA requires the City to accept the transfer of the Boat Channel Parcels after the Navy completes its remediation and obtained site closure.").  The Court's dispositive rulings rejected the City's contention that the Navy did not adequately characterize the contamination in the Boat Channel sediment and remediate the areas that may have presented an environmental risk in accordance with CERCLA.  In sum, the Court's orders granting the United States' motion in limine to specifically exclude Trapp's opinions and the subsequent grants of summary judgment against the City demonstrate that there is no basis to admit Dr. Trapp's proposed testimony.

Moreover, equitable allocation of the United States' CERCLA costs is the only other issue that remains for trial.  *See* 42 U.S.C. § 9613(f)(1); Dkt. 238 at 2-4 (U.S. Contentions Memo).  When it opposed the United States' motion in limine, the City did not assert that Dr. Trapp's opinions had any relevance to the Court's equitable allocation of costs.  By failing to raise this argument, the City waived or forfeited reliance on it now.  *See Reyes v. Wells Fargo Bank*, Case No. CV-17-909-JFW (KKx), 2017 WL 11568871, at *4 (C.D. Cal Aug. 17, 2017) (failing to make an argument in an opposition brief normally is considered an abandonment of the issue); *El v. San Diego Unified School Dist.*, Case No. 20-cv-00257-AJB-AGS, 2021 WL 3240298, at *2 (S.D. Cal. Jun. 29, 2021) (same).

But even if the City's failure could be excused, the City should not be allowed to introduce Dr. Trapp's opinions under the guise that his excluded opinions would help the Court fairly allocate the CERCLA costs at issue.  Dr. Trapp testified under oath at his deposition that he did not address that question and was not providing any opinions regarding the division or equitable allocation of response costs.  *See* Ex. 1 to the Declaration of Michael C. Augustini attaching deposition excerpts.  The City is bound by its expert's disclaimer at the deposition.  And if Dr. Trapp's opinions were insufficient to disprove the City's CERCLA liability, the same

theories do not warrant consideration during the CERCLA cost allocation trial.

**Charles Modica**: Mr. Modica is described by the City as an Independent Budget Analyst for the City.  However, during the discovery phase of the case, the City did not disclose Mr. Modica as a person with knowledge or information that it may use to support its claims or defenses in the case, as required by Rule 26(a)(1)(A)(i).  *See* Dkt. 87 (establishing November 6, 2024 as the deadline for fact discovery); Exhibit 2 to the Augustini Declaration (attaching the City's discovery disclosure).  The City's pretrial filing provided no description of Mr. Modica's purported knowledge regarding the equitable allocation of the United States' CERCLA costs nor explained why it did not timely disclose him as a potential witness before fact discovery closed in November 2024.  *See* Dkt. 184 at 14 (noting the discovery deadline and that the City did not seek certain discovery prior to that deadline).  The United States did not have a reason to depose Mr. Modica, given the City's belated disclosure of him as a trial witness more than sixteen months after fact discovery concluded.  Accordingly, the City should not be permitted to call Mr. Modica at the CERCLA cost allocation trial and he should be stricken from the witness list.  *See Markson v. CRST Int'l, Inc.*, Case No. 5:17-cv-1261-SB (SPx), 2021 WL 5969519, at *3-4 (C.D. Cal. Nov. 23, 2021); Fed. R. Civ. P. 37(c)(1) (failing to provide a timely Rule 26(a)(1) disclosure precludes a party from calling a witness at trial, unless the failure was substantially justified or is harmless).

**Benjamin Battaglia**: Mr. Battaglia is described by the City as its Director of Finance and the City Comptroller.  Like Mr. Modica, however, the City did not disclose to the United States that Mr. Battaglia was a person with knowledge or information that it may use to support its claims or defenses, as required by Rule 26(a)(1)(A)(i).  The City has provided no description of Mr. Battaglia's relevant knowledge regarding equitable allocation of the CERCLA costs nor explained why it did not timely disclose him as a potential trial witness before the close of fact discovery over sixteen months ago.  In sum, the City's failure to comply with the

-5-                    Case No. 3:23-cv-00541-LL-VET
U.S. Objections to City's Pretrial Disclosures

Federal Rules of Civil Procedure's discovery requirements should preclude it from calling Mr. Battaglia as a witness at the equitable allocation trial. *See Markson*, 2021 WL 5969519, at *3-4; Fed. R. Civ. P. 37(c)(1).

On June 3, 2026, the City filed "amended" pretrial disclosures. Dkt. 237. In addition to the five witnesses listed in the June 2, 2026 disclosure, the City named seventeen additional witnesses it may call at trial. *Id.* at 3-5. The additional witnesses in the "amended" disclosure include: (1) David Gibson; (2) Chehreh Komeylyan; (3) Sean McClain; (4) Kristin Schwall; (5) Rene Luis Cardinale; (6) Lonie Cyr; (7) Amy Jo Hill; (8) Janet Lear; (9) Thomas Macchiarella; (10) Anthony Megliola; (11); Doug Campbell (12) Victoria Kalkirtz-Moore; (13); Ruth Kolb; (14) Amanda M. Parra; (15) Andre Sonksen; (16) Peter Vroom; and (17) Marc Webb. As with its June 2 filing, the City designated no deposition testimony and attached what appears to be the same exhibit list to the amended disclosure.

The City did not comply with Rule 26(a)(1)(A)(i) regarding **Sean McClain**, an employee of the San Diego Regional Water Quality Control Board. During the discovery period, the City did not disclose that it believed Mr. McClain was a person who had relevant knowledge or information and that the City would seek to call him as a witness to support its claims or defenses in this action. For the reasons noted above, the City should be precluded from calling Mr. McClain as a witness. *See Markson*, 2021 WL 5969519, at *3-4; Fed. R. Civ. P. 37(c)(1).

As for the City's list of **trial exhibits**, the United States' objections are included on the attachment included with this filing. *See* Exhibit 3 to the Augustini Declaration. The United States reserves the right to amend or add objections based on the City's subsequent assertions and as otherwise provided by the Federal Rules of Civil Procedure and the Court's orders.

Respectfully Submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

Dated: June 16, 2026

/s/ *Michael C. Augustini*
STEFAN J. BACHMAN (SC Bar No. 102182)
BRIAN SCHAAP (DC Bar No. 1780655)
Environmental Enforcement Section
MICHAEL C. AUGUSTINI (DC Bar No. 452526)
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 616-6536
Stefan.bachman@usdoj.gov
Brian.Schaap@usdoj.gov
Michael.augustini@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General, Civil Division
MARCUS SACKS
ALASTAIR M. GESMUNDO (CABN 316573)
SAMUEL F. HOBBS (AL Bar No. 9776O19E)
Commercial Litigation Branch
Corporate Financial Litigation Section
P.O. Box 875, Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-8077

***Attorneys for Plaintiff and Counterclaim-Defendant United States of America***

Case No. 3:23-cv-00541-LL-VET
U.S. Objections to City's Pretrial Disclosures