UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

CITY OF SAN DIEGO, et al.,
Defendants.

AND RELATED CROSS-ACTION.

Case No.: 23cv0541-LL-VET

**ORDER DENYING IN PART THE UNITED STATES' OBJECTIONS TO THE CITY'S EXPERT WITNESS DR. TRAPP**

[ECF Nos. 240, 247, 249]

For the following reasons, the Court **DENIES IN PART** Plaintiff United States of America's ("United States") objections to Defendant City of San Diego's ("City") expert witness Dr. J. Michael Trapp. Specifically, Dr. Trapp may testify about the Navy's investigation of the hazardous substance, but he may not testify about the Navy's remediation.

According to the Parties' Proposed Pretrial Order submitted to the Court, Dr. Trapp is expected to testify about how (1) the U.S. Navy conducted an inadequate site characterization, (2) the Navy's remediation did not meet current regulatory sediment framework, and (3) the Navy's dredge operations did not properly remediate the areas identified as impacted in the Remedial Action Plan. The United States objects to Dr. Trapp

because this Court had previously granted the United States' motion to exclude Dr. Trapp based on CERCLA's administrative record restriction [ECF No. 220]. The Court asserts that the administrative record restriction does not apply to the remaining issue of cost allocation among potentially responsible parties ("PRPs").

First, the Court agrees with the City that the administrative record restriction only applies to issues concerning the adequacy of a response action, i.e. remediation, and does not apply to the cost allocation analysis. "[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Here, Congress chose to limit "judicial review of any issues concerning the adequacy of any response action taken or ordered by the President . . . to the administrative record." 42 U.S.C. § 9613(j)(1). In contrast, Congress did not include such limitation when discussing allocation of recovery costs among the PRPs. *See* 42 U.S.C. § 9613(f)(1). Instead, the statute allows the court to "allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id.* Thus, the Court finds that CERCLA's administrative record restriction under § 9613(j)(1) does not apply to the cost allocation analysis under § 9613(f)(1).

However, the Court finds that Dr. Trapp's opinions about the Navy's remediation should be excluded because they are not relevant to the cost allocation analysis. When allocating recovery costs under CERCLA, "a court may consider several factors, a few factors, or only one determining factor, . . . depending on the totality of the circumstances presented to the court." *Env't Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 509 (7th Cir. 1992). Many courts, including the district courts in the Ninth Circuit, use the "Gore factors," which are "neither an exhaustive nor exclusive list." *Env't Transp.*, 969 F.2d at 509; *see also TDY Holdings, LLC v. United States*, 885 F.3d 1142, 1146 n.1 (9th Cir. 2018). The Gore Factors are:

(i) the ability of the parties to demonstrate that their contribution to a discharge, release or disposal of a hazardous waste can be

distinguished;
(ii) the amount of the hazardous waste involved;
(iii) the degree of toxicity of the hazardous waste involved;
(iv) the degree of involvement by the parties in the generation, transportation, treatment, storage, or disposal of the hazardous waste;
(v) the degree of care exercised by the parties with respect to the hazardous waste concerned, taking into account the characteristics of such hazardous waste; and
(vi) the degree of cooperation by the parties with the Federal, State or local officials to prevent any harm to the public health or the environment.

*TDY Holdings*, 885 F.3d at 1146 n.1. Courts also consider the "Torres Factors," which are:

(i) the financial resources of the liable parties;
(ii) the extent of the benefit that the parties received from the hazardous waste disposal practices;
(iii) the extent of the parties' knowledge and awareness of the environmental contamination of the site; and
(iv) the efforts made, if any, to prevent environmental harm and the efforts made to settle the case.

*United States v. Davis*, 31 F. Supp. 2d 45, 63 (D.R.I. 1998), *aff'd*, 261 F.3d 1 (1st Cir. 2001).

In other words, courts consider a range of factors concerning the *release* of hazardous substances: the amount of hazardous waste, the degree of toxicity of the hazardous waste, the efforts made to prevent environmental harm, and so on. In contrast, Dr. Trapp's testimony about how the Navy's remediation did not meet the current regulatory framework or how the Navy did not properly remediate certain areas concerns actions that occurred *after* the release of hazardous substances. Therefore, the Court finds that Dr. Trapp's opinions about the Navy's remediation are not relevant to this Court's analysis of how to equitably allocate cleanup costs among the parties responsible for the *release* of hazardous substances.

Nevertheless, the Court will allow Dr. Trapp to testify about the Navy's investigation as they may be relevant. For instance, Dr. Trapp's opinion as to whether the Navy conducted an adequate site characterization of the Boat Channel may provide an insight

into "the amount of the hazardous waste involved," "the degree of involvement by the parties in the generation, transportation, treatment, storage, or disposal of the hazardous waste," and "the extent of the parties' knowledge and awareness of the environmental contamination of the site." Therefore, this Court will allow Dr. Trapp's testimony regarding the Navy's investigation.

Accordingly, the Court **DENIES IN PART** the United States' objections.

**IT IS SO ORDERED.**

Dated: October 21, 2026

Honorable Linda Lopez
United States District Judge