UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

CITY OF SAN DIEGO, et al.,
Defendants.

AND RELATED CROSS AND COUNTERCLAIMS.

Case No.: 23cv0541-LL-VET

**ORDER DENYING CITY OF SAN DIEGO'S MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL**

[ECF No. 227]

Before the Court is Defendant City of San Diego's ("City") Motion for Certification for Immediate Appeal ("Motion"). ECF No. 227. Plaintiff United States of America ("United States") filed an opposition [ECF No. 231] and the City filed a reply [ECF No. 232]. For the reasons below, the Court **DENIES** the City's Motion.

## I. DISCUSSION

The City asks the Court to enter a final judgment on this Court's March 30, 2026 order [ECF No. 224] under Federal Rule of Civil Procedure 54(b). *See* ECF No. 227 at 2–5. The City also seeks to certify for appeal under 28 U.S.C. § 1292(b) the question of whether 42 U.S.C. § 9613(j) applies to the United States' counterclaim-in-reply for breach

of contract under the parties' Memorandum of Agreement ("MOA"). *Id.* at 5–9. The United States argues that neither of the City's requests meets the demanding standard for an immediate appeal. *See generally* ECF No. 231. The Court agrees.

**A. Rule 54(b) Certification**

Under the final judgment rule, "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Couch v. Telescope*, 611 F.3d 629, 632 (9th Cir. 2010) (citations omitted); *see also* 28 U.S.C. § 1291 (a court of appeal has jurisdiction over appeals from "final decisions of the district courts of the United States"). Rule 54(b) authorizes courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54 (emphasis added). In fact, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Moreover, an entry of judgment under Rule 54(b) must be supported by "specific findings," which "should include a determination whether . . . the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Id.* "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule." *Id.*

Here, the City asks the Court to enter a final judgment on this Court's March 30, 2026 Order, which granted the United States' motion and denied the City's motion for partial summary judgment on the United States' counterclaim for breach of contract [ECF No. 224]. *See* ECF No. 227 at 2–5. The City contends that the United States' counterclaim is distinct from the remaining CERCLA claims and therefore "has no impact on the remaining claims in the case." *Id.* at 3. However, as the City concedes (*id.* at 3), compliance with the MOA overlaps with compliance under CERCLA. As a matter of fact, when analyzing the United States' breach of contract counterclaim, this Court concluded that the

Navy's obligation under the MOA (in which the breach of contract counterclaim arises under) mirrored its obligation under CERCLA. *See* ECF No. 224 at 13. As a result, the Court had to examine whether the Navy had performed its remedial obligation under CERCLA in order to determine whether the Navy had performed its obligations under the MOA. *Id.* at 19–21. Therefore, the breach of contract counterclaim "is not 'separate and distinct' from the remainder of the counts in the complaint, but is based on a single set of facts giving rise to a legal right of recovery under several different remedies." *Arizona State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991) (finding that the plaintiff's claims for punitive and compensatory damages were indivisible for Rule 54(b) purposes because they required proof of the same facts); *cf. Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (finding that the plaintiff's claims for response costs and for natural resource damages "present multiple claims because each requires a factual showing not required by the other").

Thus, the Court finds that the United States' breach of contract counterclaim and its remaining CERCLA claims constitute one claim for purposes of Rule 54(b) because they require proof of the same facts. And if the Court were to enter a separate judgment for the United States' breach of contract counterclaim, the Ninth Circuit would have to revisit overlapping legal and factual issues in successive appeals. Therefore, the Court does not find good cause to enter a separate judgment under Rule 54(b). Accordingly, the City's motion for certification of the Court's March 30, 2026 Order under Rule 54(b) is **DENIED**.

**B. 28 U.S.C. § 1292(b) Certification**

In addition to Rule 54(b) certification, the City asks the Court to certify for immediate appeal under 28 U.S.C. § 1292(b) the question of whether 42 U.S.C. § 9613(j) applies to the United States' claim for breach of contract under the parties' MOA. *See* ECF No. 227 at 5–9.

Under 28 U.S.C. § 1292(b), certification is appropriate when the order (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate

termination of the litigation." Even when these criteria are met, certification is appropriate "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). This exception to the final judgment rule "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and "applied sparingly," *In re Cement*, 673 F.2d at 1027. The party seeking the interlocutory appeal bears the burden of establishing that all three of the requirements for certification are met. *Couch*, 611 F.3d at 633.

The Court agrees with the United States that an immediate appeal would not materially advance the ultimate termination of this litigation. *See* ECF No. 231 at 9. As the City correctly points out, "the materially advance prong is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022). Here, the resolution of the question at issue will not shorten the time, effort, or expense of conducting the court proceedings because the question only applies to the United States' counterclaim for breach of contract (which has already been adjudicated). Indeed, regardless of the resolution of the question at issue, the United States' remaining claims will proceed to trial in less than a month. Thus, an interlocutory appeal would not accelerate the pace of this litigation, minimize either party's burden, or narrow the issues for trial. Accordingly, the City's motion for certification for immediate appeal under 28 U.S.C. § 1292(b) is **DENIED**.

## II. CONCLUSION

Accordingly, the Court **DENIES** the City's Motion for Certification.

**IT IS SO ORDERED.**

Dated: October 29, 2026

Honorable Linda Lopez
United States District Judge